IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:17-CV-00652

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br><br> Defendant. | **ANSWER** |

Defendant Frito-Lay North America, Inc. ("Frito-Lay"), by and through its attorneys, submits its Answer to the Complaint of Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC (together, "Plaintiffs" or "Snyder's-Lance") and responds as follows:[1]

### Response to "PRELIMINARY STATEMENT"

1. Paragraph 1 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required. Nevertheless, Frito-Lay admits that it has challenged the validity of the term PRETZEL CRISPS as a trademark on the grounds that it is generic, or, in the alternative, highly descriptive with no secondary meaning, and that it filed proceedings at the Trademark Trial and Appeal Board ("TTAB") to cancel Plaintiffs' trademark registration for PRETZEL CRISPS on the Supplemental Register (Registration No. 2,980,303) and to oppose Plaintiffs' application to register PRETZEL CRISPS on the Principal Register (Application Ser. No. 76/700,802). Frito-Lay further admits that on September 6, 2017, the TTAB issued a final decision, finding that PRETZEL CRISPS is generic when used in connection with "pretzel

---

[1] For ease of reference, the numbered paragraphs and headings in this Answer correspond to the paragraph numbers and headings in Plaintiffs' Complaint.

crackers," and granting Frito-Lay's petition for cancellation and sustaining its opposition on that ground. In the alternative, the TTAB sustained Frito-Lay's opposition on the ground that PRETZEL CRISPS is highly descriptive and has not acquired distinctiveness as required under the Lanham Act. Frito-Lay denies that the TTAB's decision is wrong as a matter of fact and law. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and thus denies them.

2. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint and thus denies them.

3. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint and thus denies them.

4. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of Plaintiffs' Complaint and thus denies them.

5. Frito-Lay responds that it was contacted in the fall of 2011 by representatives for Snack Factory to discuss the company. The discussion occurred two years after the opposition and cancellation proceedings commenced at the TTAB. Frito-Lay lacks knowledge or information to form a belief about other companies "express[ing] an interest in acquiring "the PRETZEL CRISPS brand." Frito-Lay denies the remaining allegations in Paragraph 5 of Plaintiffs' Complaint and states that they have no basis in fact.

6. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint and thus denies them.

7. Frito-Lay denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Frito-Lay admits that in 2014, the TTAB ruled in Frito-Lay's favor, holding that PRETZEL CRISPS is generic for pretzel crackers, and that Princeton Vanguard, LLC (and not

Snyder's-Lance, Inc.) appealed that ruling to the U.S. Court of Appeals for the Federal Circuit. Frito-Lay denies any remaining allegations in Paragraph 8 of Plaintiffs' complaint.

9. With respect to Paragraph 9 of Plaintiffs' Complaint, Frito-Lay states that the Federal Circuit's written opinion speaks for itself, and as such, Frito-Lay denies Plaintiffs' characterizations of the same.

10. With respect to Paragraph 10 of Plaintiffs' Complaint, Frito-Lay admits that on remand, the TTAB again held that PRETZEL CRISPS is generic when used in connection with pretzel crackers, and, alternatively, that PRETZEL CRISPS is descriptive and has not acquired distinctiveness, and that the TTAB cancelled Plaintiffs' registration and sustained Frito-Lay's opposition to Plaintiffs' application. Frito-Lay denies the remaining allegations in this paragraph.

11. Paragraph 11 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required.

12. Frito-Lay denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

### Response to "JURISDICTION AND VENUE"

13. Paragraph 13 of Plaintiffs' Complaint states legal conclusions to which no response is required.

14. The allegations in the first sentence of Paragraph 14 of Plaintiffs' Complaint state a legal conclusion to which no response is required. Frito-Lay admits the remaining allegations in this paragraph.

15. Frito-Lay admits that it promotes and sells its products in this District and that its parent company is incorporated in North Carolina. Frito-Lay denies that Snyder's-Lance, Inc. owns the PRETZEL CRISPS trademark registration and application at issue in this case, as the owner of record of both at the U.S. Patent and Trademark Office ("USPTO") is Princeton Vanguard, LLC. The remaining statements in Paragraph 15 are legal conclusions to which no

response is required.

## Response to "THE PARTIES"

16. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and thus denies them.[2]

17. Frito-Lay admits the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Frito-Lay admits the allegations in Paragraph 18 of Plaintiffs' Complaint.

## Response to "U.S. PATENT & TRADEMARK OFFICE PROCEEDINGS AND HISTORY" and remaining sections

19. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and thus denies them.

20. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint and thus denies them.

21. Frito-Lay admits that the USPTO granted registration for PRETZEL CRISPS, Registration No. 2,980,303, on the Supplemental Register on July (not June) 26, 2005.

22. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint and thus denies them.

23. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint and thus denies them.

24. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of Plaintiffs' Complaint and thus denies them.

