The word, CRISPS describes firm but easily broken or crumbles, which is a feature of the Applicant's crackers. *See attached definition. See attached* Registrations where this Office has disclaimed the word, CRISPS.

A disclaimer does *not* physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing. The following cases explain the disclaimer requirement more fully: *Dena Corp. v. Belvedere Int'l Inc.*, 950 F.2d 1555, 21 USPQ2d 1047 (Fed. Cir. 1991); *In re Kraft, Inc.*, 218 USPQ 571 (TTAB 1983); *In re EBS Data Processing, Inc.*, 212 USPQ 964 (TTAB 1981); *In re National Presto Industries, Inc.*, 197 USPQ 188 (TTAB 1977).

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

No claim is made to the exclusive right to use CRISPS apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

If the Applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned Trademark Examining Attorney directly at the number below.

Odessa Bibbins
/Odessa Bibbins/
Trademark Attorney
Law Office 113
Telephone: 571-272-9425
Fax: 571-273-9425

## HOW TO RESPOND TO THIS OFFICE ACTION:
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 6 04:35:46 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:          OR   Jump   to record:          **Record 41 out of 74**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# RAINCOAST CRISPS

| | |
|---|---|
| **Word Mark** | RAINCOAST CRISPS |
| **Goods and Services** | IC 030. US 046. G & S: (Based on Use in Commerce) Crackers(Based on 44(e)) Crackers. FIRST USE: 20060000. FIRST USE IN COMMERCE: 20060000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85004377 |
| **Filing Date** | April 1, 2010 |
| **Current Basis** | 1A;44E |
| **Original Filing Basis** | 1A;44E |
| **Published for Opposition** | March 22, 2011 |
| **Registration Number** | 3972819 |
| **Registration Date** | June 7, 2011 |
| **Owner** | (REGISTRANT) Stowe, Lesley INDIVIDUAL CANADA 100-13955 Bridgeport Road Richmond, BC CANADA V6V1J6 |
| **Attorney of Record** | David A. Lowe |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRISPS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

Attachment - 34
Attachment - 35
Attachment - 36
Attachment - 37
Attachment - 38
Attachment - 39
Attachment - 40
Attachment - 41
Attachment - 42
Attachment - 43
Attachment - 44
Attachment - 45
Attachment - 46
Attachment - 47
Attachment - 48

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     85004377

**MARK:** RAINCOAST CRISPS

**CORRESPONDENT ADDRESS:**
DAVID A. LOWE
BLACK LOWE & GRAHAM
701 5TH AVE STE 4800
SEATTLE, WA 98104-7009

# *85004377*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**     Stowe, Lesley

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
STOW-2-1006
**CORRESPONDENT E-MAIL ADDRESS:**
lowe@blacklaw.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:** Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. *See* 37 C.F.R. §2.23(a)(1). For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. In appropriate situations and where all issues can be resolved by amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## ISSUES THAT APPLICANT MUST ADDRESS

- Refusal to register based on Section 2(d) refusal/likelihood of confusion

- Disclaimer of "crisps" apart from the mark as shown

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3298661 and 3298662. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registrations.

The applicant has applied to register RAINCOAST CRISPS (standard character mark) for "crackers." The registered marks are:

1. RAINCOAST TRADING (typed mark) for "Seafood products, namely, dried seafood and smoked seafood; frozen and unfrozen prepared meals, entrees, appetizers and frozen and unfrozen snacks consisting primarily of seafood; seafood, namely, soup and chowders" (Reg. No. 3298661); and

2. RAINCOAST TRADING (typed mark) for 'Retail outlet services and wholesale distributorship services featuring seafood products, namely, dried seafood and smoked seafood, frozen and unfrozen prepared meals, entrees, appetizers and frozen and unfrozen snacks consisting primarily of seafood, seafood, namely, soup and chowders, seafood sauces, seafood seasonings, seafood batters, seafood breading and seafood chips, natural food extracts derived from marine-by-products and organisms such as fish, fish fertilizer, fish oil, marine collagen, fish protein, algae, seaweed, fish or shark cartilage and sea shells for use as dietary supplements, maple syrup products, namely, maple syrup, maple candies, maple chocolates, maple sugar, maple butter, maple taffy, maple fudge and maple jelly, and seafood products, namely, fresh seafood, canned seafood and frozen seafood" (Reg. No. 3298662).

100

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d). *See* TMEP §1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Rest. Enters., Inc.*, 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 *et seq.*

## Comparison Of The Marks

In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation and commercial impression. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *see* TMEP §1207.01(b).

In the present case, the first word in the applicant's mark is identical to the first word in both of the cited marks, i.e., RAINCOAST. The fact that in the applicant's mark, RAINCOAST is followed by CRISPS, but in the cited marks, RAINCOAST is followed by TRADING, does not obviate the likelihood of confusion. In each case, RAINCOAST is the dominant portion of the mark. It is the dominant portion of the mark, first, because it is the first word in each mark. Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Mattel Inc. v. Funline Merch. Co.*, 81 USPQ2d 1372, 1374-75 (TTAB 2006); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

Furthermore, the additional wording in each case is merely descriptive as applied to the goods or services, therefore, it either has been or will be disclaimed (please see disclaimer requirement below). Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. Disclaimed matter is typically less significant or less dominant when comparing marks. *See In re Dixie Rests. Inc.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1060, 224 USPQ 749, 752 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii).

## Comparison Of The Goods/Services

101

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

Applicant's goods are related to the registrant's goods because they are all in the nature of food items that may be offered in the same or similar channels of trade, e.g., grocery stores, seafood stores, etc., to the same or similar customers.

Furthermore, the relationship between the applicant's goods and the registrant's goods is seen in that it is common for a single entity to use the same mark to identify the source of crackers on the one hand and seafood, including fish, on the other hand. In this regard, attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely, crackers and seafood, are of a kind that may emanate from a single source. *In re Infinity Broad. Corp.*, 60 USPQ2d 1214, 1217-18 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

Please see attached U.S. Reg. Nos. 3259038, 2172204, 3628854, 3480645, 2892025 and 3050845.

