applied to the goods and, therefore, incapable of functioning as a source-identifier for applicant's goods. *In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110 (Fed. Cir. 1987); *In re Pennzoil Products Co.*, 20 USPQ2d 1753 (TTAB 1991). *See attached* sampling of registrations. Under these circumstances, neither an amendment to proceed under Trademark Act Section 2(f), 15 U.S.C. §1052(f), nor an amendment to the Supplemental Register, can be recommended.

Generic terms are terms that the relevant purchasing public understands primarily as the common or class name for the goods or services. *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807 (Fed. Cir. 2001); *In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999); *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 828 F.2d 1567, 4 USPQ2d 1141 (Fed. Cir. 1987); *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986). Generic terms are by definition incapable of indicating a particular source of the goods or services, and cannot be registered as trademarks; doing so "would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are." *In re Merrill Lynch*, 828 F.2d at 1569, 4 USPQ2d at 1142. A two-part test is used to determine whether a designation is generic:

(1) What is the class or genus of goods or services at issue?

(2) Does the relevant public understand the designation primarily to refer to that class or genus of goods or services?

*See H. Marvin Ginn Corp. v. International Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986); TMEP §1209.01(c)(i).

In this case, the applicant's goods are crisps containing fruit. In other words, the applicant's goods are "fruit crisps." Accordingly, the examining attorney is compelled to refuse registration under §2(e)(1). Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## III.      CONCLUSION

If the applicant has any questions or needs assistance in responding to this Office action, please do not hesitate to telephone the assigned examining attorney.


/Nicholas K.D. Altree/
Trademark Attorney
Law Office 108
(571) 272-9336
Fax: (571) 273-9336


## NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

147



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: _____   OR   Jump   to record: _____   **Record 13 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

## RAISIN CRISPS

| | |
|---|---|
| **Word Mark** | RAISIN CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: FRUIT-BASED SNACK FOOD, NAMELY, BAKED BREAD CHIPS CONTAINING RAISINS |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78491353 |
| **Filing Date** | September 29, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Mariani Packing Co., Inc. CORPORATION CALIFORNIA 500 Crocker Drive Vacaville CALIFORNIA 95688 |
| **Attorney of Record** | Gail M. Hashimoto |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | November 14, 2005 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**   78/491353

**APPLICANT:**   Mariani Packing Co., Inc.

**CORRESPONDENT ADDRESS:**
GAIL M. HASHIMOTO
HOPKINS & CARLEY
70 S 1ST ST
SAN JOSE, CA 95113-2406

**MARK:**   RAISIN CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:**   17001-087

**CORRESPONDENT EMAIL ADDRESS:**
trademark@hopkinscarley.com

**\*78491353\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number  78/491353

**Section 2(d) Refusal**

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 1386194 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* See the enclosed registration.

## Determination of Likelihood of Confusion

When determining whether there is a likelihood of confusion, all circumstances surrounding the sale of the goods and/or services are considered. *Industrial Nucleonics Corp. v. Hinde*, 475 F.2d 1197, 177 USPQ 386 (C.C.P.A. 1973). These circumstances include the marketing channels, the identity of the prospective purchasers and the degree of similarity between the marks and between the goods and/or services. In comparing the marks, similarity in any one of the elements of sound, appearance or meaning is sufficient to find a likelihood of confusion. In comparing the goods and/or services, it is necessary to show that they are related in some manner. *In re Mack*, 197 USPQ 755, 757 (TTAB 1977); TMEP §§1207.01 *et seq.*

## Comparing the Marks

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack*, 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) *et seq.*

The applicant's mark is RAISIN CRISPS. The registrant's mark is APPLE RAISIN CRISP. The dominant portion of both marks is RAISIN CRISP.

The marks are similar in sound, appearance, and meaning. They are sufficiently similar to find a likelihood of confusion.

## Goods/Services Need Not Be Identical or Competing

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

The applicant's goods/services are fruit-based snack foods, namely, baked bread chips containing raisins. The registrant's goods/services are cereal derived food product to be used as a breakfast food, snack food or ingredient for making food. They are related as snack foods. It is likely that the purchasers would believe, mistakenly, that the goods/ services come from a common source.

Overall, the similarities among the marks and the goods/services of the parties are so great as to create a likelihood of confusion. The mark, RAISIN CRISPS, must therefore be refused.

## Section 2(e)(1) Refusal

The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *Hunter Publishing Co. v. Caulfield Publishing Ltd.*, 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co., Inc.*, 222 USPQ 1031 (TTAB 1984); *In re Gentex Corp.*, 151 USPQ 435 (TTAB 1966).

The applicant's mark is RAISIN CRISPS. The applicant's goods/services are fruit-based snack food, namely, baked bread chips containing raisins. "Raisin" is defined as 'A sweet grape dried either in the sun or by artificial means.'[1] "Crisps" is defined as "A dessert of fruit baked with a sweet, crumbly topping: *apple crisp.*'[2] "Raisin Crisps" could bedefined as a dessert of fruit containing raisins. The mark, RAISIN CRISPS, would therefore merely describe a feature of the goods, snack foods containing raisins, and thus must be refused.

## Response

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## Conclusion

No set form is required for response to this Office Action. The Applicant must respond to each point raised. The Applicant should simply set forth the required changes or statements and request that the Office enter them. The Applicant must sign the response.

Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

If the Applicant has any questions or needs assistance in responding to this Office Action, please telephone the assigned Examining Attorney.

## NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

## NOTICE: TRADEMARK OPERATION RELOCATION

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

/Timothy J. Finnegan/
Trademark Examiner
Law Office 105
(703) 308-9105 ext. 166
new phone as of 10/28/04
(571) 272-9710

## HOW TO RESPOND TO THIS OFFICE ACTION:
- ONLINE RESPONSE:  You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining

153



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        **Record 12 out of 18**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Calamari Krisps

| | |
|---|---|
| **Word Mark** | CALAMARI KRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Shelf stable non refrigerated ready to eat Calamari snack |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78494796 |
| **Filing Date** | October 5, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Ruggiero J Salvatore INDIVIDUAL UNITED STATES 266 main st cornwall NEW YORK 12518 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | November 10, 2005 |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Ruggiero J Salvatore (ssalrfish1@aol.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 78494796 - CALAMARI KRISPS - N/A |
| Sent: | 5/9/2005 2:42:59 PM |
| Sent As: | ECOM116@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/494796

**APPLICANT:** Ruggiero J Salvatore

**\*78494796\***

**CORRESPONDENT ADDRESS:**
RUGGIERO J SALVATORE
266 MAIN ST
CORNWALL NY 12518-1516

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** CALAMARI KRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**
ssalrfish1@aol.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/494796

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

155

**Search Results**

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

**Section 2(e)(1) - Descriptive Refusal**

The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b).

The examining attorney must consider whether a mark is merely descriptive in relation to the identified goods, not in the abstract. *In re Omaha National Corp.,* 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir. 1987); *In re Abcor Development Corp.,* 588 F.2d 811, 200 USPQ 215 (C.C.P.A. 1978); *In re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985); *In re American Greetings Corp.*, 226 USPQ 365 (TTAB 1985). TMEP §1209.01(b).

The proposed mark is CALAMARI KRISPS for shelf stable non refrigerated ready to eat calamari snack, in Class 29.

CALAMARI is defined as:

**cal·a·mar·i** (kä′le-mä′rē, kăl′ə-) *noun*
Squid prepared as food.[1]

KRISP is the phonetic equivalent of CRISP and will be perceived by consumers as the phonetic equivalent of CRISP. A novel spelling of a merely descriptive term is also merely descriptive if purchasers would perceive the different spelling as the equivalent of the descriptive term. *Andrew J. McPartland, Inc. v. Montgomery Ward & Co., Inc.*, 164 F.2d 603, 76 USPQ 97 (C.C.P.A. 1947), *cert. denied*, 333 U.S. 875,77 USPQ 676 (S. Ct. 1948) ("KWIXTART," phonetic spelling of "quick start," is descriptive of electric storage batteries); *In re Hercules Fasteners, Inc.*, 203 F.2d 753, 97 USPQ 355(C.C.P.A. 1953) ("FASTIE," as phonetic spelling of "fast tie," connotes that which unites or joins quickly, and hence thee the notation is descriptive of the function and character of tube sealing machines); ; *C-Thru Ruler Co. v. Needleman*, 190 USPQ 93 (E.D. Pa. 1976) (C-THRU held to be the equivalent of "see-through" and therefore merely descriptive of transparent rulers and drafting aids); *In re Hubbard Milling Co.*, 6 USPQ2d 1239 (TTAB 1987) (MINERAL-LYX held generic for mineral licks for feeding livestock); *In re State Chemical Manufacturing Co.*, 225 USPQ 687 (TTAB 1985) ("FOM," equivalent to word "foam," is descriptive for foam rug shampoo); TMEP §1209.03(j).

CRISP is defined as:

*noun*

1. Something crisp or easily crumbled: *The roast was burned to a crisp.*
2. A dessert of fruit baked with a sweet, crumbly topping: *apple crisp.*
3. *Chiefly British.* A potato chip.[2]

The proposed mark CALAMARI CRISPS is merely descriptive of the goods, which are crisps containing calamari.

## Amendment to Supplemental Register Suggested After Acceptable Amendment to Allege Use is Filed

Although an amendment to the Supplemental Register would normally be an appropriate response to this refusal, such a response is not appropriate in the present case until an acceptable allegation of use is filed. The instant application was filed under Trademark Act Section 1(b), 15 U.S.C. §1051(b), and is not eligible for registration on the Supplemental Register until an acceptable amendment to allege use under 37 C.F.R. §2.76 or statement of use under 37 C.F.R. §2.88 has been timely filed. 37 C.F.R. §2.47(d); TMEP §815.02, 816.02 and 1102.03.

If applicant files an allegation of use and also amends to the Supplemental Register, please note that the effective filing date of the application will then be the date of filing of the allegation of use. 37 C.F.R. §2.75(b); TMEP §§206.01 and 816.02.

To file the allegation of use online, go to http://www.uspto.gov/teas/index.html. Under FORMS in the right column, choose File a PREregistration Form, then choose Statement of Use/Amendment to Allege Use for Intent to Use Application.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

## Meaning of the Mark; Request for Information

(1)     In order to allow for proper examination of this application, *including the final determination as to whether the mark is merely descriptive in relation to the goods or services*, the applicant must submit samples of advertisements or promotional materials for the goods or services or, if unavailable, for goods or services of the same type. If such materials on the specific goods/services described in the application are not available, the applicant must describe the nature, purpose, prospective purchasers, and channels of trade of the goods or services identified in the application.

This information is necessary to evaluate accurately and fully the registrability of the applicant's proposed designation. 37 C.F.R. Section 2.61(b); TMEP sections 1103.04 and 1105.02. If the applicant does not provide the information required herein, registration may be refused. The Trademark Rules of Practice have the effect of law and failure to comply with a request for information is grounds for refusal of

registration. *See, e.g., In re Joseph Edward Page,* 1999 TTAB LEXIS 229 (TTAB 1999); *In re Babies Beat, Inc.,* 13 USPQ2d 1729 (TTAB 1990); *In re Big Daddy's Lounges, Inc.,* 200 USPQ 371 (TTAB 1978); *In re Air Products and Chemicals, Inc.,* 192 USPQ2d 84, 85-86 (TTAB 1976); and *In re Morrison Industries, Inc.,* 178 USPQ 432, 433-34 (TTAB 1973).

