# EXHIBIT 13



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

**Trademarks > Trademark Electronic Search System (TESS)**

TESS was last updated on Thu Sep 9 04:05:45 EDT 2010

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

Logout  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status]  ( Use the "Back" button of the Internet Browser to return to TESS)

# Fruit Crisps

| | |
|---|---|
| **Word Mark** | FRUIT CRISPS |
| **Goods and Services** | (ABANDONED) IC 029. US 046. G & S: Dehydrated fruit snacks. FIRST USE: 20040822. FIRST USE IN COMMERCE: 20050301 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78798824 |
| **Filing Date** | January 25, 2006 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Supplemental Register Date** | December 18, 2006 |
| **Owner** | (APPLICANT) Brothers International Food Corporation CORPORATION DELAWARE 224 Ellicott St Batavia NEW YORK 14020 |
| **Attorney of Record** | David L. May, Esq. |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "Fruit" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | SUPPLEMENTAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | July 30, 2007 |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP]

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/798824

**APPLICANT:** Brothers International Food Corporation

**\*78798824\***

**CORRESPONDENT ADDRESS:**
David L. May, Esq.
Nixon Peabody LLP
Suite 900
401 9th Street, N.W.
Washington DC 20004-2128

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** FRUIT CRISPS

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

**CORRESPONDENT EMAIL ADDRESS:**

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/798824

This office action responds to applicant's communication of December 18, 2006. In an office action of July 18, 2006, the examining attorney refused registration under Section 2(e)(1) of the Trademark Act, required applicant to submit a substitute specimen showing use of the proposed mark in commerce, and requested that applicant submit additional information about its goods. In its response, applicant submitted a substitute specimen, amended the application to seek registration on the Supplemental Register and indicated that the specimen should provide the information requested in the examining attorney's information request.

The examining attorney has reviewed applicant's response and has accepted its specimen. The Section 2(e)(1) refusal and requirement to fully respond to the examining attorney's information request is

<u>maintained and continued</u>. Applicant's amendment to the Supplemental Register cannot be accepted, as further explained below, and the following additional refusal is hereby issued.

**Section 23 Refusal – Registration on the Supplemental Register is Refused**
Registration is refused on the Supplemental Register because the proposed mark is generic for applicant's goods. Trademark Act Section 23(c), 15 U.S.C. §1091(c); *See In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110 (Fed. Cir. 1987) (SCREENWIPE held generic as applied to premoistened antistatic cloths for cleaning computer and television screens); *In re Northland Aluminum Products, Inc.*, 777 F.2d 1556, 227 USPQ 961 (Fed. Cir. 1985) (BUNDT, a term that designates a type of cake, held generic for ring cake mix); *In re Central Sprinkler Co.*, 49 USPQ2d 1194 (TTAB 1998) (ATTIC generic for sprinklers installed primarily in attics); *In re Stanbel Inc.*, 16 USPQ2d 1469 (TTAB 1990), *aff'd*, 20 USPQ2d 1319 (Fed. Cir. 1991) (ICE PAK for reusable ice substitute for use in food and beverage coolers held generic; even assuming a contrary holding, evidence submitted by applicant deemed insufficient to establish acquired distinctiveness); *In re Analog Devices Inc.*, 6 USPQ2d 1808 (TTAB 1988), *aff'd*, 871 F.2d 1097, 10 USPQ2d 1879 (Fed. Cir. 1989) (ANALOG DEVICES held generic for devices having analog capabilities); TMEP §§1209.01(c) *et seq.*

Generic terms are terms that the relevant purchasing public understands primarily as the common or class name for the goods or services. *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807 (Fed. Cir. 2001); *In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999); *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 828 F.2d 1567, 4 USPQ2d 1141 (Fed. Cir. 1987); *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986). Generic terms are by definition incapable of indicating a particular source of the goods or services, and cannot be registered as trademarks; doing so "would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are." *In re Merrill Lynch*, 828 F.2d at 1569, 4 USPQ2d at 1142.

Generic terms are terms that the relevant purchasing public understands primarily as the common or class name for the goods or services. *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807 (Fed. Cir. 2001); *In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999); *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 828 F.2d 1567, 4 USPQ2d 1141 (Fed. Cir. 1987); *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986). Generic terms are by definition incapable of indicating a particular source of the goods or services, and cannot be registered as trademarks; doing so "would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are." *In re Merrill Lynch*, 828 F.2d at 1569, 4 USPQ2d at 1142.

Applicant's mark is "FRUIT CRISPS" in standard character form for "dehydrated fruit snacks" in International Class 29. The attached Internet evidence shows that the proposed mark is generic and thus incapable of distinguishing the applicant's goods. The term "FRUIT" is a generic name for applicant's goods that are identified as dehydrated fruit. Industry usage indicates that the word "CRISPS" is a generic term that is synonymous with the term CHIP that refers to a thin, firm, and brittle snack food. The attached evidence shows usage of the term "FRUIT CRIPS," "VEGETABLE CRISPS,""SOY CRISPS," and "POTATO CRIPS" to refer the generic name for these snack foods. Further, applicant uses the term "CRISP" in a generic fashion on its specimen, which indicates, "…our state-of-the-art FREEZE DRIED process that gently removes the water from the fresh fruit and transforms it into a delicious, delightfully light, and flavorful CRISP." As such, the term "FRUIT CRISPS" is the generic name for applicant's goods and registration on the Supplemental Register is refused.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Jennifer L. Williston/
Jennifer L. Williston
Trademark Examining Attorney
USPTO Law Office 102
(571) 272-5869 (Phone)
(571) 273-9102 (Fax)

### TEAS PLUS Response Guidelines
**PLEASE NOTE, TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE.** TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index/html: (1) responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

### HOW TO RESPOND TO THIS OFFICE ACTION:
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit

the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**