# EXHIBIT 15

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

---------------------------------------------------------------x
FRITO-LAY NORTH AMERICA, INC.

    Opposer/Petitioner,

    v.

PRINCETON VANGUARD, L.L.C.,

    Applicant/Respondent.
---------------------------------------------------------------x

Opposition No. 91195552 (parent)
Cancellation No. 92053001

CERTIFICATE OF EXPRESS MAILING
NUMBER EI 475016190

DATE of DEPOSIT: May 10, 2012

I hereby certify that this paper is being deposited with the United States Postal Service "EXPRESS MAIL POST OFFICE TO ADDRESSEE" service under 37 C.F.R. § 1.10 on the date indicated above and is addressed to: Trademark Trial and Appeal Board, U.S. Patent and Trademark Office, P.O. Box 1451, Alexandria, VA 22313-1451

_____
Jeremy N. Klatell

## DECLARATION OF WARREN WILSON IN SUPPPORT OF APPLICANT'S MOTION FOR SUMMARY JUDGMENT

I, Warren Wilson, declare as follows:

1. I submit this declaration in support of the motion of Princeton Vanguard, L.L.C. ("Applicant" or "Princeton Vanguard") for summary judgment. I am over the age of 18 and competent to testify. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. I have been involved in the snack food business for over thirty years. During that time, my wife, Sara Wilson, and I have started and built several snack food businesses, and invented a number of innovative snack food products.

43.  Besides Snack Factory, I am not aware of any cracker currently on the market that uses the term PRETZEL CRISPS. All of the pretzel crackers I am aware of use other generic terms to describe their products. These generic descriptors are usually one of the following: pretzel crackers, pretzel flats (or flatz), pretzel thins, pretzel chips, pretzel rounds, pretzel dippers, or pretzel snacks.

## Protecting the PRETZEL CRISPS Brand

44.  Snack Factory has taken great efforts to protect the PRETZEL CRISPS brand from competitors. The primary way the company does this is by controlling the PRETZL CRISPS name. Early on in the company's existence, Snack Factory produced private label products for other companies and allowed the use of the PRETZEL CRISPS name under license. These companies include Bloom Packaging Corp. (Bloom's Kosher), Hyde & Hyde Inc., Harry & David, Kraft Foods, Inc., Cindy's Kitchen, Pepperidge Farms, and Sabra Dipping Co. In all of these cases, Snack Factory manufactured the product and thus controlled its quality to ensure consistency with its own PRETZEL CRISPS crackers. As Snack Factory grew, the company no longer relied on private label relationships and these licenses for use of the PRETZEL CRISPS mark have expired or have been terminated by the company.

45.  In addition to granting licenses, Snack Factory has also policed unauthorized use of the mark. Snack Factory has sent cease & desist letters to online and print publications who do not accurately use the PRETZEL CRISPS mark. **Exhibit 20** (examples of cease & desist letters).

46. Snack Factory has also prevented other snack food company's from infringing the PRETZEL CRISPS mark. Indeed, one of the snack food industry's largest and most sophisticated marketing companies acknowledged Princeton Vanguard's rights in the PRETZEL CRISPS trademark. On March 1 2010, Kraft Foods Global Inc.'s Nabisco brand introduced a pretzel cracker product in its line of RITZ products under the name RITZ MUNCHABLES PRETZEL CRISPS.

47. After Princeton Vanguard immediately objected to this infringement of its PRETZEL CRISPS mark, Kraft agreed to enter into a settlement agreement on April 20, 2010, in which it acknowledged Princeton Vanguard's ownership of the PRETZEL CRISPS registration, agreed to phase out all of its use of the PRETZEL CRISPS designation, and agreed to take a license from Princeton Vanguard to cover all of its use of the PRETZEL CRISPS mark, from inception through phase out. Kraft expressly agreed that all of its use of the PRETZEL CRISPS mark was under license and that all such use inured solely to Princeton Vanguard's benefit. **Exhibit 21** (agreement and mutual release between Princeton Vanguard and Kraft). Kraft subsequently used the terms PRETZEL THINS and PRETZEL ROUNDS for its RITZ MUNCHABLES pretzel cracker.

48. In addition to Ritz, Snack Factory has also stopped infringing use of the term by other companies. For example, Snack Factory prevented Chocolate Signatures Inc. from using the PRETZEL CRISPS mark on its product and recently, Kay's Naturals, Inc. for using the term on the company's website in relation to its pretzel products. **Exhibit 22** (examples of infringement resolutions).

