UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC.,<br><br>Defendant. | ) | Case No. 3:17-CV-00652 |

**DECLARATION OF E. DEBORAH JAY Ph.D.**

I, E. Deborah Jay, declare as follows:

1. I am over the age of 18 and competent to testify. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. I am a principal and founder of Jay Survey Strategics, LLC, a California research firm that specializes in providing survey design, sampling, data collection and statistical analysis. I have more than 40 years of experience in conducting large-scale surveys of all types (*e.g.*, mail, Internet, telephone, and in-person), including surveys for public agencies, nonprofit organizations, private companies and law firms. During my career, I have designed and directed well over 800 surveys and more than 400 surveys in legal cases. I have testified on behalf of plaintiffs and defendants in proceedings before state and federal courts and other tribunals (such as the U.S. Patent and Trademark Office and the U.S. International Trade Commission), and routinely have been qualified by courts as an expert in survey methodology. I also have lectured on litigation surveys and survey methods before bar associations, trade associations, and business and law schools, and have been on the faculties of numerous continuing legal education programs.

3. When this matter was before the Trademark Trial and Appeal Board ("TTAB"), I designed, directed, and supervised the administration of a consumer survey on behalf of Princeton Vanguard LLC. The survey found that the term PRETZEL CRISPS is understood by a majority of consumers (55%) as a brand name, rather than as a common or generic name for a category of goods. Among those survey respondents who had an opinion as to whether PRETZEL CRISPS was a brand name or a common name, 60% indicated that they understood the term to be a brand name. Accordingly, I concluded that the survey supported a finding that the term PRETZEL CRISPS is not generic.

4. In connection with the TTAB proceedings I submitted three declarations. I submit this declaration specifically to respond to the following discussion of my survey from the TTAB's 2017 decision:

> [W]e find probative the criticism that Dr. Jay's instruction as to the meaning of a mark in the mini-course may have been ambiguous to participants in the Jay survey. In particular, the Jay survey used the term "WHEAT THINS" as an example of a brand. The issue with this choice, is that it is not a highly distinctive mark, and thus not a good example to participants of how to distinguish between a distinctive term and a merely well-advertised highly descriptive or even generic term. As we noted in a recent case, this can be problematic in a genericness survey. *See Sheetz of Del., Inc. v. Doctor's Assocs. Inc.*, 108 USPQ2d 1341, 1361 (TTAB 2013) (criticizing use of the "highly descriptive" terms QUARTER POUNDER and ORIGINAL RECIPE in the mini-course as examples of brands). Thus participants, given this instruction by Dr. Jay, may have been confused as

> to the difference between generic terms that, although highly advertised can never acquire trademark status, as compared with terms that although they are merely or even highly descriptive, may be capable of acquiring distinctiveness. *Id.* Thus, even if we had considered the Jay survey, consistent with our findings in *Sheetz*, we would have been constrained to accord less probative value to its results.

*Frito-Lay N. Am., Inc. v. Princeton Vanguard, LLC*, 124 U.S.P.Q.2d 1184, 1197 (T.T.A.B. 2014).

5. To address this discussion from the TTAB decision, I first provide some brief background from my prior survey. At the beginning of the survey, interviewers explained to respondents the difference between brand names and common or generic names in the following manner: "A common or generic name refers to a type of snack food whereas a brand name refers to a snack food from one company or source." Then, survey respondents were presented with two examples, as follows: "TRAIL MIX is a common or generic name for a type of snack food whereas CHEX MIX is a brand name. WHEAT CRACKERS is a common or generic name for a type of snack food whereas WHEAT THINS is a brand name."

6. To confirm that they understood the distinction between a common name and a brand name, survey respondents were given a mini-test and asked whether BAKED TOSTITOS is a brand name or common name, and whether TORTILLA CHIPS is a brand name or common name. I understood at the time, and understand now, that BAKED TOSTITOS is a registered trademark owned by Frito-Lay and TORTILLA CHIPS is the generic designation for BAKED TOSTITOS and other snack foods made from corn tortillas.

7. Those survey respondents who correctly identified BAKED TOSTITOS as a brand name and TORTILLA CHIPS as a common name qualified for the survey and were administered the remainder of the survey questionnaire.

8. The TTAB's criticism that WHEAT THINS is not a highly distinctive mark, and thus was not a good example to give respondents of how to distinguish between a distinctive term and a merely well-advertised highly descriptive term, is specious. As noted above, WHEAT THINS was not the only brand name that was provided to respondents as an example. Respondents also were told that CHEX MIX was an example of a brand name, which is a fanciful name for a type of snack food. Because descriptive terms like WHEAT THINS can be, and in fact are, brand names, it would not have been proper to suggest that a brand name can only be arbitrary or fanciful.

9. Moreover, in order to qualify to take the survey, respondents needed to demonstrate that they understood the difference between brand names and generic names by correctly answering the question about BAKED TOSTITOS and TORTILLA CHIPS. Accordingly, all respondents who qualified to take my survey demonstrated that they understood the difference between brand names and generic names.

10. In contrast to my survey, the Cogan survey in *Sheetz of Del., Inc. v. Doctor's Assocs. Inc.*, 108 USPQ2d 1341, 1361 (TTAB 2013), which the TTAB cited in its 2017 decision, did not include a mini-test. Accordingly, there was no way to know whether respondents in the Cogan survey understood the difference between a brand name and a generic name. The TTAB in *Sheetz* also found a number of other flaws in the Cogan survey, including that the universe of respondents was too narrow, and that respondents were given the option of stating that the

subject terms were both common names and brand names. For all of these reasons, the TTAB in *Sheetz* gave "very little weight" to the Cogan survey on the question of whether prospective purchasers of sandwiches, excluding hot dogs, viewed the term "Footlong" as a common name or a brand name. In contrast, my survey did not include any of the flaws identified in *Sheetz*.

I declare under the penalty of perjury, that the foregoing is true and correct.

Executed on this 27th day of October, 2018, in Redwood City, California.

E. Deborah Jay

____________________________

E. Deborah Jay, Ph.D.

CERTIFICATE OF SERVICE

I do certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record or interested parties via the CM/ECF system.

This 29th day of October, 2018.

ELLIS & WINTERS LLP

/s/ Jonathan D. Sasser

Jonathan D. Sasser
N.C. State Bar No. 10028
Alexander M. Pearce
N.C. State Bar No. 37208
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
jon.sasser@elliswinters.com
alex.pearce@elliswinters.com

DEBEVOISE & PLIMPTON LLP
David H. Bernstein*
James J. Pastore*
Jared I. Kagan*
Michael C. McGregor*
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*

*admitted *pro hac vice*