UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:17-CV-00652 |
| v. | ) ) | |
| FRITO-LAY NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) | |

**DECLARATION OF**
**CHRISTOPHER LAUZAU**

I, Christopher Lauzau, declare as follows:

1.      I am a Senior Legal Research Analyst at Debevoise & Plimpton LLP.  I understand Snack Factory, LLC ("Snack Factory") to be an affiliate of Princeton Vanguard.  I am over the age of 18 and competent to testify.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      I previously submitted declarations in November 2010 and May 2012 in proceedings before the Trademark Trial and Appeal Board ("TTAB") in relation to Opp'n Nos. 91190246 & 91195552 and Canc'n No. 92053001.  This declaration updates the results of the searches I conducted at those times.

3.     On April 20, 2012, in connection with the TTAB action, I conducted a search in LexisNexis's Mega News database for the terms "pretzel crisp" or "pretzelcrisp" since October 2004.  Attached as **Exhibit 1** is a true and correct copy of a printout showing the results of the LexisNexis Mega News search I conducted.

4.     The results include articles from both print publications and Internet blogs.  I personally reviewed each of the references identified as potentially relevant.  Overall there were 331 articles included in the results.  Because the database does not filter out punctuation or short words such as "the" or "of," there are some results that are not applicable to the search and were removed.  I removed those entries that appeared multiple times in the same publication.  In Exhibit 1 I have indicated with a check mark those articles that were removed as duplicates.  After eliminating irrelevant and duplicated entries, there were 260 references in articles between October 2004 and April 2012.  The vast majority refer to Princeton Vanguard's PRETZEL CRISPS product in a non-generic fashion.  Of those, a total of 216 (83%) clearly referred to PRETZEL CRISPS as a brand name of snacks produced by Snack Factory or its licensees.  The uses in an additional 8 results (3%) were unclear, but contextual clues suggest that the author was speaking about Snack Factory's PRETZEL CRISPS crackers.  In contrast, only 36 results (14%) referred to that phrase in a way that may have been a generic reference.

5.     In its 2017 decision, the TTAB stated that it could not give weight to my "findings as to the percentages that list the term in a particular fashion," because I did not remove duplicates that appear in different publications.  *Frito-Lay N. Am., Inc. v. Princeton Vanguard, LLC*, 124 U.S.P.Q.2d 1184, 1190 (T.T.A.B. 2016).  As noted above, in my initial analysis, I did remove duplicated articles that appeared in the same publication, but did not remove identical articles that were published in different publications because I understood those

2

to be articles that could be read by different readers and could have their own impact on readers' perception.

6.     If I did remove duplicated articles that appeared in different publications, the results would not be materially different.  In Exhibit 1, I have placed an asterisk next to the 26 entries that are duplicate articles that appeared in different publications that are already included in the list.  If those are removed, there would be 234 references.  A total of 197 (84%) referred to PRETZEL CRISPS as a brand name of snacks produced by Snack Factory, including the 8 references that, based on contextual clues, suggest that the author was speaking about Snack Factory's PRETZEL CRISPS crackers.  In contrast, only 37 results (16%) referred to that phrase in a way that may have been a generic reference.

7.     Additionally, I conducted a search for "pretzel crisps," "pretzel crisp" or "pretzelcrisp" for the period from April 21, 2012 to October 23, 2018 in the LexisNexis Advance database.  Attached as **Exhibit 2** is a true and correct copy of a printout showing the results.[1] Overall there were 1,469 articles included in the results.  After eliminating duplicated entries (including duplicated articles that appear in different publications), there was a total of 895 unique articles.  Of those, 786 (87.8%) used PRETZEL CRISPS as a trademark, 24 (2.7%) were false positives, and 85 (9.5%) used the term in an arguably generic fashion.  In Exhibit 2, I have included a notation on each article as to how I categorized the article's usage of the PRETZEL CRISPS mark:  "T" indicates the article uses PRETZEL CRISPS as a mark, "G" indicates the article uses PRETZEL CRISPS in an arguably generic fashion, "N" indicates a false positive, and "D" indicates a duplicate.

---

[1]     There were approximately 60 articles where, because of the length of the articles (about 1,000 pages long), I included only the search results, rather than the full text of the article.

