UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:17-CV-00652 ) ) |
| FRITO-LAY NORTH AMERICA, INC., | ) ) ) ) |
| Defendant. | ) |

## DECLARATION OF ELLIOT BEAVER

I, Elliot Beaver, declare as follows:

1. I am a Litigation Case Manager at Debevoise & Plimpton LLP, counsel for Plaintiffs in this action. I understand Snack Factory, LLC ("Snack Factory") to be an affiliate of Princeton Vanguard, LLC. I am over the age of 18 and competent to testify. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. On October 28, 2018, I reviewed search results on Twitter for "pretzel crisps" (the "Pretzel Crisps Search") and "#pretzelcrisps" (the "Hashtag Search") from April 1, 2018 through October 24, 2018. Attached hereto as **Exhibit 1** is a true and correct copy of a printout showing the results of the Pretzel Crisps Search from April 1, 2018 through October 24, 2018, and attached as **Exhibit 2** is a true and correct copy of a printout showing the results of the Hashtag Search from April 1 2018 through October 24, 2018. I reviewed this time frame in order to assess a recent sample of consumer references to Pretzel Crisps. I looked at Twitter because many brands use Twitter to promote their brand, and individuals use Twitter to comment on their

experience with various brands. For example, Frito-Lay's STACY's pita chips has a Twitter profile at https://twitter.com/stacyspitachips. Twitter also enables users to search across all public tweets and sort those tweets in chronological order; this allows a user to see easily how Pretzel Crisps has been used by brands and consumers.

3. I personally reviewed each of the tweets in the Pretzel Crisps Search and the Hashtag Search. Overall there were 1,806 tweets in the Pretzel Crisps Search and 140 tweets in the Hashtag search from the above-referenced date range. The majority of tweets in each search clearly referenced the PRETZEL CRISPS brand in a non-generic fashion – 1137 (63%) in the Pretzel Crisps Search and 132 (94%) in the Hashtag Search. In contrast, only 271 (15%) tweets in the Pretzel Crisps Search and 1 (1%) in the Hashtag search used "pretzel crisps" in an arguably generic manner. 329 (18%) tweets in the Pretzel Crisps Search and 7 (5%) tweets in the Hashtag Search were unclear as to whether PRETZEL CRISPS was being used as a brand name or as a generic name. There also were 69 (4%) false positives in the Pretzel Crisps Search and no false positives in the Hashtag Search.

4. Excluding tweets that were posted by Snack Factory, there were 703 (51%) tweets in the Pretzel Crisps Search and 26 (76%) tweets in the Hashtag search that referenced the PRETZEL CRISPS brand in a non-generic fashion. Only 271 (20%) tweets in the Pretzel Crisps Search and 1 (3%) tweet in the Hashtag search referenced "pretzel crisps" in an arguably generic manner. 329 (24%) tweets in the Pretzel Crisps Search and 7 (21%) tweets in the Hashtag search were unclear as to whether PRETZEL CRISPS was being used as a brand name or as a generic name.

2

5. Notably, neither the Pretzel Crisps Search nor the Hashtag Search included tweets from companies other than Snack Factory to refer to their own products using "pretzel crisps" or "#pretzelcrisps."

6. I counted as brand references tweets that were posted by Snack Factory, such as the example below. In the Pretzel Crisps Search there were 434 (24%) such tweets and in the Hashtag Search there were 106 (76%) tweets.



7. I counted as brand references tweets that were posted by third parties that plainly referred to Snack Factory, such as tweets that included (i) the @PretzelCrisps handle (which is Snack Factory's Twitter handle), as in the first example below; (ii) #SnackFactory, as in the second example below; (iii) a reference to "Snack Factory", as in the third example below; (iv) an ® or ™ symbol, as in the fourth example below; (v) use of Pretzel Crisps in capital letters, as in the fifth example below; or (vi) an image of Snack Factory's Pretzel Crisps, as in the sixth example below. In the Pretzel Crisps Search there were 697 (39%) such tweets and in the Hashtag Search there were 23 (16%) tweets.

3





8. I counted as brand references tweets that, while not clear on their face, included, for example, a link to an Instagram post which made clear that the tweet referred to Snack Factory Pretzel Crisps. An example is shown below, with the tweet shown first and the linked-to Instagram post below it (that shows the Snack Factory package). In the Pretzel Crisps Search there were 6 (<1%) such tweets and in the Hashtag Search there were 3 (2%) tweets.





9. I counted as arguably generic tweets where the person tweeting referred to Pretzel Crisps as a category or referred to another brand, such as in the below example where the Instagram link in the post leads to an image of another brand of pretzels. In the Pretzel Crisps Search there were 271 (15%) such tweets and in the Hashtag Search there was 1 (1%) tweet.





10. I counted as neither a brand reference nor a generic reference tweets where it was not clear whether or not the person tweeting was referring to Snack Factory Pretzel Crisps, such as in the below example. In the Pretzel Crisps Search there were 329 (18%) such tweets and in the Hashtag Search there were 7 (5%) tweets.



11. I counted as false positives tweets where the words "pretzel" and "crisps" did not appear or where they appeared separately, such as in the below example. There were 69 false positives (4%) in the Pretzel Crisps Search and no false positives in the Hashtag Search.



I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York this 29th day of October, 2018.

Elliot Beaver

CERTIFICATE OF SERVICE

I do certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record or interested parties via the CM/ECF system.

This 29th day of October, 2018.

                    ELLIS & WINTERS LLP

                    /s/ Jonathan D. Sasser
                    Jonathan D. Sasser
                    N.C. State Bar No. 10028
                    Alexander M. Pearce
                    N.C. State Bar No. 37208
                    Post Office Box 33550
                    Raleigh, North Carolina 27636
                    Telephone: (919) 865-7000
                    jon.sasser@elliswinters.com
                    alex.pearce@elliswinters.com

                    DEBEVOISE & PLIMPTON LLP
                    David H. Bernstein*
                    James J. Pastore*
                    Jared I. Kagan*
                    Michael C. McGregor*
                    919 Third Avenue
                    New York, New York 10022
                    Telephone: (212) 909-6696
                    dhbernstein@debevoise.com
                    jjpastore@debevoise.com
                    jikagan@debevoise.com
                    mcmcgregor@debevoise.com

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*

*admitted *pro hac vice*