# EXHIBIT 7

## TRADEMARK LICENSE AGREEMENT

This Trademark License Agreement ("*Agreement*"), is made and entered into as of January __17__, 2018 ("*Effective Date*"), by and between **Princeton Vanguard, LLC**, a Delaware corporation with a place of business at 13515 Ballantyne Corporate Place, Charlotte, NC 28277 ("*Princeton Vanguard*"), and **Siegert Enterprises DBA Betty Jane Homemade Candies Inc.**, an Iowa corporation with a place of business at 3049 Asbury Rd Dubuque IA, 52001 ("*Betty Jane*") (each, a "*Party*," and, collectively, the "*Parties*").

WHEREAS, Princeton Vanguard has been using the trademark PRETZEL CRISPS (the "*Mark*") in the United States since 2004 and thus has long-standing common law trademark rights in the Mark;

WHEREAS, Princeton Vanguard owns U.S. Trademark Registration No. 2,980,303 for the trademark PRETZEL CRISPS for use in connection with pretzel crackers;

WHEREAS, Betty Jane is currently selling its Betty's Bites snack product using the Mark on the product packaging;

WHEREAS, on December 20, 2017, Princeton Vanguard, through its parent company, Snyder's-Lance, Inc., sent a letter to Betty Jane notifying it that Snyder's-Lance had rights to the Mark and requesting that Betty Jane cease use of the Mark on the Betty's Bites product packaging;

WHEREAS, Betty Jane replied on January 3, 2018, agreeing to cease use of the Mark but requesting the ability to sell off the current remaining inventory of the Betty's Bites packaging displaying the Mark;

WHEREAS, the Princeton Vanguard desires to grant Berry Jane a limited license to use the Mark for the purposes of selling off all remaining inventory of the Betty's Bites products displaying Mark;

WHEREAS, Betty Jane represents that, since [12/1/2017], it has produced a total of 71,000 packages of its BETTY'S BITES products using the mark PRETZEL CRISPS, and that it expects to sell off the remainder of its inventory by December 31, 2018;

NOW, THEREFORE, the Parties agree as follows:

1. License. Princeton Vanguard grants Betty Jane a non-exclusive, non-transferable, royalty-free nunc pro tunc license to use the Mark for the sole purpose of selling off its any and all remaining inventory of the Betty's Bites snack products with packaging displaying the Mark. This Agreement does not give Betty Jane any right to use the Mark in any other way, including but not limited to on any packaging produced after the Effective Date, or in any advertising or marketing.

> **Commented [MC1]:** Betty Jane: please confirm/complete the correct entity name and information.
>
> **Commented [MC2]:** Betty Jane – please complete.
>
> **Commented [MC3]:** Betty Jane – please complete.

1

2. Ownership. Betty Jane acknowledges that Princeton Vanguard is the exclusive owner of the Mark and acknowledges the validity of the Mark. Betty Jane shall not take any steps to challenge Princeton Vanguard's ownership or validity of the Mark.

3. Quality Control. Betty Jane shall ensure that all Betty's Bites products using the Mark are of a high quality and shall continue to be of a level of quality at least as high as the quality of the Betty's Bites products offered to date. Upon reasonable request and at Princeton Vanguard's expense, Betty Jane shall provide Princeton Vanguard with samples of the Betty's Bites products to demonstrate the quality of its goods sold using the Mark.

4. Registration and Enforcement. Princeton Vanguard shall have the sole right (without obligation) to file, prosecute, maintain, defend and enforce the Mark and all trademark applications and registrations therefor, including the right to sue, recover damages and obtain injunctive relief for all past, present and future infringement and dilution of Mark. In the event that Betty Jane learns of any actual or suspected infringement of the Mark by a third party, it shall notify Princeton Vanguard, and shall cooperate in a commercially reasonable manner, at Princeton Vanguard's expense, with Princeton Vanguard's efforts to investigate, terminate, and recover damages for, any suspected or actual infringement.

5. Term and Termination. This nunc pro tunc license commences as of [4/5/2016], and will continue until December 31, 2018, unless terminated. This Agreement may be terminated by Princeton Vanguard on 30 days written notice to Betty Jane. Upon termination of this Agreement for whatever reason, all rights of Betty Jane to use the Mark immediately shall cease.

> **Commented [MC4]:** Betty Jane – this should be the date the Betty's Bites were first sold.

6. Governing Law and Dispute Resolution. This Agreement shall be governed by North Carolina law applicable to agreements made and to be fully performed in the State of North Carolina, and without reference to the conflicts of laws principles of any jurisdiction. Any dispute related to this Agreement shall be heard in the federal or state courts located in Charlotte, North Carolina, and the parties consent to the exclusive jurisdiction of those courts for purposes of enforcement of this Agreement or any dispute arising from this Agreement.

7. Assignment and Sublicense. This Agreement, including the license granted herein, shall not be assignable or sublicensable by Betty Jane without the prior written consent of Princeton Vanguard, and any attempt to assign or sublicense without such consent shall be void.

8. This Agreement constitutes the entire agreement between the Parties with respect to the Mark, and supersedes all prior oral or written agreements, commitments or understandings. Any amendment, change or modification to this Agreement must be in writing and signed by both Parties.

9. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, shareholders, servants, employees, attorneys and agents, or any committee or other arrangement of creditors organized with respect to the affairs of each Party.

10. Each Party represents and warrants that it has all requisite corporate power and authority to execute and deliver this Agreement and to carry out its obligations under this Agreement. No

person or entity other than the Parties is or shall be entitled to be a beneficiary of any provision of this Agreement. It is the express intention of the Parties that the relationship of Princeton Vanguard and Betty Jane shall be that of independent contractors and shall not be that of agents, partners, or joint venturers.

11. This Agreement shall be fairly interpreted in accordance with its terms and without strict construction in favor of or against either Party based on the identity of the drafter of this Agreement or any term or provision thereof.

12. This Agreement may be executed in counterparts, each of which shall be deemed an original and both of which together shall constitute one Agreement. True and correct copies, including facsimile, electronic or PDF copies of signed counterparts, may be used in place of originals for any purpose and shall have the same force and effect as an original.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized officers effective as of the Effective Date.

| PRINCETON VANGUARD, LLC | SIEGERT ENTERPRISES DBA BETTY JANE HOMEMADE CANDIES INC. |
|---|---|
| By: Jade Cobb Murray | By: DREW SIEGERT |
| Name: Jade L | Name: D - Siegert |
| Title: Assistant Secretary | Title: PRESIDENT |
| Date: 1/18/18 | Date: 1/17/18 |

**Commented [MC5]:** Betty Jane – please confirm correct entity name