25. Frito-Lay admits the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Frito-Lay admits that in the consolidated proceeding before the TTAB, Frito-Lay

---

[2] Frito-Lay notes that according to Plaintiffs' Corporate Disclosure Statement filed on March 30, 2018 [Dkt. #9], Snyder's-Lance, Inc. is a wholly-owned subsidiary of Pepperidge Farm Inc., which is in turn a wholly-owned subsidiary of Campbell Soup Company.

argued that the term "pretzel crisps" is generic, that the term is so highly descriptive as to be incapable of acquiring distinctiveness (secondary meaning), and that the term has in fact not acquired distinctiveness.

27. With respect to Paragraph 27 of Plaintiffs' Complaint, Frito-Lay admits that on February 28, 2014, the TTAB issued a decision finding PRETZEL CRISPS generic. Frito-Lay denies the remaining allegations and characterizations in this paragraph.

28. With respect to Paragraph 28 of Plaintiffs' Complaint, Frito-Lay admits that "pretzel crackers" is also a generic term for the product category. Frito-Lay denies the remaining allegations in Paragraph 28 of Plaintiffs' Complaint.

29. With respect to Paragraph 29 of Plaintiffs' Complaint, Frito-Lay denies that the Federal Circuit "reversed" the TTAB's 2014 decision; rather, the Court vacated the decision and remanded the case to the TTAB. Frito-Lay also clarifies that it was Princeton Vanguard, LLC (and not Snyder's-Lance, Inc.) that appealed the TTAB decision to the Federal Circuit. The Federal Circuit's written opinion speaks for itself, and as such, Frito-Lay denies Plaintiffs' characterizations of the same in this paragraph.

30. With respect to Paragraph 30 of Plaintiffs' Complaint, Frito-Lay states that the Federal Circuit's written opinion speaks for itself, and as such, Frito-Lay denies Plaintiffs' characterization of the same.

31. With respect to Paragraph 31 of Plaintiffs' Complaint, Frito-Lay states that the Federal Circuit's written opinion speaks for itself, and as such, Frito-Lay denies Plaintiffs' characterizations of the same.

32. Frito-Lay denies the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Frito-Lay denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Frito-Lay denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. With respect to the allegations in Paragraph 35 of Plaintiffs' Complaint, Frito-Lay states that the TTAB's decision and consideration of the survey evidence speaks for itself. The TTAB's conclusion that the survey results are not relevant or probative on the issue of genericness specifically followed and is consistent with the law of the Fourth Circuit (among other courts), including its citation to *Hunt Masters, Inc. v. Landry's Seafood Restaurant, Inc.*, 240 F.3d 251, 255 (4th Cir. 2001) ("Hunt does not claim to have first coined the term 'crab house.' Therefore, it is not necessary to determine whether the term has become generic through common use, rendering Hunt's customer survey irrelevant."). Frito-Lay denies the remaining allegations in this paragraph.

36. Frito-Lay denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Frito-Lay denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Frito-Lay denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of Plaintiffs' Complaint and thus denies them.

40. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of Plaintiffs' Complaint and thus denies them.

41. Frito-Lay admits that it has not petitioned to cancel the registration for BAGEL CRISPS at the USPTO. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 of Plaintiffs' Complaint and thus denies them.

42. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of Plaintiffs' Complaint and thus denies them.

43. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 43 of Plaintiffs' Complaint and thus denies them.

44. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of Plaintiffs' Complaint and thus denies them.

45. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint and thus denies them.

46. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of Plaintiffs' Complaint and thus denies them.

47. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of Plaintiffs' Complaint and thus denies them.

48. Frito-Lay denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of Plaintiffs' Complaint and thus denies them.

50. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of Plaintiffs' Complaint and thus denies them.

51. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of Plaintiffs' Complaint and thus denies them.

52. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of Plaintiffs' Complaint and thus denies them.

53. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of Plaintiffs' Complaint and thus denies them.

54. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of Plaintiffs' Complaint and thus denies them.

55. Frito-Lay denies the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Frito-Lay denies the allegations in Paragraph 56 of Plaintiffs' Complaint.

57. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of Plaintiffs' Complaint and thus denies them.

58. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of Plaintiffs' Complaint and thus denies them.

59. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of Plaintiffs' Complaint and thus denies them.

60. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of Plaintiffs' Complaint and thus denies them.

61. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of Plaintiffs' Complaint and thus denies them.

62. Frito-Lay denies the allegations in Paragraph 62 of Plaintiffs' Complaint.

63. Frito-Lay denies the allegations in Paragraph 63 of Plaintiffs' Complaint.

64. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of Plaintiffs' Complaint and thus denies them.

65. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of Plaintiffs' Complaint and thus denies them.

66. Frito-Lay denies the allegations in Paragraph 66 of Plaintiffs' Complaint.

67. Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of Plaintiffs' Complaint and thus denies them.