As to the applicant's goods vis-à-vis the registrant's services, please note that consumers are likely to be confused by the use of similar marks on or in connection with goods and with services featuring or related to those goods. TMEP §1207.01(a)(ii); *see In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988) (holding BIGG'S for retail grocery and general merchandise store services likely to be confused with BIGGS for furniture); *In re United Serv. Distribs., Inc.*, 229 USPQ 237 (TTAB 1986) (holding design for distributorship services in the field of health and beauty aids likely to be confused with design for skin cream); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (holding 21 CLUB for various items of men's, boys', girls' and women's clothing likely to be confused with THE "21" CLUB (stylized) for restaurant services and towels); *In re U.S. Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (holding CAREER IMAGE (stylized) for retail women's clothing store services and clothing likely to be confused with CREST CAREER IMAGES (stylized) for uniforms); *Steelcase Inc. v. Steelcare Inc.*, 219 USPQ 433 (TTAB 1983) (holding STEELCARE INC. for refinishing of furniture, office furniture, and machinery likely to be confused with STEELCASE for office furniture and accessories); *Mack Trucks, Inc. v. Huskie Freightways, Inc.*, 177 USPQ 32 (TTAB 1972) (holding similar marks for trucking services and on motor trucks and buses likely to cause confusion).

Finally, please note that if the marks of the respective parties are identical, or very similar, as they are here, the relationship between the goods and/or services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *In re Opus One Inc.*, 60 USPQ2d 1812, 1815 (TTAB 2001); *Amcor, Inc. v. Amcor Indus., Inc.*, 210 USPQ

70, 78 (TTAB 1981); TMEP §1207.01(a).

Since the marks are similar and the goods/services are related, there is a likelihood of confusion as to the source of applicant's goods/services. Therefore, applicant's mark is not entitled to registration.

**Response Guidelines for This Refusal**

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

If the marks in the cited registrations have been assigned to applicant, applicant can provide evidence of ownership of the marks by satisfying one of the following:

> (1) Record the assignment with the Office's Assignment Services Branch (ownership transfer documents such as assignments can be filed online at http://etas.uspto.gov) and promptly notify the trademark examining attorney that the assignment has been duly recorded;

(2) Submit copies of documents evidencing the chain of title; or

> (3) Submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"Applicant is the owner of U.S. Registration Nos. 3298661 and 3298662."**

TMEP §812.01; *see* 15 U.S.C. §1060; 37 C.F.R. §§2.193(e)(1), 3.25, 3.73; TMEP §502.02(a).

Merely recording a document with the Assignment Services Branch does not constitute a response to an Office action. TMEP §503.01(d).

If the applicant chooses to respond to the above refusal, the applicant must also address the following requirement:

**REQUIREMENT**

**DISCLAIMER REQUIRED**

Applicant must disclaim the descriptive wording "CRISPS" apart from the mark as shown because it merely describes the nature of the applicant's goods. *See* 15 U.S.C. §1056(a); TMEP §§1213, 1213.03(a).

The word "crisps" is defined as "something crisp or easily crumbled" (please see the attached definition from The Free Dictionary, downloaded from the internet on 5/29/10). As the attached evidence from the applicant's website and from the Fine Cooking website demonstrate, the applicant's goods are crunchy, artisan crackers, thus, they are crisp in texture. In view of the foregoing, "CRISPS" is merely descriptive as applied to the applicant's goods, therefore, exclusive rights to "CRISPS" must be disclaimed.

In further support of the disclaimer requirement, attached hereto are representative registrations from the Trademark Office's database of federally registered marks including the word "CRISPS" for food items, in which that term was disclaimed.

The Office can require an applicant to disclaim an unregistrable part of a mark consisting of particular wording, symbols, numbers, design elements, or combinations thereof. 15 U.S.C. §1056(a). Under Trademark Act Section 2(e), the Office can refuse registration of an entire mark if the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods and/or services. 15 U.S.C. §1052(e). Thus, the Office may require an applicant to disclaim a portion of a mark that, when used in connection with the goods and/or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic). *See* TMEP §§1213, 1213.03.

Failure to comply with a disclaimer requirement can result in a refusal to register the entire mark. TMEP §1213.01(b).

A "disclaimer" is a statement that applicant does not claim exclusive rights to an unregistrable component of a mark. TMEP §1213. A disclaimer does not affect the appearance of the applied-for mark. *See* TMEP §1213.10.

A disclaimer does not physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing. TMEP §§1213, 1213.10.

The following cases further explain the disclaimer requirement: *Dena Corp. v. Belvedere Int'l Inc.*, 950 F.2d 1555, 21 USPQ2d 1047 (Fed. Cir. 1991); *In re Brown-Forman Corp.*, 81 USPQ2d 1284 (TTAB 2006); *In re Kraft, Inc.*, 218 USPQ 571 (TTAB 1983).

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

**No claim is made to the exclusive right to use "CRISPS" apart from the mark as shown.**

TMEP §1213.08(a)(i); *see In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

## RESPONSE GUIDELINES

There is no required format or form for responding to an Office action. The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html. If applicant responds on paper via regular mail, the response should include the title "Response to Office Action" and the following information: (1) the name and law office number of the examining attorney, (2) the serial number and filing date of the application, (3) the date of issuance of this Office action, (4) applicant's name, address, telephone number and e-mail address (if applicable), and (5) the mark. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

In the response, applicant should explicitly address each refusal and/or requirement raised in the Office action. If a refusal has issued, applicant may wish to argue against the refusal, i.e., submit arguments and/or evidence as to why the refusal should be withdrawn and why the mark should register. To respond to requirements, applicant should set forth in writing the required changes or statements.

The response must be signed by applicant or someone with legal authority to bind applicant (i.e., a

104

corporate officer of a corporate applicant, the equivalent of an officer for unincorporated organizations or limited liability company applicants, a general partner of a partnership applicant, each applicant for applications with multiple individual applicants). TMEP §§605.02, 712. The signer must personally sign and date the response or manually enter their electronic signature in the signature block. TMEP §605.02

If applicant has questions about its application or this Office action, please contact the assigned trademark examining attorney at the telephone number below.