(2)     In addition, the applicant must indicate whether the mark has any significance in the relevant trade or industry or as applied to the goods or services. 37 C.F.R. Section 2.61(b).


## NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

## NOTICE: TRADEMARK OPERATION RELOCATION

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Ellen Awrich/
Trademark Attorney
Law Office 116

571-272-9123
ellen.awrich@USPTO.GOV

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applicatic can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

---

[1]*The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

[2]*The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

160



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:       **Record 11 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# NUT CRISPS

| | |
|---|---|
| **Word Mark** | NUT CRISPS |
| **Goods and Services** | (ABANDONED) IC 030. US 046. G & S: crackers |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78496162 |
| **Filing Date** | October 7, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Kraft Foods Holdings, Inc. CORPORATION DELAWARE 3 Lakes Drive Northfield ILLINOIS 60093 |
| **Attorney of Record** | Susan H. Frohling |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | October 24, 2005 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Kraft Foods Holdings, Inc. (trademark@kraft.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 78496162 - NUT CRISPS - SNACKS |
| **Sent:** | 5/19/05 11:25:25 AM |
| **Sent As:** | ECOM111@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/496162

**APPLICANT:** Kraft Foods Holdings, Inc.

**\*78496162\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**CORRESPONDENT ADDRESS:**
  SUSAN H. FROHLING
  KRAFT FOODS HOLDINGS, INC.
  NF577
  3 LAKES DRIVE
  NORTHFIELD, IL 60093

**MARK:** NUT CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** SNACKS

**CORRESPONDENT EMAIL ADDRESS:**
  trademark@kraft.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial 78/496162

The assigned examining attorney has reviewed the referenced application and determined the following.

### Registration Refused – Likelihood of Confusion

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 1500036 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq*. See the enclosed registration.

The Court in *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to be considered in determining whether there is a likelihood of confusion under Section 2(d). Any one of the factors listed may be dominant in any given case, depending upon the evidence of record. *In re Dixie Restaurants, Inc.*, 105 F.3d 1405, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997); In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Restaurant Enterprises, Inc.*, 50 USPQ2d 1209 (TTAB 1999); *In re L.C. Licensing Inc.*, 49 USPQ2d 1379 (TTAB 1998); TMEP §§1207.01 *et seq*.

Taking into account the relevant *DuPont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq*.

The applicant has applied to register NUT CRISPS for "crackers." The registered mark is HONEY NUT CRISPS for "honey coated peanuts."

Regarding the issue of likelihood of confusion, the question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ

106 (TTAB 1975); TMEP §1207.01(b).

In this case, the applicant's mark consists of the registered mark with the deletion of the highly descriptive word "HONEY." The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *See In re Optical Int'l*, 196 USPQ 775 (TTAB 1977) (where applicant filed to register the mark OPTIQUE for optical wear, deletion of the term BOUTIQUE is insufficient to distinguish the mark, *per se*, from the registered mark OPTIQUE BOUTIQUE when used in connection with competing optical wear). In the present case, applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

In this case, the goods are highly similar snacks. Purchasers could mistakenly believe that the goods come from a common source.

The examining attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i). Therefore, the examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 1500036 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq*.

Applicant should note the following additional ground for refusal.

**Registration Refused – Mark is Merely Descriptive**
The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq*.

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b).

The examining attorney must consider whether a mark is merely descriptive in relation to the identified

goods/services, not in the abstract. *In re Polo International Inc.*, 51 USPQ2d 1061 (TTAB 1999) (Board found that DOC in DOC-CONTROL would be understood to refer to the "documents" managed by applicant's software, not "doctor" as shown in dictionary definition);*In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (CONCURRENT PC-DOS found merely descriptive of "computer programs recorded on disk;" it is unnecessary that programs actually run "concurrently," as long as relevant trade clearly uses the denomination "concurrent" as a descriptor of this particular type of operating system);*In re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985); *In re American Greetings Corp.*, 226 USPQ 365, 366 (TTAB 1985) ("Whether consumers could guess what the product is from consideration of the mark alone is not the test"); TMEP §1209.01(b).

The applicant applied to register the mark NUT CRISPS for "crackers."

A term need not describe all of the purposes, functions, characteristics or features of the goods and/or services to be merely descriptive. For the purpose of a Section 2(e)(1) analysis, it is sufficient that the term describe only one attribute of the goods and/or services to be found merely descriptive. *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973); TMEP §1209.01(b). In this case, "NUT" describes an ingredient, and "CRISPS" describes the snacks themselves. Please see the attached third-party registrations, illustrating that "CRISPS" has been found to be descriptive of these goods.

Therefore, the examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

If the applicant has any questions or needs assistance in responding to this Office action, please contact the assigned examining attorney.

/allison holtz/
Allison Holtz
Examining Attorney, Law Office 111
(571)272-9383

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

166



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start List At: ___  OR  Jump to record: ___   **Record 10 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*

*Browser to return to TESS)*

# NUT CRISPS

| | |
|---|---|
| **Word Mark** | NUT CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: salted nut snacks |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78496170 |
| **Filing Date** | October 7, 2004 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Kraft Foods Holdings, Inc. CORPORATION DELAWARE 3 Lakes Drive Northfield ILLINOIS 60093 |
| **Attorney of Record** | Susan H. Frohling |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "nut" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | October 24, 2005 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| To: | Kraft Foods Holdings, Inc. (trademark@kraft.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 78496170 - NUT CRISPS - SNACKS |
| Sent: | 5/19/05 11:25:00 AM |
| Sent As: | ECOM111@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/496170

**APPLICANT:** Kraft Foods Holdings, Inc.

**CORRESPONDENT ADDRESS:**
SUSAN H. FROHLING
KRAFT FOODS HOLDINGS, INC.
NF577
3 LAKES DRIVE
NORTHFIELD, IL 60093

**\*78496170\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** NUT CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** SNACKS

**CORRESPONDENT EMAIL ADDRESS:**
trademark@kraft.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/496170

The assigned examining attorney has reviewed the referenced application and determined the following.