14

52. The fruits of these efforts are evident. The evidence is overwhelming that PRETZEL CRISPS is a brand name. PRETZEL CRISPS pretzel crackers are discussed in newspapers, magazines, online, and on television. Wholesalers, retailers, and consumers all ask for PRETZEL CRISPS pretzel crackers by name. Sales of PRETZEL CRISPS pretzel crackers continue to rise steadily.

53. PRETZEL CRISPS is not a generic designation. Frito-Lay's claims are nothing more than a specious attempt to bully a successful competitor. Frito-Lay, like the rest of the snack food industry, should respect the PRETZEL CRISPS brand name.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Princeton, New Jersey this 8th day of May, 2012.

Warren Wilson
Manager
Princeton Vanguard, LLC

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DECLARATION OF WARREN WILSON IN SUPPPORT OF APPLICANT'S MOTION FOR SUMMARY JUDGMENT was served via United States Express Mail, on counsel for Opposer at the address below, on May 10, 2012.

Susan Hightower, Esq.
William G. Barber, Esq.
Pirkey Barber LLP
600 Congress Avenue, Suite 2120
Austin, Texas 78701

_____
Jeremy N. Klatell





> HOME  > RECIPES  > VARIETIES  > NEWS  > TELL A FRIEND

OUR BRANDS

PRIVACY

# RITZ Munchables Pretzel Rounds

What happens when you hide a bite-sized, buttery tasting RITZ cracker inside a salty, crunchy pretzel? You get RITZ Munchables Pretzel Rounds, a scrumptiously satisfying snack you just pop in your mouth.

Available in Buttery Flavor and Cheesy Sour Cream & Onion

View Nutrition Info for Buttery Flavor
View Nutrition Info for Cheesy Sour Cream & Onion

Traditional    Simply Socials    Crackerfuls    Munchables

RITZ Munchables Pretzel Rounds

# AGREEMENT AND MUTUAL RELEASE

THIS AGREEMENT AND MUTUAL RELEASE (the "Agreement") is effective as of March 1, 2010 (the "Effective Date") by and between Princeton Vanguard, LLC, a Delaware corporation, and The Snack Factory, LLC ("Snack Factory"), a Delaware corporation (collectively, "Princeton Vanguard"), and Kraft Foods Global, Inc. ("Kraft Foods"), a Delaware corporation (each a "Party," and together the "Parties").

## RECITALS

**WHEREAS**, Princeton Vanguard owns U.S. Registration Number 2,980,303 for PRETZEL CRISPS for pretzel crackers on the Supplemental Register (the "Registration"); and

**WHEREAS**, Princeton Vanguard applied to register PRETZEL CRISPS in stylized form for pretzel crackers on the Principal Register (Serial Number 77/192,054) (the "Application"); and

**WHEREAS**, the U.S. Patent and Trademark Office ("PTO") initially refused registration of the Application on the ground that the words "pretzel crisps" appeared to be merely descriptive and thus had to be disclaimed, but after Princeton Vanguard submitted evidence that the mark had acquired distinctiveness through use in commerce, the PTO on or about December 12, 2008 withdrew the requirement that Princeton Vanguard disclaim the words "pretzel crisps" and approved the Application for publication under Section 2(f) of the Lanham Act; and

**WHEREAS**, Princeton Vanguard owns trademark registrations for PRETZEL CRISPS in Australia (Reg. No. 1026046), Canada (Reg. No. TM9,686,821), the European Union (CTM Reg. No. 005855614) and Japan (Reg. No. 5180084) (the

1

23167147v5

"Foreign Registrations") (Australia, Canada, the European Union, Japan, and the United States, as well as any other country in whose trademark office Princeton Vanguard obtains a trademark registration in International Class 30 for PRETZEL CRISPS with a priority date prior to Kraft Foods' first use of "pretzel crisps" in that country, are collectively referred to herein as the "Territory"); and

**WHEREAS**, on or about May 15, 2009, Frito-Lay North America, Inc. filed opposition number 91/190,246 against the Application, which opposition remains pending; and

**WHEREAS**, on or about March 1, 2010, Kraft Foods, under its NABISCO house mark, began marketing pretzel cracker products ("Pretzel-Cracker Product") in the packaging and under the name as shown in Exhibit A; and

**WHEREAS**, Princeton Vanguard has expressed its concern to Kraft Foods over what it believes to be the confusing similarity between the name of Kraft Foods' Pretzel-Cracker Product and Princeton Vanguard's PRETZEL CRISPS trademark; and