3

8. On October 24, 2018, I conducted a search on the "Google" search engine for the term "pretzel crisps" and I reviewed the first page of results. Attached as **Exhibit 3** is a true and correct copy of the printout showing the Google search results for "pretzel crisps." I understand that in the TTAB's 2017 decision it observed that the Google search results were "not very probative since the Google results are very truncated and do not provide [] sufficient information upon which to make a clear finding." *Frito-Lay N. Am.*, 124 U.S.P.Q.2d at 1193. While many of the results clearly refer to Snyder's-Lance's product, I have attached a print out of the full underlying webpages for the first page of results attached hereto as **Exhibit 4**. Based on my review of the results, 87 (90%) used the term PRETZEL CRISPS as a trademark or referred directly to Princeton Vanguard's product. Only 10 (10%) use the term in an arguably generic fashion.

9. On September 20, 2018, I conducted searches of a number of online grocer websites. Attached as **Exhibit 5** is a true and correct copy of the printout from each website of the product category in which Snyder's-Lance's PRETZEL CRISPS pretzel crackers appears. None of the sites indicated that PRETZEL CRISPS was a category or generic name.

10. Examples of the product categories I found on the online grocers' sites include:

- Peapod lists "Pretzel Crackers" as a category of products that include Snack Factory's PRETZEL CRISPS product.

- Instacart lists "Chips & Pretzels" as a category of products and lists "Pretzel Crisps" as a brand.

- Amazon lists "Pretzels" as a category of products and lists "Pretzel Crisps" among the "Featured Brands."

- Target lists "Popcorn & Pretzels" as a category of products and lists "Pretzel Crisps" as a brand.

11. On October 9, 2018, in relation to my prior declarations in this case, I requested that the New York Public Library conduct a search in their encyclopedias for the term "pretzel

4

crisps." I did not conduct the search myself since I did not have access to these encyclopedias; however, the Library provided scanned images of the relevant pages from these encyclopedias, attached hereto as **Exhibit 6**. The Library searched the following encyclopedias:

- The Cambridge Encyclopedia, 4th ed.
- The Chambers Encyclopedia
- The Columbia Encyclopedia, 6th ed.
- The Macmillan Encyclopedia
- Merriam Webster's Collegiate Encyclopedia
- The New Encyclopaedia Britannica, 15th ed.
- The New Penguin Encyclopedia
- The World Book Encyclopedia

The term "pretzel crisps" did not appear as an entry in any of these encyclopedias.

12.     On October 9, 2018, in relation to my prior declarations in this case, I also requested that the New York Public Library conduct a search in their dictionaries for the term "pretzel crisps." I did not conduct the search myself because I did not have access to all of these dictionaries; however, the Library provided scanned images of the relevant pages from these dictionaries, attached hereto as **Exhibit 7**. The Library searched the following dictionaries:

- American Heritage Dictionary, 5th ed.
- American Heritage Dictionary of The English Language, 5th ed.
- The Chambers Dictionary, 11th ed.
- Concise Oxford English Dictionary, 12th ed.
- Collins English Dictionary
- Merriam Webster Dictionary
- Merriam Webster's Collegiate Dictionary, 11th ed.
- The Penguin English Dictionary, 3rd ed.

5

- Random House Webster's Unabridged Dictionary, 2nd ed.

- Shorter Oxford English Dictionary, 6th ed.

- Webster's Third New International Dictionary

No dictionary that I reviewed included "pretzel crisps," as a generic term or otherwise. Every dictionary indicated that "crisps" referred to something crisp or easily crumbled, potato chips, or a fruit dessert with a baked crunchy mixture.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York this 24th day of October, 2018.

Christopher Lauzau

CERTIFICATE OF SERVICE

I do certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record or interested parties via the CM/ECF system.

This 29th day of October, 2018.

ELLIS & WINTERS LLP

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Alexander M. Pearce
N.C. State Bar No. 37208
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
jon.sasser@elliswinters.com
alex.pearce@elliswinters.com

DEBEVOISE & PLIMPTON LLP
David H. Bernstein*
James J. Pastore*
Jared I. Kagan*
Michael C. McGregor*
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*

*admitted *pro hac vice*