68. With respect to Paragraph 68, Frito-Lay admits that it has introduced pretzel cracker products and that it has not yet used "pretzel crisps" to describe those products—it has been hindered from doing so because of Plaintiffs' improper registration of that term. Frito-Lay denies

any remaining allegations in Paragraph 68 of Plaintiffs' Complaint.

69. With respect to Paragraph 69 of Plaintiffs' Complaint, Frito-Lay denies that Kraft "acknowledg[ed] Princeton Vanguard's rights in the PRETZEL CRISPS mark." Frito-Lay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and thus denies them.

70. Frito-Lay denies the allegations in Paragraph 70 of Plaintiffs' Complaint.

## COUNT ONE

### Appeal From Decision Of The Trademark Trial And Appeal Board
### Pursuant To 15 U.S.C. § 1071(b))

71. Frito-Lay incorporates by reference its responses in the above paragraphs as if fully set forth herein.

72. Paragraph 72 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required. Frito-Lay denies that the TTAB decision was erroneous.

73. Paragraph 73 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

74. Frito-Lay denies the allegations in Paragraph 74 of Plaintiffs' Complaint.

75. Frito-Lay admits the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. Paragraph 76 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required.

77. Paragraph 77 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required. Frito-Lay denies that Plaintiffs are entitled to any of the relief sought in this paragraph.

## COUNT TWO

### Request For Declaratory Judgment
### Pursuant To 28 U.S.C. §§ 2201 And 2202

78. Frito-Lay incorporates by reference its responses in the above paragraphs as if fully set forth herein.

79. Frito-Lay admits the allegations in this paragraph.

80. Paragraph 80 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

81. Paragraph 81 of Plaintiffs' Complaint sets forth Plaintiffs' statement of the case to which no response is required. Frito-Lay denies that Plaintiffs are entitled to any of the relief sought in this paragraph.

### Response to "PRAYER FOR RELIEF"

Frito-Lay denies that Plaintiffs are entitled to the relief requested in their "Prayer for Relief" and accompanying subparagraphs.

### AFFIRMATIVE DEFENSES

A. Plaintiff Snyder's-Lance, Inc. has failed to state a claim upon which relief can be granted to it under 15 U.S.C. § 1071, because Snyder's-Lance, Inc. is not, with respect to the marks at issue in this case, "[a]n applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 1058 of this title or section 1141k of this title, or an applicant for renewal," as required to bring an appeal of a TTAB decision under that statute.

B. Plaintiff Snyder's-Lance, Inc. lacks standing to appeal under 15 U.S.C. § 1071, because Snyder's-Lance, Inc. is not, with respect to the marks at issue in this case, "[a]n applicant

for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 1058 of this title or section 1141k of this title, or an applicant for renewal," as required to bring an appeal of a TTAB decision under that statute.

## **DEFENDANT'S PRAYER**

Having fully answered the allegations in Plaintiffs' Complaint, Defendant Frito-Lay respectfully requests that this Court deny the relief requested by Plaintiffs and affirm the September 6, 2017 decision of the TTAB finding that PRETZEL CRISPS is generic or highly descriptive with no acquired distinctiveness, cancel Plaintiffs' registration for PRETZEL CRISPS on the Supplemental Register, and sustain Frito-Lay's opposition to registration of PRETZEL CRISPS on the Principal Register. Frito-Lay further requests that the Court grant such other relief as it may deem just and proper.

This the 30th day of August, 2018.

/s/ Alice C. Richey
Alice C. Richey
N.C. State Bar No.: 13677

ALEXANDER RICKS PLLC
4601 Park Road, Suite 580
Charlotte, North Carolina 28209
Telephone:  (980) 335-0720
Facsimile:  (704) 365-3676
alice@alexanderricks.com

William G. Barber (admitted *pro hac vice)*
David E. Armendariz (admitted *pro hac vice*)
PIRKEY BARBER PLLC
600 Congress Ave.; Suite 2120
Austin, Texas 78701
Telephone: (512) 482-5223
Facsimile: (512) 322-5201
bbarber@pirkeybarber.com
darmendariz@pirkeybarber.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David H. Bernstein
James J. Pastore, Jr.
Jared I. Kagan
Michael Compton McGregor
DEBEVOICE & PLIMPTON LLP
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

Alexander Miller Pearce
Jonathan Drew Sasser
ELLIS & WINTERS, LLP
alex.pearce@elliswinters.com
jon.sasser@elliswinter.com

This 30th day of August, 2018.

        ALEXANDER RICKS PLLC

          /s/ Alice C. Richey
        Alice C. Richey
        N.C. State Bar No.: 13677

        4601 Park Road, Suite 580
        Charlotte, North Carolina 28209
        Telephone: (980) 335-0720
        Facsimile: (704) 365-3676
        alice@alexanderricks.com

        Attorneys for Defendant