Nancy Clarke
/nancy clarke/
Trademark Examining Attorney
Law Office 102
Tel. (571) 272-9253
E-mail address: nancy.clarke@uspto.gov

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

106



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:        OR   Jump   to record:        **Record 11 out of 13**

TARR Status | ASSIGN Status | TDR | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | RICE CRISPS |
| **Goods and Services** | IC 030. US 046. G & S: rice crackers, rice, porridge, cereal-based snack food, rice-based beverages, pastries, biscuits, vinegar, candies, tea. FIRST USE: 19900621. FIRST USE IN COMMERCE: 19990701 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.13.25 - Bales of hay or straw; Hay in bales; Other plants including bales of hay or straw; Straw in bales<br>26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved |
| **Serial Number** | 76270170 |
| **Filing Date** | June 13, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 6, 2002 |
| **Registration Number** | 2642172 |
| **Registration Date** | October 29, 2002 |
| **Owner** | (REGISTRANT) I LAN FOODS IND. CO., LTD. CORPORATION TAIWAN No. 19-13, Shin Cheng N. Road Shin Cheng Li, Su-Aou, I Lan TAIWAN |

| | |
|---|---|
| **Attorney of Record** | Sujata Chaudhri |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RICE CRISPS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20120608. |
| **Renewal** | 1ST RENEWAL 20120608 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



# BULKY DOCUMENTS

(Exceeds 100 pages)

Filed:   6/14/2012

Title:  OPPOSER'S RESPONSE TO APPLICANTS
MOTION FOR SUMMARY JUDGEMENT.

Part 2 of 3





109

# UNITED STATES PATENT AND TRADEMARK OFFICE

| | | PAPER NO. |
|---|---|---|
| **SERIAL NO.**        **APPLICANT** | | |
| 76/270170 I LAN FOODS IND. CO., LTD. | | |
| **MARK** | | **ADDRESS:** |
| RICE CRISPS AND DESIGN | | Commissioner for Trademarks |
| **ADDRESS** | **ACTION NO.** | 2900 Crystal Drive |
| BARBARA L. WAITE | 01 | Arlington, VA 22202-3513 |
| VENABLE, BAETJER, HOWARD & CIVILETTI | | www.uspto.gov |
| 1201 NEW YORK AVENUE, N.W. | **MAILING DATE** | If no fees are enclosed, the address should include the words "Box Responses - No Fee." |
| SUITE 1000 | 11/05/01 | |
| WASHINGTON DC 20005-6197 | **REF. NO.** | Please provide in all correspondence: |
| | | 1. Filing Date, serial number, mark and Applicant's name. |
| FORM PTO-1525 (5-90)    U.S. DEPT. OF COMM. PAT. & TM OFFICE | 26085-17296! | 2. Mailing date of this Office action. |
| | | 3. Examining Attorney's name and Law Office number. |
| | | 4. Your telephone number and ZIP code. |

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID** *ABANDONMENT. For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the* Trademark Law Office No.*,* Serial No.*, and* Mark *in the upper right corner of your response.*

RE: Serial Number: 76/270170

The assigned examining attorney has reviewed the referenced application and determined the following.

## SEARCH OF OFFICE RECORDS

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 1105.01.

## INFORMALITY

The applicant must address the following informality:

### *Disclaimer*

The applicant must insert a disclaimer of "rice crisps" in the application. Trademark Act Section 6, 15 U.S.C. Section 1056; TMEP sections 1213 and 1213.09(a)(i).

Trademark Act Section 6(a), 15 U.S.C. Section 1056(a), permits the Office to require a disclaimer of an unregistrable component of a mark. Trademark Act Section 2(e), 15 U.S.C. Section 1052(e), bars the registration of a mark which is merely descriptive or deceptively misdescriptive, or primarily geographically descriptive of the goods. Therefore, the Commissioner may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive or deceptively misdescriptive, or primarily geographically descriptive. If an applicant does not comply with a disclaimer requirement, the examining attorney may refuse registration of the entire mark. TMEP section 1213.01(b).

The term "RICE" is descriptive of the ingredients of the applicant's goods, namely, various foods made from rice.

The term "CRISP" is descriptive of the quality of the applicant's goods, assuming the goods have a crispy quality. As evidence of the descriptive nature of the term "CRISP," the examining attorney attaches numerous third party registrations where this term is disclaimed as descriptive, or, alternatively, the mark is registered on the Supplemental Register. See attached. These marks illustrate the term "CRISP" is generally treated as descriptive of goods similar to those of the applicant.

In addition, the combined term, "RICE CRISPS," is descriptive of the type, class or category of the applicant's goods. As evidence of the descriptive nature of the terms in the proposed mark, the examining attorney refers to the excerpted articles from the examining attorney's search in a computerized data base in which "RICE CRISPS" appeared in 21 stories. See attachments. These stories illustrate that all the wording in the proposed mark, namely, "RICE CRISPS" has taken on descriptive significance within the relevant trade, because crisped rice in various forms, is commonly referred to as "rice crisps."

The Trademark Trial and Appeal Board has held that materials obtained through computerized text searching are competent evidence to show the descriptive use of terms under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1). *In re National Data Corp.*, 222 USPQ 515, 517 n.3 (TTAB 1984).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP section 1213.09(a)(i). A properly worded disclaimer should read as follows:

> No claim is made to the exclusive right to use "RICE CRISPS" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Applicant's Response**

No set form is required for response to this Office action. The applicant must respond to each point raised. If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

PLEASE NOTE: All of the issues raised can be resolved by telephone. The applicant may telephone the examining attorney, instead of submitting a written response, to expedite the application.

Additional information is available on-line at the Patent and Trademark Office site on the global computer network. The site is located at WWW.USPTO.GOV.