## Registration Refused – Likelihood of Confusion

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 1500036 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* See the enclosed registration.

The Court in *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to be considered in determining whether there is a likelihood of confusion under Section 2(d). Any one of the factors listed may be dominant in any given case, depending upon the evidence of record. *In re Dixie Restaurants, Inc.*, 105 F.3d 1405, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997); In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Restaurant Enterprises, Inc.*, 50 USPQ2d 1209 (TTAB 1999); *In re L.C. Licensing Inc.*, 49 USPQ2d 1379 (TTAB 1998); TMEP §§1207.01 *et seq.*

Taking into account the relevant *DuPont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The applicant has applied to register NUT CRISPS for "salted nut snacks." The registered mark is HONEY NUT CRISPS for "honey coated peanuts."

Regarding the issue of likelihood of confusion, the question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

In this case, the applicant's mark consists of the registered mark with the deletion of the highly descriptive word "HONEY." The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *See In re Optical Int'l*, 196 USPQ 775 (TTAB 1977) (where applicant filed to register the mark OPTIQUE for optical wear, deletion of the term BOUTIQUE is

insufficient to distinguish the mark, *per se*, from the registered mark OPTIQUE BOUTIQUE when used in connection with competing optical wear). In the present case, applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

In this case, the goods are highly similar nut snacks. Purchasers could mistakenly believe that the goods come from a common source.

The examining attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i). Therefore, the examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 1500036 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.*

Applicant should note the following additional ground for refusal.

**Registration Refused – Mark is Merely Descriptive**
The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b).

The examining attorney must consider whether a mark is merely descriptive in relation to the identified goods/services, not in the abstract. *In re Polo International Inc.*, 51 USPQ2d 1061 (TTAB 1999) (Board found that DOC in DOC-CONTROL would be understood to refer to the "documents" managed by applicant's software, not "doctor" as shown in dictionary definition);*In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (CONCURRENT PC-DOS found merely descriptive of "computer programs recorded on disk;" it is unnecessary that programs actually run "concurrently," as long as relevant trade clearly uses the denomination "concurrent" as a descriptor of this particular type of operating system);*In*

170

*re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985); *In re American Greetings Corp.*, 226 USPQ 365, 366 (TTAB 1985) ("Whether consumers could guess what the product is from consideration of the mark alone is not the test"); TMEP §1209.01(b).

The applicant applied to register the mark NUT CRISPS for "salted nut snacks."

A term need not describe all of the purposes, functions, characteristics or features of the goods and/or services to be merely descriptive. For the purpose of a Section 2(e)(1) analysis, it is sufficient that the term describe only one attribute of the goods and/or services to be found merely descriptive. *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973); TMEP §1209.01(b). In this case, "NUT" describes an ingredient, and "CRISPS" describes the snacks themselves. Please see the attached third-party registrations, illustrating that "CRISPS" has been found to be descriptive of these goods.

Therefore, the examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

If the applicant has any questions or needs assistance in responding to this Office action, please contact the assigned examining attorney.


/allison holtz/
Allison Holtz
Examining Attorney, Law Office 111
(571)272-9383


## HOW TO RESPOND TO THIS OFFICE ACTION:

- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending application can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

172



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 9 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Meats; fresh and processed meat, including, dried meat, meat and meat-based snacks, dried and smoked beef, turkey and pork jerky, kippered beef, meat sticks, meat chips, fresh and cooked sausage, smoked sausage sticks and links, rope sausage, dried sausages, pepperoni, salami, pastrami, corned beef, roast beef, cooked ham, cured pork shoulder, dry cured pork butt, textured meat and soy protein sausage, cooked lamb loaf and Canadian bacon. FIRST USE: 20050711. FIRST USE IN COMMERCE: 20050711 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78520976 |
| **Filing Date** | November 22, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Snapco Inc. CORPORATION DELAWARE Suite 400 2711 Centerville Road Wilmington DELAWARE 19808 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | January 3, 2006 |

| To: | Snapco Inc. (pctrademarks@perkinscoie.com) |
| Subject: | TRADEMARK APPLICATION NO. 78520976 - CRISPS - N/A |
| Sent: | 6/29/2005 7:56:53 AM |
| Sent As: | ECOM102@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/520976

**APPLICANT:** Snapco Inc.

**CORRESPONDENT ADDRESS:**
SNAPCO INC.
SUITE 400
2711 CENTERVILLE ROAD
WILMINGTON, DE 19808

**\*78520976\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**
pctrademarks@perkinscoie.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/520976

The assigned examining attorney has reviewed the referenced application and determined the following.

## NO CONFLICTING MARK NOTED

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

## MARK IS MERELY DESCRIPTIVE

The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b).

The applicant applied to register the mark **CRISPS** for "meats; fresh and processed meat, including, dried meat, meat and meat-based snacks, dried and smoked beef, turkey and pork jerky, kippered beef, meat sticks, meat chips, fresh and cooked sausage, smoked sausage sticks and links, rope sausage, dried sausages, pepperoni, salami, pastrami, corned beef, roast beef, cooked ham, cured pork shoulder, dry cured pork butt, textured meat and soy protein sausage, cooked lamb loaf and Canadian bacon."

The term "CRISPS" merely describes a characteristic of the applicant's goods. The term "CRISPS" is defined as "something crisp or easily crumbled."*The American Heritage Dictionary of the English Language, 4th Ed.* (2000). See Exhibit 1.