**WHEREAS**, the Parties desire to amicably resolve any disputes between them regarding the PRETZEL CRISPS mark, without any admission of liability or nonliability;

**NOW, THEREFORE,** in consideration of the foregoing and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. License.

Princeton Vanguard hereby grants Kraft Foods, and Kraft Foods hereby accepts, a non-exclusive, royalty-free, non-sublicensable, non-transferable license to use the PRETZEL CRISPS mark (the "Licensed Mark") in the United States during the period

2

nunc pro tunc from March 1, 2010 through July 31, 2010 (the "Term") solely in connection with Kraft Foods' distribution, sale, advertising and promotion of its Pretzel-Cracker Product as shown in Exhibit A, subject to the restrictions and limitations set forth in Paragraph 2, below. Every use of the License Mark must be accompanied in close proximity by the RITZ MUNCHABLES trademark. All use by Kraft Foods of the Licensed Mark shall inure to the benefit of Princeton Vanguard, and shall be undertaken under appropriate standards of quality as set by Princeton Vanguard, it being agreed by Princeton Vanguard that the quality of the current Pretzel-Cracker Product and all existing advertising materials for that product sold under the Licensed Mark meets the necessary quality standards. Princeton Vanguard shall retain the exclusive right to enjoin or obtain relief against any acts by third parties of trademark infringement or unfair competition relating to the Licensed Mark.

2. Changes to Kraft Foods' Packaging, Advertising and Promotional Materials.

Kraft Foods agrees permanently to stop using in the United States, and not to use anywhere else in the Territory, "pretzel crisps" or any designation identical or confusingly similar to the mark PRETZEL CRISPS as a product descriptor – *i.e.*, the words commonly used after the product's trademark on packaging to communicate to the consumer what type of product it is – or as a trademark on or in connection with any goods or services, including on product labeling, packaging, advertising and promotional materials. Notwithstanding the foregoing, Kraft Foods may continue to use the Licensed Mark during the following phase-out schedule:

(a) until May 8, 2010, with respect to any advertising of its Pretzel-Cracker Product broadcast, disseminated, or otherwise distributed

3

23167147v5

Case 3:17-cv-00652-KDB-DSC   Document 28-26   Filed 08/30/18   Page 10 of 17   9

SF-TTAB-00030330

via radio, television, or the Internet (except as noted below in subparagraph d, below);

(b) until June 15, 2010 with respect to any advertising of its Pretzel-Cracker Product printed, disseminated, or otherwise distributed in newspapers, magazines, brochures, FSIs, or any other print publications (it being further agreed that no such advertising will appear in any print publications with a cover date beyond June 30, 2010, except for Kraft Foods-owned publications such as *Food & Family*, which may include such advertising in editions with a Summer 2010 cover date);

(c) until July 15, 2010 with respect to any point-of-sale advertising of its Pretzel-Cracker Product displayed in retail stores in conjunction with the sale of its Pretzel-Cracker Product;

(d) until July 15, 2010 with respect to any advertising of its Pretzel-Cracker Product on Kraft Foods-owned web sites and on Kraft Foods' Facebook page for its Pretzel-Cracker Product; and

(e) until July 31, 2010 with respect to distribution and sale of its Pretzel-Cracker Product.

In addition, even after July 31, 2010, Kraft Foods' customers may continue to distribute and sell the Pretzel-Cracker Product in the packaging shown in Exhibit A and Kraft Foods shall have no obligation to withdraw from its customers or recall any such product as long as such products were sold and distributed by Kraft Foods prior to July 31, 2010.

4

Case 3:17-cv-00652-KDB-DSC   Document 28-26   Filed 08/30/18   Page 11 of 17

10

SF-TTAB-00030331

3. Acknowledgements

Kraft Foods acknowledges that Princeton Vanguard owns the Registration, which registration establishes that the PTO does not believe the mark PRETZEL CRISPS is generic, and that the PTO approved for publication the Application under Section 2(f) of the Lanham Act, which approval establishes that the PTO believes that the PRETZEL CRISPS mark has acquired distinctiveness through its use in United States commerce. Kraft Foods agrees not to take any action, directly or indirectly, to challenge the Registration, the Application, any registration that may issue from the Application, or the PRETZEL CRISPS component of any other application filed by or registration issued to Princeton Vanguard for a mark that contains a PRETZEL CRISPS component.