Michael D. Tinyk
Trademark Examining Attorney
Law Office 101
U.S. Patent & Trademark Office
703-308-9101 Ext. 215

112

113



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:        OR   Jump   to record:        **Record 10 out of 13**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Skinny Crisps

| | |
|---|---|
| **Word Mark** | SKINNY CRISPS |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: Biscuits, bread, bread rolls, cakes, cereal products, confectionery, crackers, noodles, fish sauce, relish, sauces, cereal-based snack-foods and prepared dietary items that are gluten-free to accommodate special medical and health conditions. FIRST USE: 20070701. FIRST USE IN COMMERCE: 20080101 |
| | IC 008. US 023 028 044. G & S: Nut crackers. FIRST USE: 20070601. FIRST USE IN COMMERCE: 20080101 |
| | IC 030. US 046. G & S: Crackers. FIRST USE: 20070601. FIRST USE IN COMMERCE: 20080101 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77456969 |
| **Filing Date** | April 24, 2008 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 23, 2008 |

| Registration Number | 3543290 |
|---|---|
| Registration Date | December 9, 2008 |
| Owner | (REGISTRANT) Skinny Crisps, Inc. CORPORATION COLORADO 2669 Juniper Ave Boulder COLORADO 80304 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRISPS" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Skinny Crisps, Inc. (info@skinnycrisps.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 77456969 - SKINNY CRISPS - N/A |
| Sent: | 8/8/2008 11:31:08 AM |
| Sent As: | ECOM116@USPTO.GOV |
| Attachments: | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/456969

**MARK:** SKINNY CRISPS

**CORRESPONDENT ADDRESS:**
    SKINNY CRISPS, INC.
    SKINNY CRISPS, INC.
    2669 JUNIPER AVE
    BOULDER, CO 80304-2409

**APPLICANT:**    Skinny Crisps, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT E-MAIL ADDRESS:**
    info@skinnycrisps.com

# *77456969*

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE:** 8/8/2008

**OFFICE SEARCH:**  The examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  15 U.S.C. §1052(d); TMEP §704.02.

**AMENDMENT:**  In accordance with the authorization granted by Myrna Mirow on August 8, 2008, the application has been AMENDED as indicated below.  Please advise the undersigned examining attorney immediately if there is an objection to the amendment.  Otherwise, no response is necessary.  TMEP §707.

If the identification of goods and/or services has been amended, please note that any future amendments must be in accordance with 37 C.F.R. §2.71(a) and TMEP §1402.07(e).

DISCLAIMER

The following disclaimer statement is added to the record:

No claim is made to the exclusive right to use "CRISPS" apart from the mark as shown.

15 U.S.C. §1056; TMEP §§1213, 1213.03(a) and 1213.08(a)(i).

/Jennifer M. Martin/
Examining Attorney, L.O. 116
(571) 272-9193; (571) 273-9116 (fax)
Jennifer.Martin@uspto.gov

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

118

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 13 04:35:46 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*

*Browser to return to TESS)*

# STACY'S PITA CRISPS

| | |
|---|---|
| **Word Mark** | **STACY'S PITA CRISPS** |
| **Goods and Services** | IC 030. US 046. G & S: Flour-based chips; Pita chips; Wheat-based snack foods. FIRST USE: 20120400. FIRST USE IN COMMERCE: 20120400 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85134912 |
| **Filing Date** | September 21, 2010 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 12, 2011 |
| **Owner** | (APPLICANT) STACY'S PITA CHIP COMPANY, INC. CORPORATION MASSACHUSETTS 663 NORTH STREET RANDOLPH MASSACHUSETTS 02368 |
| **Attorney of Record** | Jeanette S. Zimmer |
| **Prior Registrations** | 2345464;3162759;3619797;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PITA CRISPS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name "STACY'S" identifies a living individual whose consent is of record. |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 18 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | VEGGIE CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Potato chips, and snack foods made primarily from potato flour with other vegetable ingredients |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76145027 |
| **Filing Date** | October 12, 2000 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Good Health Natural Foods, Inc. CORPORATION CALIFORNIA 81 Scudder Avenue Northport NEW YORK 11768 |
| **Attorney of Record** | Eric D. Paulsrud |
| **Prior Registrations** | 2143742;2267911;2293775 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | June 22, 2004 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

# UNITED STATES PATENT AND TRADEMARK OFFICE

| | | PAPER NO. |
|---|---|---|
| SERIAL NO.      APPLICANT<br>76/145027 Good Health Natural Foods, Inc. | | |

| MARK | | ADDRESS: |
|---|---|---|
| VEGGIE CRISPS | | Commissioner for Trademarks<br>2900 Crystal Drive<br>Arlington, VA 22202-3513<br>www.uspto.gov |
| ADDRESS<br>ERIC D. PAULSRUD<br>LEONARD, STREET AND DEINARD<br>150 SOUTH FIFTH STREET SUITE 2300<br>MINNEAPOLIS, MINNESOTA 55402 | ACTION NO.<br>02 | |
| | MAILING DATE<br>03/14/02 | If no fees are enclosed, the address should include the words "Box Responses - No Fee." |
| | REF. NO. | |

FORM PTO-1525 (5-90)    U.S. DEPT. OF COMM. & TM OFFICE

Please provide in all correspondence:

1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the <u>Trademark Law Office No.</u>, <u>Serial No.</u>, and <u>Mark</u> in the upper right corner of your response.*

RE: Serial Number: 76/145027              MARK: VEGGIE CRISPS

This letter responds to the applicant's communication filed on September 14, 2001.

In the applicant's response the applicant (1) claimed ownership of the requested prior registrations. The applicant's claim of ownership is duly noted. The applicant also argued against the refusal to register the mark under section 2(e)(1) of the Trademark Act. The examining attorney has considered the applicant's arguments regarding the refusal made under Section 2 (e) (1) carefully, but found them unpersuasive. For the reasons below, the refusal under Section 2 (e) (1) of the Trademark Act is maintained and made FINAL.

## FINAL REFUSAL UNDER SECTION 2 (e) (1) OF THE TRADEMARK ACT

Registration was refused under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1), because the subject matter for which registration is sought is merely descriptive of the identified goods.

The applicant has applied to register the mark VEGGIE CRISPS for potato chips, and snack foods made primarily from potato flour with other vegetable ingredients.

The wording "VEGGIE" in the mark is descriptive because it is an abbreviation for the wording VEGETABLE and describes an ingredient of the applicant's goods. The applicant argues "the

121

ultimate product on which the mark will be used is only partially composed of vegetables." The applicant is advised that "a mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. 1052(e)(1), if it describes an **ingredient**, quality, characteristic, function, feature, purpose or use of the relevant goods" (emphasis added). *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright-Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP section 1209.01(b). It is irrelevant that vegetables are only a partial composition of the ingredients that comprise the applicant's goods. What is relevant is that the goods do contain vegetables. The other term "CRISPS" in the applicant's mark is immediately descriptive of a feature of the goods and is commonly used in the applicant's industry to describe a baked potato chip that is reduced in fat. See the excerpts enclosed from the computerized resource Lexis-Nexis.