The proposed mark comprises wording in stylized lettering. However, the degree of stylization in this case is not sufficiently striking, unique or distinctive as to create a commercial impression separate and apart from the unregistrable components of the mark, and thus is not sufficient to render the mark registrable. *In re Bonni Keller Collections Ltd.*, 6 USPQ2d 1224 (TTAB 1987); *In re Miller Brewing Co.*, 226 USPQ 666 (TTAB 1985); *In re Geo. A. Hormel & Company*, 227 USPQ 813 (TTAB 1985); *In re Cosmetic Factory, Inc.*, 220 USPQ 1103 (TTAB 1983); *In re Carolyn's Candies, Inc.*, 206 USPQ 356 (TTAB 1980).

The proposed mark "CRISPS" would be perceived by consumers as merely describing a characteristic of the applicant's meat products – that is, easily crumbled. Accordingly, the mark is not registerable on the Principal Register as it describes the applicant's goods.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality.

## SIGNED DECLARATION REQUIRED

The application must be signed, and verified or supported by a declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.33. No signed verification or declaration was provided. Therefore, the applicant must provide a signed verification or signed declaration attesting to the facts set forth in the application, and attesting that applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. §§2.34(a)(2)(i), (a)(3)(i) and (a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101.

The following declaration is provided for the applicant's convenience:

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), 1126(d) or 1126(e), he/she believes applicant to be entitled to use such mark in commerce; *that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date*; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Maria-Victoria Suarez/
Trademark Attorney
Law Office 102
571-272-9264
maria-victoria.suarez@uspto.gov

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic

177



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Jun 12 04:35:45 EDT 2012

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:          OR   Jump   to record:        **Record 8 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# VEGETABLE CRISPS

| | |
|---|---|
| **Word Mark** | VEGETABLE CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: vegetable based snacks |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78603601 |
| **Filing Date** | April 7, 2005 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Royal Wine Corporaton CORPORATION NEW YORK 63 North Hook Road Bayonne NEW JERSEY 07002 |
| **Attorney of Record** | Paulette R. Carey |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "vegetable" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | May 18, 2006 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| To: | Royal Wine Corporaton (prcarey@buchmanlaw.com) |
| Subject: | TRADEMARK APPLICATION NO. 78603601 - VEGETABLE CRISPS - 5374 |
| Sent: | 11/17/2005 5:10:14 PM |
| Sent As: | ECOM104@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |

## [Important Email Information]
## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/603601

**APPLICANT:** Royal Wine Corporaton

**CORRESPONDENT ADDRESS:**
PAULETTE R. CAREY
BUCHMAN LAW FIRM, LLP
510 THORNALL ST STE 200
EDISON, NJ 08837-2204

**MARK:** VEGETABLE CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** 5374

**CORRESPONDENT EMAIL ADDRESS:**
prcarey@buchmanlaw.com

**\*78603601\***

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/603601

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

## Section 2(e)(1) Refusal

Registration is refused because the proposed mark merely describes a function of applicant's goods and/or services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry,* 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *Hunter Publishing Co. v. Caulfield Publishing Ltd.,* 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co., Inc.*, 222 USPQ 1031 (TTAB 1984); *In re Gentex Corp.*, 151 USPQ 435 (TTAB 1966).

The determination of whether a mark is merely descriptive is considered in relation to the identified goods and/or services, not in the abstract. *In re Polo International Inc.*, 51 USPQ2d 1061 (TTAB 1999) (Board found that DOC in DOC-CONTROL would be understood to refer to the "documents" managed by applicant's software, not "doctor" as shown in dictionary definition);*In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (CONCURRENT PC-DOS found merely descriptive of "computer programs recorded on disk;" it is unnecessary that programs actually run "concurrently," as long as relevant trade clearly uses the denomination "concurrent" as a descriptor of this particular type of operating system);*In re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985); *In re American Greetings Corp.*, 226 USPQ 365, 366 (TTAB 1985) ("Whether consumers could guess what the product is from consideration of the mark alone is not the test"); TMEP §1209.01(b).

Specifically, the attached evidence from GOOGLE shows that the proposed mark VEGETABLE CRISPS describes crispy vegetable food/snack items. The trademark examining attorney refers to the excerpted web pages from his search in GOOGLE in which "VEGETABLE CRISPS" appeared multiple times. See attachments.

The Trademark Trial and Appeal Board has held that materials obtained through computerized text searching are competent evidence to show the descriptive use of terms under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1). *In re National Data Corp.*, 222 USPQ 515, 517 n.3 (TTAB 1984); TMEP §710.01(a).

180

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

/David Collier/
Examining Attorney
Law Office 104
Phone (571) 272-8859
Fax No (571) 273-8859

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

182



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: _____  OR  Jump  to record: _____    **Record 7 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# OLIVE OIL CRISPS

| | |
|---|---|
| **Word Mark** | OLIVE OIL CRISPS |
| **Goods and Services** | (ABANDONED) IC 030. US 046. G & S: GRAIN BASED CHIPS |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78681330 |
| **Filing Date** | July 29, 2005 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Spectrum Organic Products, Inc. CORPORATION CALIFORNIA 5341 Old Redwood Highway Petaluma CALIFORNIA 94954 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Robert W. Smith |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | August 22, 2006 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**   78/681330

**APPLICANT:**   Spectrum Organic Products, Inc.

**CORRESPONDENT ADDRESS:**
    KATHRYN JENNISON SHULTZ
    JENNISON & SHULTZ, P.C.
    CRYSTAL PLAZA #1, SUITE 1102
    2001 JEFFERSON DAVIS HIGHWAY
    ARLINGTON, VA 22202

**MARK:**   OLIVE OIL CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**

## *78681330*

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/681330

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

## Section 2(d) - Likelihood of Confusion Refusal

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No.2820311 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* See the enclosed registration.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

Applicant has applied to register the mark, OLIVE OIL CRISPS, for "grain based chips." The registered mark, OLIVE OYL, is for "buns."