4. Mutual Releases

(a) Release by Princeton Vanguard. Princeton Vanguard specifically releases, waives, and forever discharges Kraft Foods, its successors in interest, its past, present and future assigns, officers, employees, directors, attorneys, subsidiaries, affiliates, insurers and underwriters from any and all claims and causes of action it may have against Kraft Foods arising out of or relating to Kraft Foods' use of "pretzel crisps" in connection with the manufacture, marketing, distribution and sale of the product shown in Exhibit A.

(b) Release by Kraft Foods. Kraft Foods specifically releases, waives, and forever discharges Princeton Vanguard, its successors in interest, its past, present and future assigns, officers, employees, directors, attorneys, subsidiaries, affiliates, insurers and

5

23167147v5

Case 3:17-cv-00652-KDB-DSC   Document 28-26   Filed 08/30/18   Page 12 of 17

Confidential

SF-TTAB-00030332

underwriters from any and all claims and causes of action it may have against Princeton Vanguard arising out of or relating to the Registration, the Application, and Princeton Vanguard's advertising and sale of products under the PRETZEL CRISPS mark.

5. No Admission of Liability or Nonliability.

Each Party acknowledges and agrees that neither this Agreement, nor any consideration provided pursuant to this Agreement, shall be taken or construed to be an admission or concession by either Kraft Foods or Princeton Vanguard of any kind with respect to any fact, liability, or fault, or the lack thereof. In addition, notwithstanding anything herein to the contrary, nothing in this Agreement shall limit either Party's right to use a trademark in any jurisdiction where it has been found to be generic or merely descriptive by a national trademark office or a court of competent jurisdiction, after all appeals have been exhausted.

6. Construction: Governing Law; Venue.

The Parties agree that any suit or proceeding arising out of or relating to this Agreement shall be governed by the laws of the State of New York. The Parties hereby consent to the personal jurisdiction of the federal and state courts in New York, New York, for any dispute arising from or relating to this Agreement and agree that exclusive venue for litigation of any such dispute shall be in the County of New York, New York. This Agreement has been drafted jointly by the Parties following negotiations between their counsel, are fully understood and voluntarily accepted by them, and that they enter into this Agreement as a matter of their own free will. This Agreement shall be construed

23167147v5

12

Confidential                                                                                                           SF-TTAB-00030333

according to its terms and not for or against any Party. Section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

7. Complete Agreement.

This Agreement shall constitute the complete agreement of the Parties with respect to the subject matter hereof, and supersedes and replaces all prior negotiations, mediations, proposed agreements and agreements, whether written or oral.

8. Successors and Assigns.

This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective parents, subsidiaries, affiliates, successors and assigns, and their officers, directors, shareholders, servants, employees, attorneys and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any Party.

9. Independent Contractors.

The Parties are independent contractors with respect to each other, and nothing herein shall create any association, partnership, joint venture or agency relationship between them.

10. Waiver.

Waiver by a Party of any breach of any provision of this Agreement by the other Party shall not operate or be construed as a waiver of any subsequent or other breach. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

11. Entire Agreement.

This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and there are no inducements, representations, warranties, or understandings that do not appear within the terms and provisions of this Agreement. This Agreement may be modified only by a writing signed by both Parties.

12. Authorization.

Each individual signing this Agreement warrants and represents that he or she has the full authority and is duly authorized and empowered to execute this Agreement on behalf of the Party for which he or she signs.

13. Counterparts.

This Agreement will be executed by the Parties as of the Effective Date and may be executed in one or more counterparts, each of which when executed and delivered shall be deemed an original, but all of which taken together form a single instrument.

14. Binding Effect.

This Agreement shall be binding on the Parties, their successors in interest, subsidiaries, assignees or acquirers, including any acquirer of substantially all of the assets of a Party.

15. Severability.

If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the remaining provisions shall remain in full force and effect and the Parties shall negotiate in good faith to replace the invalidated provision with a new provision that is as close as possible to the letter and spirit of the invalidated provision.

**IN WITNESS WHEREOF**, the Parties execute this Agreement by their duly authorized representatives and acknowledge that they understand and agree to be bound by this Agreement's terms and conditions.

**Kraft Foods Global, Inc.**

By: *[signature]*

Print: JAY A. COOPER

Its: SVP, Biscuits

Signed: April 7, 2010

| **Princeton Vanguard, LLC** | **The Snack Factory, LLC** |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Print: Warren Wilson | Print: Warren Wilson |
| Its: Manager | Its: president |
| Signed: April 21, 2010 | Signed: April 21, 2010 |

9

23167147v5

## Exhibit A



10

23167147v5

16