The Trademark Trial and Appeal Board has held that materials obtained through computerized text searching are competent evidence to show the descriptive use of terms under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1). *In re National Data Corp.*, 222 USPQ 515, 517 n.3 (TTAB 1984).

The registration of a term created by combining two or more unregistable words depends on whether in combination, a new and different commercial impression is created, and/or the term so created imparts a bizarre or incongruous meaning as used in connection with the goods or services. *In re Associated Theatre Clubs Co.* 9 USPQ2d 1660 (TTAB 1988); *In re Metal Inc.* 1 USPQ2d 1334 (TTAB 1986); Where the combination of descriptive words creates no incongruity and no imagination is required to understand the nature of the goods or services, the mark remains merely descriptive. *In re Associated Theatre Clubs Co.* 9 USPQ2d 1660 (TTAB 1988); *In re Orleans Wines, Ltd.*, 196 USPQ 516 (TTAB 1977); *In re Scholastic Testing Services, Inc.*, 196 USPQ 517 (TTAB 1977).

In this case, there is no incongruity, and no imagination is required to figure out exactly what the goods are. The examining attorney must consider whether a mark is merely descriptive in relation to the identified goods or services, not in the abstract. *In re Omaha National Corp.*, 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir. 1987); *In re Abcor Development Corp.*, 588 F.2d 811, 200 USPQ 215 (CCPA 1978); *In re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985). Thus viewed in context, it is evidently clear that the applicant's goods feature goods that may be defined as CRISPS that have vegetables as part of their ingredients.

It is not necessary that a term describe all of the purposes, functions, characteristics or features of the goods or services to be merely descriptive. It is enough if the term describes one attribute of the goods or services. *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973).

The undersigned examining attorney also refers the applicant to the enclosed third-party applications and registrations involving food goods in which the term CRISPS has been disclaimed.

The applicant has not presented any evidence that the mark is anything but merely descriptive of the applicant's goods. In view of the foregoing, the refusal to register the proposed mark is made under Section (2) (e) (1) of the Trademark Act based on a determination that the mark is merely descriptive of the applicant's goods is maintained and made FINAL.

## SUPPLEMENTAL REGISTER
Although the examining attorney has refused registration on the Principal Register, the applicant may amend the application to seek registration on the Supplemental Register. Trademark Act Section 23, 15 U.S.C. Section 1091; 37 C.F.R. Sections 2.47 and 2.75(a); TMEP sections 202.02(b) and 1115.

Please note that the mark in an application under Trademark Act Section 1(b), 15 U.S.C. Section 1051(b), is not eligible for registration on the Supplemental Register until an acceptable amendment to allege use under 37 C.F.R. Section 2.76 or statement of use under 37 C.F.R. Section 2.88 has been timely filed. 37 C.F.R. Section 2.47(c); TMEP section 1105.01(a)(vii). When such an application is changed from the Principal Register to the Supplemental Register, the effective filing date of the application is the date of filing of the allegation of use. 37 C.F.R. Section 2.75(b); TMEP section 708.01.

## APPLICANT'S OPTIONS
Please note that the only appropriate responses to a final action are either (1) compliance with the outstanding requirements, if feasible, or (2) filing of an appeal to the Trademark Trial and Appeal Board. 37 C.F.R. Section 2.64(a). If the applicant fails to respond within six months of the mailing date of this refusal, this Office will declare the application abandoned. 37 C.F.R. Section 2.65(a).

Georgia Ann Carty
Trademark Examining Attorney
Law Office 111
(703) 308- 9111, Ext. 150

123

124



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*



Logout Please logout when you are done to release system resources allocated for you.

Start List At: OR Jump to record: **Record 17 out of 18**

TARR Status  ASSIGN Status  TDR  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | "THE ORIGINAL PROTEIN CRISP" |
| **Goods and Services** | (ABANDONED) IC 030. US 046. G & S: Protein crisp or cracker. FIRST USE: 20030323. FIRST USE IN COMMERCE: 20030523 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76500740 |
| **Filing Date** | March 26, 2003 |
| **Current Basis** | 1A;1B |
| **Original Filing Basis** | 1A;1B |
| **Owner** | (APPLICANT) Benaron, Hanky T. Ten Benaron USA PARTNERSHIP CALIFORNIA 10433 Wilshire Blvd. Los Angeles CALIFORNIA 90024 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | March 10, 2004 |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Benaron, Hanky T. (teri@benaron.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 76500740 - "THE ORIGINAL PROTEIN CRISP" - N/A |
| Sent: | 9/9/03 6:28:21 PM |
| Sent As: | ECom103 |
| Attachments: | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/500740

**APPLICANT:**   Benaron, Hanky T.

**CORRESPONDENT ADDRESS:**
HANKY T. BENARON
10433 WILSHIRE BLVD.
LOS ANGELES, CA 90024

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom103@uspto.gov**

**MARK:**   "THE ORIGINAL PROTEIN CRISP"

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
teri@benaron.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number  76/500740

The assigned examining attorney has reviewed the referenced application and determined the following.

<u>No Conflicting Marks Noted</u>

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

Mark is Merely Descriptive
The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods/services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry,* 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b).

It is not necessary that a term describe all of the purposes, functions, characteristics or features of the goods/services to be merely descriptive. It is enough if the term describes one attribute of the goods/services. *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973). TMEP §1209.01(b).

The applicant has applied to register "THE ORIGINAL PROTEIN CRISP" for "protein crisp or cracker." The term "protein crisp" is generic or highly descriptive of the applicant's goods, as is clear since these terms are used to describe the goods in the identification of goods. The term "the original" is laudatory.

Laudatory terms, those which attribute quality or excellence to goods or services, are equivalent to other descriptive terms under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §1209.03(k). That is, laudatory terms are nondistinctive and unregistrable without proof of acquired distinctiveness. *In re Nett Designs Inc.*, 236 F.3d 1339, 57 USPQ2d 1564 (Fed. Cir. 2001) (THE ULTIMATE BIKE RACK); *In re Best Software Inc.*, 58 USPQ2d 1314 (TTAB 2001) (BEST and PREMIER); *In re Dos Padres Inc.*, 49 USPQ2d 1860 (TTAB 1998) (QUESO QUESADILLA SUPREME); *In re Consolidated Cigar Co.*, 35 USPQ2d 1290 (TTAB 1995) (SUPER BUY); *General Foods Corp. v. Ralston Purina Co.*, 220 USPQ 990 (TTAB 1984) (ORIGINAL BLEND); *In re Wileswood, Inc.*, 201 USPQ 400 (TTAB 1978) (AMERICA'S FAVORITE POPCORN).