Comparison of the Marks

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack*, 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) *et seq.*

The marks at issue share the identical term OLIVE. The term OYL in the registrant's mark is the phonetic equivalent of OIL in the applicant's mark. The mere addition of the generic term CRISPS (see discussion below regarding the generic nature of this term) does not obviate the similarities between the marks.

Furthermore, the mere addition of any term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER");*Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN");*In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS");*In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES");*In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS");*In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE");*In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii). Accordingly, the addition of the term CRISPS in the applicant's mark, and the slightly varied spelling of the term OIL in the registrant's mark is not substantial to obviate the confusingly similar nature of the marks.

Comparison of the Goods

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18

USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods listed therein, namely buns and chips, are of a kind that may emanate from a single source. *See In re Infinity Broad. Corp.*, 60 USPQ2d 1214, 1217-1218 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co., Inc.*, 6 USPQ2d 1467, 1470 at n.6 (TTAB 1988).

Because the marks at issue are confusingly similar in sound, appearance, and meaning, and because the goods at issue are of a kind that may emanate from a single source, registration is refused under Section 2(d) of the Trademark Act.

Applicant should note the following additional ground for refusal.

## Section 2(e)(1) - Descriptive Refusal

The examining attorney refuses registration on the Principal Register because the proposed mark merely describes the goods/services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright?Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *Hunter Publishing Co. v. Caulfield Publishing Ltd.*, 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co., Inc.*, 222 USPQ 1031 (TTAB 1984); *In re Gentex Corp.*, 151 USPQ 435 (TTAB 1966).

Here, the mark OLIVE OIL CRISPS, immediately describes that the goods, grain based chips, or CRISPS, are OLIVE OIL flavored and/or are made of olive oil. A mark that combines descriptive terms may be registrable if the composite creates a unitary mark with a separate, nondescriptive meaning. However, if each component retains its descriptive significance in relation to the goods or services, the combination results in a composite that is itself descriptive. *In re Tower Tech, Inc.*, 64 USPQ2d 1314 (TTAB 2002) (SMARTTOWER merely descriptive of "commercial and industrial cooling towers and accessories therefor, sold as a unit"); *In re Sun Microsystems Inc.*, 59 USPQ2d 1084 (TTAB 2001) (AGENTBEANS merely descriptive of computer software for use in development and deployment of application programs on global computer network); *In re Putman Publishing Co.*, 39 USPQ2d 2021 (TTAB 1996) (FOOD & BEVERAGE ONLINE held to be merely descriptive of news and information service for the food processing industry); *In re Copytele Inc.*, 31 USPQ2d 1540 (TTAB 1994) (SCREEN FAX PHONE merely descriptive of "facsimile terminals employing electrophoretic displays");*In re Entenmann's Inc.*, 15 USPQ2d 1750 (TTAB 1990), *aff'd per curiam*, 928 F.2d 411 (Fed. Cir. 1991) (OATNUT held to be merely descriptive of bread containing oats and hazelnuts). Here, the combination of the descriptive terms

OLIVE OIL and the generic term CRISPS (see discussion below), does not create a non descriptive meaning.

A term need not describe all of the purposes, functions, characteristics or features of the goods and/or services to be merely descriptive. For the purpose of a Section 2(e)(1) analysis, it is sufficient that the term describe only one attribute of the goods and/or services to be found merely descriptive. *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973); TMEP §1209.01(b).

## Supplemental Register Advisory

Although an amendment to the Supplemental Register would normally be an appropriate response to the refusal under Section 2(e)(1), such a response is not appropriate in the present case. The instant application was filed under Trademark Act Section 1(b), 15 U.S.C. §1051(b), and is not eligible for registration on the Supplemental Register until an acceptable amendment to allege use under 37 C.F.R. §2.76 has been timely filed. 37 C.F.R. §2.47(d); TMEP §§815.02, 816.02 and 1102.03.

If applicant files an amendment to allege use and also amends to the Supplemental Register, please note that the effective filing date of the application will then be the date of filing of the amendment to allege use. 37 C.F.R. §2.75(b); TMEP §§206.01 and 816.02. Please also note that amendment to the Supplemental Register will not overcome the refusal issued under Section 2(d) of the Trademark Act. Please also note the disclaimer requirement below.

Although the examining attorney has refused registration, the applicant may respond to the refusals to register by submitting evidence and arguments in support of registration.

If applicant chooses to respond to the refusals to register, then applicant must also respond to the following requirements.

## Disclaimer of Generic Wording Required

If the mark is determined to be otherwise registrable, applicant must disclaim the wording "CRISPS" apart from the mark as shown because it is the generic name for applicant's goods. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). See attached dictionary definition.
The examining attorney attaches representative registrations from the Patent and Trademark Office registration database, which evidences the generic nature of the wording "CRISPS," via disclaimers.
The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:
No claim is made to the exclusive right to use "CRISPS" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

## Significance of Mark

Applicant must specify whether "OLIVE OIL" has any significance in applicant's trade or industry or any significance as applied to applicant's goods. Specifically, applicant must state whether the goods of record are made with, contain, or are flavored to taste like olive oil. 37 C.F.R. §2.61(b).

**Signed Declaration Required**

Applicant must submit a written statement attesting to the facts set forth in the application, and confirming that applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date. 15 U.S.C. §1051(b)(3)(B); 37 C.F.R. §§2.34(a)(2)(i), (a)(3)(i) and (a)(4)(ii). This statement must be dated and signed by a person authorized to sign under 37 C.F.R. §2.33(a) and verified with an affidavit or signed declaration under 37 C.F.R. §2.20. No signed verification was included with the application.