Accordingly, the examining attorney has refused registered on the Principal Register under Section 2(e)(1).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

Informalities
If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following issues.

Cannot Assert 1(a) and 1(b) for the Same Goods
The applicant asserts use of the mark in commerce for **goods** and applicant asserts that it has a bona fide intent to use the mark in commerce for the same goods. An applicant may not assert both use of the mark

in commerce, under Trademark Act Section 1(a), 15 U.S.C. §1051(a), and intent to use the mark in commerce, under Trademark Act Section 1(b), 15 U.S.C. §1051(b), for the same goods or services. 37 C.F.R. §2.34(b)(1); TMEP §806.02(b). The applicant must delete one basis or divide the goods/services between the two bases, as appropriate.

Requirements for an Application Based on Section 1(a): Use In Commerce
To base the application on the applicant's use of the mark in commerce the applicant must submit the following:

> (1) A statement that the mark is in use in commerce, as defined by 15 U.S.C. §1127, and was in use in such commerce on or in connection with the goods or services listed in the application on the application filing date;

> (2) The date of the applicant's first use of the mark anywhere on or in connection with the goods or services;

> (3) The date of the applicant's first use of the mark in commerce as a trademark or service mark; and

> (4) One specimen for each class, showing how the applicant actually uses the mark in commerce. If the specimen is not filed with the initial application, applicant must submit a statement that the specimen was in use in commerce at least as early as the application filing date.

These items must be verified by the applicant, i.e., supported either by an affidavit or by a declaration under 37 C.F.R. §§2.20 and 2.33. Trademark Act Section 1(a), 15 U.S.C. §1051(a); 37 C.F.R. §§2.34(a)(1) and 2.59(a); TMEP §806.01(a).

**Note: The applicant has not submitted specimens.**

Requirements for an Application Based on Section 1(b): Intent-to-Use
To base the application on a bona fide intention to use the mark in commerce, the applicant must submit the following statement:

> The applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application since the filing date of the application.

This statement must be verified, i.e., supported either by an affidavit or by a declaration under 37 C.F.R. §§2.20 and 2.33. Trademark Act Section 1(b), 15 U.S.C. §1051(b); 37 C.F.R. §2.34(a)(2)(i); TMEP §806.01(b).

**Note: The applicant has met this requirement to date.**

Specimen of Use Required if 1(a) Application
An application based on use of the mark in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), must include a specimen showing use of the mark in commerce on or in connection with the goods/services. TMEP §904. The application does not contain a specimen. The applicant must submit a specimen, and must submit the following statement:

The specimen was in use in commerce at least as early as the filing date of the application.

This statement must be verified with an affidavit or a declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.59(a); TMEP §904.09.

Overcoming a Refusal by Substituting a Basis
The applicant may be able to overcome the refusal to register this mark by amending the application to assert a different basis for filing the application and submitting the requirements for the new basis. TMEP §§806.03 *et seq.*

In this case, the applicant may wish to amend the application to assert a **1(b)** basis to overcome the specimen requirement.

Identification of Goods
The identification of goods is unacceptable as indefinite. The applicant may adopt the following identification, if accurate:

> Protein **potato** crisps, **in Class 29;**

> Protein crackers, in Class 30.

TMEP §1402.01.

Note: While an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods and/or services that are not within the scope of the goods and/or services recited in the present identification.

Note: The applicant may also refer to the Acceptable Identification of Goods and Services Manual located on-line at http://www.uspto.gov/web/offices/tac/doc/gsmanual for additional suggestions of acceptable identifications.

Requirements for a Combined Application in a Use-Based Application – 1(a)
If the applicant prosecutes this application as a combined, or multiple?class, application based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), the applicant must comply with each of the following:

> (1) The applicant must specifically identify the goods and/or services in each class and list the goods and/or services by international class with the classes listed in ascending numerical order. TMEP §1403.01.

> (2) The applicant must submit a filing fee for each international class of goods/services not covered by the fee already paid. 37 C.F.R. §§2.6(a)(1) and 2.86(b); TMEP §§810.01 and 1403.01. Effective January 1, 2003, the fee for filing a trademark application is $335 for each class. This applies to classes added to pending applications as well as to new applications filed on or after that date. **Note: The applicant has paid for one (1) class to date.**

(3) The applicant must submit:

> (a) Dates of first use and first use in commerce and one specimen for each class that includes goods or services based on use in commerce under Trademark Act Section 1(a). The dates of use must be at least as early as the filing date of this application, 37 C.F.R. §§2.34(a)(1) and 2.86(a), and the specimen(s) must have been in use in commerce at least as early as the filing date of the application, and/or

> (b) A statement of a bona fide intention to use the mark in commerce on or in connection with all the goods or services specified in each class that includes goods or services based on a bona fide intention to use the mark in commerce under Trademark Act Section 1(b), where such statement was not included for the goods or services in the original application.

(4) The applicant must submit an affidavit or a declaration under 37 C.F.R. §2.20 signed by the applicant to verify (3) above. 37 C.F.R. §§2.59(a) and 2.71(c).

Requirements for Combined Applications in an Intent-to-Use Application – 1(b)
If the applicant prosecutes this application as a combined, or multiple?class, application, the applicant must comply with each of the following.

> (1) The applicant must list the goods/services by international class with the classes listed in ascending numerical order. TMEP §1403.01.

> (2) The applicant must submit a filing fee for each international class of goods/services not covered by the fee already paid. 37 C.F.R. §§2.6(a)(1) and 2.86(a); TMEP §§810.01 and 1403.01. Effective January 1, 2003, the fee for filing a trademark application is $335 for each class. This applies to classes added to pending applications as well as to new applications filed on or after that date. **Note: The applicant has paid for one (1) class to date.**

Quotation Marks in Drawing Page
If the applicant clarifies the basis to Section 1(a) and the specimen does not contain quotations, then the applicant must delete the quotation marks from the drawing because they do not appear on the specimen. TMEP §§807.04 and 807.15.