To satisfy this requirement, applicant may add the following declaration paragraph at the end of its response, properly signed and dated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), 1126(d) or 1126(e), he/she believes applicant to be entitled to use such mark in commerce; *that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date*; that the facts set forth in the application are true and correct; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_____

(Signature)

_____

(Print or Type Name and Position)

_____

(Date)

If the declaration is filed electronically through TEAS, then applicant should sign the declaration by entering a "symbol" that applicant has adopted as a signature (e.g., *ƒohn doe/*, */drl/*, and */544-4925/*). The Office will accept *any* combination of letters, numbers, spaces and/or punctuation marks as a valid signature if it is placed between two forward slash ("/") symbols. 37 C.F.R. §§2.33(d) and 2.193(c)(1)(iii); TMEP §§304.07 and 804.05.

/ColleenKearney/
Trademark Examining Attorney
Law Office 113
571-272-8278

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

190



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:      OR  Jump  to record:      **Record 5 out of 18**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Dehydrated fruit snacks. FIRST USE: 20040822. FIRST USE IN COMMERCE: 20050301 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78798885 |
| **Filing Date** | January 25, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Brothers International Food Corporation CORPORATION DELAWARE 224 Ellicott St Batavia NEW YORK 14020 |
| **Attorney of Record** | David L. May, Esq. |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRISPS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The applicant claims color as a feature of the mark, namely, The colors green and white are claimed as a feature of the mark. The mark consists of The word "crisps" curved up then down in a small arc. The letters are stylized to be three dimensional in a bubble letter format with shading. Each letter has a thin white border to the right and bottom and a dark green shadow for depth. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

| Live/Dead Indicator | DEAD |
| Abandonment Date | July 23, 2007 |



| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    78/798885

**APPLICANT**:    Brothers International Food Corporation

**CORRESPONDENT ADDRESS**:
    David L. May, Esq.
    Nixon Peabody LLP
    Suite 900
    401 9th Street, N.W.
    Washington DC 20004-2128

**MARK**:    CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:

# *78798885*

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
   4. Your telephone number and e-mail
     address.

## FINAL OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**: If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/798885

**THIS IS A FINAL ACTION**

This office action responds to applicant's communication of December 18, 2006. In an office action of July 18, 2006, the examining attorney refused registration under Section 2(e)(1) of the Trademark Act, required applicant to submit a substitute specimen, and requested additional information about applicant's goods.

In its response, applicant (1) submitted a disclaimer of the term "CRISPS" and argued that the stylization of the letters of the subject mark are sufficiently distinctive to indicate the source of applicant's goods and

(2) submitted a substitute specimen. Applicant also acknowledged the examining attorney's request for information, but believed that the disclaimer of the term CRISPS rendered the requirement moot and further indicated that the information was set forth in the packaging label submitted with applicant's response.

The examining attorney has reviewed applicant's response and accepted its substitute specimen. Applicant's disclaimer of the proposed mark is insufficient to overcome the Section 2(e)(1) refusal as applicant cannot disclaim the entire mark and the mark is not sufficiently stylized to such a different commercial impression is created apart from that of the term CRISPS. Accordingly, the Section 2(e)(1) refusal and requirement to fully respond to the examining attorney's information request is made **FINAL**.

### Section 2(e)(1) Refusal is Made Final
Registration is refused because the proposed mark merely describes a feature and characteristic of applicant's goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.* In addition to being merely descriptive, the proposed mark appears to be generic as applied to the goods and, therefore, incapable of functioning as a source-identifier for applicant's goods. *In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110 (Fed. Cir. 1987); *In re Pennzoil Prods. Co.*, 20 USPQ2d 1753 (TTAB 1991).

Applicant's mark is "CRISPS" in a stylized form that appears as green bubble lettering with white shading for "dehydrated fruit snacks" in International Class 29. The evidence of record shows use of the term "CRISPS" to refer to snack food that is thin, firm, and brittle and in the nature of a chip. The term "CRISPS" merely describes applicant's goods in that they are thin, firm, and brittle and in the nature of a chip. Additionally, applicant uses the term "CRISP" in a generic fashion on its packing, which indicates, ""...our state-of-the-art FREEZE DRIED process that gently removes the water from the fresh fruit and transforms it into a delicious, delightfully light, and flavorful CRISP." Accordingly, the Section 2(e)(1) refusal is made **FINAL**.

Applicant has disclaimed the term "CRISPS," the entire applied-for mark, and indicates that subject mark, taken as a whole, is so unique and prominently displayed that it would be unforeseeable that any consumer would not immediately recognize source-indicating significance of the subject mark. The entire mark may not be disclaimed. 15 U.S.C. §1056(a); *See In re Dena Corp. v. Belvedere International Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re JT Tobacconists*, 59 USPQ2d 1080, 1081 n.1 (TTAB 2001); *In re Anchor Hocking Corp.*, 223 USPQ 85 (TTAB 1984). If the applied-for mark is not registrable as a whole, a disclaimer will not make it registrable. TMEP §1213.06. In the present case, the additional features in applicant's mark, namely, the color green and white, are not so distinctive, unique, or unusual, that consumers see a commercial impression different from that of the term CRISPS. In its discussion of stylization, applicant has submitted evidence of three stylized marks that applicant indicates were registrable, despite disclaimers of the word portion of the marks themselves. The examining attorney objects to this evidence, as the evidence is not made properly of record because the entireties of these registrations are not included. Applicant also indicates, "To applicant's knowledge, there are no competitors using the display and stylization present in the subject mark." As such, in support of the contention that the mark is not sufficiently stylized to register with a disclaimer of the term "CRISPS" and as evidence that consumers are accustomed to seeing stylization on packaging similar to the appearance of applicant's mark, the examining attorney submits a representative sample of printouts from the USPTO's X-Search database, which show third-party registrations of marks that contain a stylization similar to that

194

of applicant's.