Supplemental Register
Although the examining attorney has refused registration on the Principal Register, the applicant may amend the application to seek registration on the Supplemental Register. Trademark Act Section 23, 15 U.S.C. §1091; 37 C.F.R. §§2.47 and 2.75(a); TMEP §§801.02(b), 815 and 816 *et seq.*

Please note that the mark in an application under Trademark Act Section 1(b), 15 U.S.C. §1051(b), is not eligible for registration on the Supplemental Register until an acceptable amendment to allege use under 37 C.F.R. §2.76 or statement of use under 37 C.F.R. §2.88 has been timely filed. 37 C.F.R. §2.47(c); TMEP §815.02, 816.02 and 1102.03. When such an application is changed from the Principal Register to the Supplemental Register, the effective filing date of the application is the date of filing of the allegation of use. 37 C.F.R. §2.75(b); TMEP §§206.01 and 816.02.

**Note:  Or in this case, the applicant can state for the record that the basis is Section 1(a) Use-based, meet all the requirements for a use-based application (e.g. specimen(s)) and then amend to the Supplemental Register**

Disclaimer
If the applicant amends to the Supplemental Register, the applicant must also insert a disclaimer of PROTEIN CRISP in the application.  Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.08(a)(i).  The wording "protein crisp" is generic and/or so highly descriptive of the applicant's goods, that a disclaimer would still be required on the Supplemental Register.

A properly worded disclaimer should read as follows:

    No claim is made to the exclusive right to use PROTEIN CRISP apart from the mark as shown.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

                        /Gina M. Fink/
                        Trademark Attorney - Law Office 103
                        Phone: (703) 308-9103 ext. 232
                        Law Office 103 Fax: (703) 746-8103


**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

132



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout    Please logout when you are done to release system resources allocated for you.

Start   List At:        OR   Jump   to record:        **Record 16 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# KRUNCHY KRISPS

| | |
|---|---|
| **Word Mark** | KRUNCHY KRISPS |
| **Goods and Services** | (ABANDONED) IC 030. US 046. G & S: Low Carbohydrate/Sugar Free Cracker made from flatbread. FIRST USE: 20031101. FIRST USE IN COMMERCE: 20031108 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78366106 |
| **Filing Date** | February 11, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Allen, Howard INDIVIDUAL UNITED STATES 101 Crosswinds Drive West Palm Beach FLORIDA 33413 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | March 16, 2005 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| | |
|---|---|
| **To:** | Allen, Howard (hallen20@yahoo.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78366106 - KRUNCHY KRISPS - N/A |
| **Sent:** | 9/15/04 7:27:04 AM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/366106

**APPLICANT:**  Allen, Howard

**\*78366106\***

**CORRESPONDENT ADDRESS:**
Allen, Howard
101 Crosswinds Drive
West Palm Beach, FL 33413

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

**MARK:**  KRUNCHY KRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
hallen20@yahoo.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

# OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number  78/366106

The assigned examining attorney has reviewed the referenced application and determined the following.

**Search Of The Records**

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

## Descriptive—Section 2(e)(1)

The examining attorney refuses registration on the Principal Register because the proposed mark is merely descriptive of the identified goods. Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1); TMEP section 1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. 1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP section 1209.01(b). A novel spelling of a merely descriptive term is also merely descriptive if purchasers would perceive the different spelling as the equivalent of the descriptive term. *Andrew J. McPartland, Inc. v. Montgomery Ward & Co., Inc.*, 164 F.2d 603, 76 USPQ 97 (C.C.P.A. 1947), *cert. denied*, 333 U.S. 875,77 USPQ 676 (S. Ct. 1948) ("KWIXTART," phonetic spelling of "quick start," is descriptive of electric storage batteries); *In re Hercules Fasteners, Inc.*, 203 F.2d 753, 97 USPQ 355(C.C.P.A. 1953) ("FASTIE,"as phonetic spelling of "fast tie," connotes that which unites or joins quickly, and hence thee the notation is descriptive of the function and character of tube sealing machines); ; *C-Thru Ruler Co. v. Needleman*, 190 USPQ 93 (E.D. Pa. 1976) (C-THRU held to be the equivalent of "see-through"and therefore merely descriptive of transparent rulers and drafting aids); *In re Hubbard Milling Co.*, 6 USPQ2d 1239 (TTAB 1987) (MINERAL-LYX held generic for mineral licks for feeding livestock); *In re State Chemical Manufacturing Co.*, 225 USPQ 687 (TTAB 1985) ("FOM," equivalent to word "foam," is descriptive for foam rug shampoo);TMEP §1209.03(j).

Applicant seeks registration of the mark KRUNCHY KRISPS for " Low Carbohydrate/Sugar Free Cracker made from flatbread." The proposed mark is the phonetic equivalent of the descriptive wording "crunchy crisps" which describes the type of goods. The term "crunchy"is defined as Making a crunching or cracking sound, as when chewed; crisp: *crunchy fresh vegetables*[1]. The term "crisps" is defined as "‼. Something crisp or easily crumbled:[2]." The examining attorney also directs the applicant's attention to the attached website demonstrating the use of the term "crisps"in connection with flatbread. The combined wording "crunchy crisps" is used in the food industry to describe an actual food product or a feature of food product. The examining attorney directs the applicant's attention to the attached excerpts from the *Nexis/Lexis News Database* as evidence of the descriptiveness of the wording "crunchy crisps."

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## Response Guidelines

No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response. Please note that all electronic communications must be signed using the "/name/" format. TMEP section 710.03(c).

Applicants may now respond formally using the Office's Trademark Electronic Application System (TEAS) at **http://www.uspto.gov/teas/index.html**. When using TEAS the data the applicant submits is

directly uploaded into the Office's database, which reduces the time it takes to process the applicant's response, while also eliminating the possibility of data entry errors by the Office. Applicants are strongly encouraged to use TEAS to respond to office actions.

PLEASE NOTE: Because it delays processing, submission of duplicate papers is discouraged. Unless specifically requested to do so by the Office, parties should not mail follow up copies of documents transmitted electronically or by fax. TMEP 306.04; *Cf. ITC Entertainment Group Ltd. V. Nintendo of America Inc.* 45 USPQ2d 2021 (TTAB 1998).