## Request for Additional Information is Made Final

Trademark Rule 2.61(b) states "The examiner may require the applicant to furnish such information and exhibits as may be reasonably necessary to the proper examination of the application". The Trademark Trial and Appeal Board has upheld a refusal of registration based on the applicant's failure to provide information requested under this rule. *In re Babies Beat Inc.*, 13 USPQ2d 1729 (TTAB 1990)(failure to submit patent information regarding configuration).

In order to allow for proper examination of the application, including the final determination of descriptiveness, the applicant must submit additional information about the goods. TMEP § 814. The applicant must provide product information for the goods. This may take the form of a fact sheet, instruction manual, or advertisement. If unavailable, the applicant should submit the information for goods of the same type, explaining how its own product will differ. If the goods and services feature new technology and no competing goods and services are available, the applicant must provide a detailed factual description of the goods and services.

In all cases, the submitted factual information must make clear how the goods and services operate, their salient features, and their prospective customers and/or channels of trade. This information is not readily available to the examining attorney, and is pertinent to the descriptiveness determination. Conclusory statements from the applicant or its attorney regarding the descriptiveness standard will not be sufficient to meet this requirement for information. Specifically, in addition to the above information request, applicant must respond to the following questions:

1. Are applicant's dehydrated fruit snacks in the nature of Chips?
2. Are applicant's goods firm, brittle, and/or fresh?

Applicant has not submitted information that affirmatively responds to the questions posed in the above information request. As such, the requirement to submit additional information is made **FINAL**.

## Responding to this Final Refusal

If applicant fails to respond to this final action within six months of the mailing date, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

(1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); and/or

(2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matters. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

**If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.**

/Jennifer L. Williston/
Jennifer L. Williston
Trademark Examining Attorney
USPTO Law Office 102
(571) 272-5869 (Phone)
(571) 273-9102 (Fax)

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

197



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 12 04:35:45 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: | OR Jump to record: | **Record 4 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# FRUIT CRISPS

| | |
|---|---|
| **Word Mark** | FRUIT CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Dried fruits |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78819413 |
| **Filing Date** | February 21, 2006 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Chiquita Brands L.L.C. LIMITED LIABILITY COMPANY DELAWARE 250 East Fifth Street Cincinnati OHIO 45202 |
| **Attorney of Record** | Steven A. Abreu |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | December 27, 2006 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| To: | Chiquita Brands L.L.C. (steven.abreu@dinslaw.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 78819413 - FRUIT CRISPS - 30186-1 |
| **Sent:** | 6/24/2006 9:16:58 AM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |
| | Attachment - 33 |
| | Attachment - 34 |
| | Attachment - 35 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 78/819413

**APPLICANT**: Chiquita Brands L.L.C.

**\*78819413\***

**CORRESPONDENT ADDRESS**:
STEVEN A. ABREU
DINSMORE & SHOHL, LLP
1900 CHEMED CENTER
255 EAST FIFTH STREET
CINCINNATI, OH 45202

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**: FRUIT CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO** : 30186-1

**CORRESPONDENT EMAIL ADDRESS**:
steven.abreu@dinslaw.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
   4. Your telephone number and e-mail
   address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**: If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/819413

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

I.    REFUSAL OF REGISTRATION UNDER SECTION 2(e)(1)

Registration is refused because the proposed mark merely describes a characteristic of applicant's goods, namely, dried fruit crisps.  Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), if it describes

an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Brightâ€'Crest, Ltd* 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *Hunter Publishing Co. v. Caulfield Publishing Ltd.*, 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co., Inc.*, 222 USPQ 1031 (TTAB 1984); *In re Gentex Corp.*, 151 USPQ 435 (TTAB 1966).

Applicant has applied for registration of the proposed mark FRUIT CRISPS for "dried fruits."

The term "fruit" is defined as the edible part of a plant. See the attached online dictionary definition from Encarta.msn.com. The term 'crisps' is defined as generally potato chips in dictionaries (See attached definition from the Cambridge online dictionary), but as shown in the attached evidence from the Office's X-Search database, the term 'crisps' is used in the foods industry to refer to any type of 'crisp' or 'crispy' snack food – whether made from potatoes or tofu or fruit. *See* attachments, including third-party applications/registrations 78628648, 78513861, 78513858, 78168745, 76578324, 76058825 and 73572824, all containing disclaimers of the term "crisps" for different types of snack foods. Moreover, *See* the additional attachments from the LEXIS/NEXIS Research database showing use of the term "fruit crisps" to describe fruit-based snack foods, and from the X-Search database showing third-party usage of the term "fruit crisps" to describe their goods. See attachments, including third-party applications/registrations 79004752, 78822112, 78414975, 76073203 and 76065050.

Accordingly, in view of the above evidence, the proposed mark FRUIT CRISPS merely describes a characteristic of the goods – namely, crisps made of fruit – and is therefore properly refused registration on the Principal Register under Section 2(e)(1) of the Trademark Act.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If applicant chooses to respond to the refusal(s) to register, then applicant may also respond to the following.

II.     SEARCH RESULTS – PRIOR-FILED CONFLICTING APPLICATIONS

The Office records have been searched and no similar *registered* mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02. However, please be advised that a potentially conflicting mark in a prior-filed pending application may present a bar to registration.

Information regarding pending Application Serial Nos. 78798824 and 78798885 is enclosed. The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion under Trademark Act Section 2(d) between applicant's mark and the referenced marks. If one or more of the referenced applications registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed applications.

If applicant believes that there is no potential conflict between this application and the earlier-filed applications, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

Case 3:17-cv-00652-KDB-DSC   Document 28-21   Filed 08/30/18   Page 56 of 58

**NOTE: RESPONSE GUIDELINES FOR TEAS PLUS APPLICATIONS**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

/Martha Santomartino/
Trademark Attorney
Law Office 112
(571) 272-9416

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

202

203