//jmb//
Josette M. Beverly
Trademark Attorney
Law Office 112
(703) 308-9112 x. 154
(703) 746-8112 (fax)
http://www.uspto.gov/teas/index.html (file responses)
josette.beverly@uspto.gov (submit questions only)
Please note: All electronic communications must be signed using the "/name/" format. TMEP section 710.03(c).


# NOTICE: TRADEMARK OPERATION RELOCATING OCTOBER AND NOVEMBER 2004

The Trademark Operation is relocating to Alexandria, Virginia, in October and November 2004. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Applicants, registration owners, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at www.uspto.gov.

## How to respond to this Office Action:

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and

137



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# JERKY CRISPS

| | |
|---|---|
| **Word Mark** | JERKY CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Meats; fresh and processed meat, including, dried meat, meat and meat-based snacks, dried and smoked beef, turkey and pork jerky, kippered beef, meat sticks, meat chips, fresh and cooked sausage, smoked sausage sticks and links, rope sausage, dried sausages, pepperoni, salami, pastrami, corned beef, roast beef, cooked ham, cured pork shoulder, dry cured pork butt, textured meat and soy protein sausage, cooked lamb loaf and Canadian bacon; meat-based snack foods |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78441780 |
| **Filing Date** | June 25, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Snapco Inc. CORPORATION DELAWARE Suite 400 2711 Centerville Road Wilmington DELAWARE 19808 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "jerky" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |

**Abandonment
Date**          December 25, 2005

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Snapco Inc. (pctrademarks@perkinscoie.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 78441780 - JERKY CRISPS - N/A |
| **Sent:** | 8/26/05 3:40:12 PM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/441780

**APPLICANT:** Snapco Inc.

**\*78441780\***

**CORRESPONDENT ADDRESS:**
SNAPCO INC.
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808-1645

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** JERKY CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**
pctrademarks@perkinscoie.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
   4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/441780

This letter responds to applicant's communication filed on July 28, 2005.

## Prosecution Summary

In the initial office action the examining attorney refused registration under Section 2(e)(1) because the mark is merely descriptive of the goods. The examining attorney also required applicant to clarify the identification of goods and provide a signed declaration attesting to the facts in the application.

In response applicant amended the identification of goods, provided a signed declaration and argued for the withdrawal of the refusal. The declaration and amended identification of goods are acceptable and these requirements are WITHDRAWN. However, the refusal under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), is now made FINAL for the reasons set forth below. 37 C.F.R. §2.64(a).

## Section 2(e)(1) - Descriptive Refusal

Registration is refused because the proposed mark merely describes characteristics of applicant's goods and/or services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *Hunter Publishing Co. v. Caulfield Publishing Ltd.*, 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co., Inc.*, 222 USPQ 1031 (TTAB 1984); *In re Gentex Corp.*, 151 USPQ 435 (TTAB 1966).

The fact that an applicant may be the first and sole user of a merely descriptive or generic designation does not justify registration where the evidence shows that the term is merely descriptive of the identified goods or services. *In re Acuson*, 225 USPQ 790 (TTAB 1985) (COMPUTED SONOGRAPHY descriptive of ultrasonic imaging instruments); *In re National Shooting Sports Foundation, Inc.*, 219 USPQ 1018 (TTAB 1983) (SHOOTING, HUNTING, OUTDOOR TRADE SHOW AND CONFERENCE held apt descriptive name for conducting and arranging trade shows in the hunting, shooting and outdoor sports products field); TMEP §1209.03(c).

Applicant is attempting to register JERKY CRISPS for processed meat snacks including jerky. In the context of these goods the term "jerky" immediately conveys cured meat cured by seasoning and drying. The term "crisp" immediately conveys something that is crisp or easily crumbled. See the attached dictionary entries in addition to the definitions incorporated into the initial office action. The combination of the terms in applicant's mark conveys no more than dried cured meat that is crisp or easily crumbled. Presumably applicant's meat products are crisp dried cured meat, or incorporate crisp, dried cured meat. See, e.g., the attached web page.

Applicant argues the mark is not merely descriptive because there is no evidence of record of competitor use of the term and because there is no competitive need for others to use the term. Even if applicant's assertion is accepted, the non-use by competitors or alleged lack of need by competitors does not automatically mean the mark is merely descriptive. The dictionary definitions in this case are evidence that a substantial portion of the consuming public would perceive the mark as merely descriptive rather than as a source indicator. As such the mark is not registrable on the Principal Register because it is merely descriptive under Section 2(e)(1) of the Trademark Act.

## Response Guidelines

If applicant fails to respond to this final action within six months of the mailing date, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

(1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); and/or

(2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matters. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

/Mark Rademacher/
Examining Attorney
Law Office 114
Ph: (571) 272-9723
Fx: (571) 273-9114

## HOW TO RESPOND TO THIS OFFICE ACTION:

- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

142

143



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:          OR  Jump  to record:       **Record 14 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet*

*Browser to return to TESS)*

# FRUIT CRISPS

| | |
|---|---|
| **Word Mark** | FRUIT CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: FRUIT-BASED SNACK FOOD, NAMELY, BAKED BREAD CHIPS CONTAINING DRIED FRUIT |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78491342 |
| **Filing Date** | September 29, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Mariani Packing Co., Inc. CORPORATION CALIFORNIA 500 Crocker Drive Vacaville CALIFORNIA 95688 |
| **Attorney of Record** | Gail M. Hashimoto |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | October 29, 2005 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**      78/491342

**APPLICANT:**      Mariani Packing Co., Inc.

**\*78491342\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**CORRESPONDENT ADDRESS:**
GAIL M. HASHIMOTO
HOPKINS & CARLEY
70 S 1ST ST
SAN JOSE, CA 95113-2406

**MARK:**      FRUIT CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:**   17001-086

**CORRESPONDENT EMAIL ADDRESS:**
trademark@hopkinscarley.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/491342

The assigned examining attorney has reviewed the referenced application and determined the following.

### I.     OFFICE RECORDS

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 1105.01.

### II.    REFUSAL UNDER §2(E)(1)

Registration is refused because the proposed mark is merely descriptive of the identified goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.* Moreover, the proposed mark appears to be generic as