IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:17-CV-00652-RJC-DSC

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>FRITO-LAY NORTH AMERICA, INC., <br><br>Defendant. | **PROTECTIVE ORDER** |

**THIS MATTER** is before the Court upon the joint Motion of the Parties for entry of a Stipulated Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based on the representation and stipulation of the parties, the Court finds that certain information sought to be produced during discovery in this action likely will represent or contain sensitive, confidential, or proprietary business information, or other confidential personal, financial, or personnel records, and/or technical or commercial information and/or trade secrets. Accordingly, the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order").

IT IS THEREFORE ORDERED as follows:

1. **Parties to the Protective Order.** The parties to this Protective Order are Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC. and Defendant Frito-Lay North America, Inc. (collectively, the "Parties"). The Parties consent to the entry of this Protective Order through their respective counsel of record. To the extent that any other person seeks

access to information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order, such person or its counsel must be an "Authorized Person" as defined in paragraph 13 of this Protective Order.

2. **Material Governed.** This Protective Order shall govern all discovery material produced or disclosed in the above-captioned litigation (the "Litigation"), including documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, and such other materials and information as may be provided by the Parties or other persons during the course of discovery in this Litigation, including pages of documents or divisible parts of other materials.

3. **"Confidential" and "Highly Confidential" Information.**

The designation of material as Confidential Information or Highly Confidential Information shall be deemed effective, subject to the provisions of paragraph 18.

    a. For purposes of this Protective Order, "Confidential Information" means information in any form, including those forms described in paragraph 2, that is disclosed and designated in accordance with the procedures set forth in this Protective Order and that reflects or contains personal, business, financial, or economic information that would ordinarily be maintained in confidence, where the disclosing person has taken appropriate efforts to maintain the confidentiality of such information, or the party is otherwise required to keep such information confidential by agreement or law.

2

Case 3:17-cv-00652-KDB-DSC   Document 50   Filed 01/08/19   Page 2 of 18

b.      For purposes of this Protective Order, "Highly Confidential Information" means information in any form, including those described in paragraph 2, that is disclosed and designated in accordance with the procedures set forth in this Protective Order and that reflects or contains Confidential Information that is also competitively sensitive information, trade secret or other confidential research, development, or commercial information, personnel information, personal financial information, or personal health information.

4.      **Public Information.**  No document or other material that is or becomes available to the public, other than through a violation of this Protective Order, shall be considered Confidential Information or Highly Confidential Information.

5.      **Uses.**  Confidential Information or Highly Confidential Information appearing in any form, including those described in paragraph 2, may not be disclosed to any person except as permitted in paragraph 13 or as otherwise ordered by the Court.  Confidential Information or Highly Confidential Information produced in this Litigation is to be used solely for purposes of this Litigation and shall not be used in any other litigation, or for any business or other purpose whatsoever.  By their signatures below, undersigned counsel specifically agree and represent that they and their clients will not provide such information or documents to anyone who is not an Authorized Person under paragraph 13, including but not limited to posting (either directly or indirectly) any Confidential Information or Highly Confidential Information on any website that is accessible to anyone who is not an Authorized Person under paragraph 13.

6.      **Designation of Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."**  A Party or other person may, in the exercise of good faith, designate any material as Confidential Information or Highly Confidential Information pursuant to this

3

Protective Order.  Documents, responses to interrogatories, responses to requests for admission, exhibits and other material may be designated as containing Confidential Information or Highly Confidential Information by stamping the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page or medium containing the material or data sought to be protected, such that the material or data appearing on the page is not obscured.  Upon request of counsel for any Party to this Litigation, the designating person shall promptly and precisely identify the Confidential Information or Highly Confidential Information on a page stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Material produced or used in a non-hard copy format (*i.e.*, a native format, such as an Excel spreadsheet file or Word document file) may be designated as containing Confidential Information or Highly Confidential Information by stamping the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on any compact disc containing such material and/or by otherwise conspicuously indicating, as appropriate for the type of electronic material at issue, that such material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (*e.g.*, by including the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the name of the electronic file).

7.     **Documents Produced for Inspection.**  For purposes of disclosing documents for inspection, the disclosing person may refrain from designating specific documents as Confidential Information or Highly Confidential Information until after the inspecting person has selected specific documents and/or materials for copying.  In this event, the disclosing person shall announce in writing prior to producing the documents or material for inspection that all such documents and material should be considered Confidential Information or Highly Confidential Information for the purposes of the inspection.  After the inspecting person selects

4

Case 3:17-cv-00652-KDB-DSC   Document 50   Filed 01/08/19   Page 4 of 18

specified documents and material for copying but before the production of such copies, the disclosing person shall designate any Confidential Information or Highly Confidential Information contained in such material.

8. **Other Pre-Disclosure Obligations.**  This Protective Order shall not be construed as relieving a Party from any additional pre-disclosure obligations imposed by law, regulation, protective order, or non-disclosure agreement.

9. **Deposition Designations in General.**  All oral deposition testimony, regardless of whether the testimony was designated as Confidential Information or Highly Confidential Information on the record, shall be treated as Highly Confidential Information and subject to this Protective Order for thirty days after the date of such deposition.

10. **Designations During the Deposition.**  Any person may, on the record at the deposition, designate portions of oral testimony, or the testimony in its entirety, as Confidential Information or Highly Confidential Information.  In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information or Highly Confidential Information, the question shall nonetheless be answered by the witness fully and completely.  Before the witness answers, however, any person other than the witness who is not an Authorized Person as defined in paragraph 13 of this Protective Order shall leave the room and shall remain absent during the time in which Confidential Information or Highly Confidential Information is disclosed or discussed.  When any document or other material designated as Confidential Information or Highly Confidential Information is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is Confidential Information or Highly Confidential

Information pursuant to this Protective Order. Only Authorized Persons under paragraph 13 shall be present at the deposition during the discussion of such exhibit. No deposition exhibit marked as Confidential Information or Highly Confidential Information shall be provided to any person who is not an Authorized Person under paragraph 13. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as Confidential Information or Highly Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order pursuant to paragraph 18.

11. **Designations After the Deposition.** Alternatively, counsel for the designating party may designate an entire transcript or designate specific pages and lines of the transcript or video recording of the deposition as Confidential Information or Highly Confidential Information by notifying counsel for the Parties and other attendees of the deposition in writing within thirty calendar days of service of the deposition. If within such thirty calendar days no person timely designates the transcript or recording, or any portion thereof, as Confidential Information or Highly Confidential Information, then the transcript and any recording shall not thereafter be subject to this Protective Order. Deposition exhibits that are marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being designated as Confidential Information or Highly Confidential Information.

A separately bound transcript of those portions of the deposition testimony and exhibits that are designated as Confidential Information or Highly Confidential Information may be made

6

Case 3:17-cv-00652-KDB-DSC   Document 50   Filed 01/08/19   Page 6 of 18

and the cover shall be marked with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. If any portion of any transcript so marked is required to be filed with the Court, it shall be filed using the procedures set forth in paragraph 22.

12. **Restrictions on Disclosure.** No Confidential Information or Highly Confidential Information shall be disclosed to any persons other than those Authorized Persons identified in paragraph 13, who may use such information only for the purposes described in paragraph 5. Nothing in this Protective Order, however, shall prevent disclosure beyond the terms of this Protective Order if the person designating the information consents in writing prior to such disclosure, or if the Court orders such disclosure. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of information by the person who supplied the information, or otherwise limit the ability of a person to publicly disclose its own Confidential Information or Highly Confidential Information.

13. **Authorized Persons.**

   a. Except as agreed to in writing by the designating person (or its counsel) or as otherwise provided by this Protective Order, and only after compliance with the procedures set forth herein, access to Confidential Information shall be restricted to the following persons:

   i. The Court and court personnel;

   ii. The Parties to this Litigation and their insurance carriers;

   iii. Counsel of record for the Parties, along with associated attorneys in their law firms, and law clerks, paralegals, clerical staff, and other staff employed by such law firms;

   iv. Independent consulting or testifying expert witnesses or trial consultants, including their staff, retained by the parties in connection with this case and mock jurors, provided that such

7

persons sign the Agreement Concerning Protected Information attached hereto as Exhibit A ("Confidentiality Agreement");

v. The officer or court reporter taking, reporting, recording, transcribing, or videotaping deposition or other testimony in this action, and employees of such officers or court reporters to the extent necessary to prepare the transcript of the deposition;

vi. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

vii. any mediator who works on this matter, and his or her staff, who have signed Exhibit A;

viii. Any other person who is subsequently designated either by written agreement by the Parties or by order of the Court and who has signed the Confidentiality Agreement.

b. Except as agreed to in writing by the designating person (or its counsel) or as otherwise provided by this Protective Order, and only after compliance with the procedures set forth herein, access to Highly Confidential Information shall be restricted to the following persons:

i. The Court and Court personnel;

ii. Counsel of record for the Parties, along with associated attorneys in their law firms, and law clerks, paralegals, clerical staff, and other staff employed by such law firms;

iii. Independent consulting or testifying expert witnesses or trial consultants, including their staff, retained by the parties in connection with this case and mock jurors, provided that such persons sign the Confidentiality Agreement;

iv. The officer or court reporter taking, reporting, recording, transcribing, or videotaping deposition or other testimony in this action, and employees of such officers or court reporters to the extent necessary to prepare the transcript of the deposition;

8

v. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

vi. any mediator who works on this matter, and his or her staff, who have signed Exhibit A;

vii. during their testimony or preparation for their testimony, witnesses in the action to whom disclosure is reasonably necessary (such witnesses shall be bound by the terms of this stipulated order and shall be given a copy of it at the outset of a deposition); and

viii. Any other person who is subsequently designated either by written agreement by the Parties (such as witnesses in the Litigation, to whom disclosure is reasonably necessary) or by order of the Court and who has signed the Confidentiality Agreement.

Each person described above to whom Confidential Information or Highly Confidential Information is delivered shall maintain the confidentiality of the document and/or information. In the event that any person subject to this Protective Order shall cease to be involved in this Litigation, such person's access to the Confidential Information or Highly Confidential Information shall be terminated and such person shall either promptly return such Confidential Information or Highly Confidential Information to the person who designated it or destroy such information, providing a written confirmation of such destruction to the person who designated it. Any person who has agreed to be bound by this Protective Order will continue to be bound even if no longer involved in this Litigation.

14. **<u>Safe-Keeping of Confidential Information or Highly Confidential Information</u>.** The recipient of any Confidential Information or Highly Confidential Information disclosed pursuant to this Protective Order shall maintain it in a secure area and shall exercise due and proper care to protect its confidentiality.

15. **Inadvertent Disclosure of Confidential Information or Highly Confidential Information by Designating Person.** Failure to designate or stamp information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of its production shall not constitute a waiver of protection of such Confidential Information or Highly Confidential Information, provided that the disclosing person or its counsel promptly notifies all receiving persons upon realizing the failure. Any person who is notified that Confidential Information or Highly Confidential Information has been inadvertently produced shall treat the information as subject to this Protective Order unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the Confidential Information or Highly Confidential Information that such material shall be treated and handled in accordance with this Protective Order. However, the receiving person shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

16. **Disclosure of Confidential Information or Highly Confidential Information by Receiving Party.** If a Party or other person receiving Confidential Information or Highly Confidential Information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Protective Order, such receiving Party or person shall immediately (i) notify in writing the person who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Information or Highly Confidential Information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

17. **Inadvertent Production of Privileged or Otherwise Protected Information.** Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of privileged or otherwise protected information shall not constitute waiver of any such privilege or protection. If the producing Party determines that such inadvertent production has occurred, the producing Party shall notify the receiving Party pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. If the receiving Party reasonably and in good faith believes that the producing Party has produced privileged or otherwise protected information, the receiving Party shall promptly notify the producing Party, and shall thereafter comply with all requirements of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, as if the producing Party had notified the receiving Party of the inadvertent production.

18. **Objections to Designations.** Counsel for any Party may, within one hundred and eighty calendar days of receiving any material designated as Confidential Information or Highly Confidential Information, object to such designation and seek the release of such material from the terms and provisions of this Protective Order by making such request in writing to the person who designated such material as Confidential Information or Highly Confidential Information. Upon making such a request, the Party requesting the release shall initiate a "meet and confer" among all Parties to this Protective Order and the person who designated the material as Confidential Information or Highly Confidential Information. If the Parties and the designating person are unable to agree as to whether the material at issue is properly designated Confidential Information or Highly Confidential Information, counsel for the producing Party may, within fourteen days of the "meet and confer" session, file a motion for protective order to maintain the designation with the Court. In the event such a motion is filed, information originally designated

as Confidential Information or Highly Confidential Information shall be subject to this Protective Order until the Court rules otherwise. If no motion is filed within such fourteen days, the designation is deemed withdrawn and disclosures can occur as if no designation ever had been made.

19. **Notification of Subpoenas.** In the event that any person who receives or is in possession of Confidential Information or Highly Confidential Information subsequently receives from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such Confidential Information or Highly Confidential Information, that person shall immediately notify in writing the person who designated the material as Confidential Information or Highly Confidential Information, specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the designating person the opportunity to intervene and seek to prohibit the disclosure of the material. Where possible, at least ten calendar days' notice shall be given prior to the production or disclosure sought to be compelled. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclose Confidential Information or Highly Confidential Information before notice is given to the person who designated such material as Confidential Information or Highly Confidential Information.

20. **Third Parties.** Any subpoena issued to any non-party shall be accompanied by a copy of this Protective Order. Any person who produces information pursuant to subpoena, other legal process, or otherwise may designate such material as Confidential Information or Highly Confidential Information pursuant to this Protective Order.

21. **Newly Added Parties.** In the event that additional parties are named in this Litigation, neither they nor their counsel shall have access to Confidential Information or Highly Confidential Information until this Protective Order has been amended, with the Court's approval, to govern such additional parties and counsel, and until such additional parties and their counsel have signed the Confidentiality Agreement.

22. **Filing with the Court.** No Party or other person shall file any materials that contain Confidential Information or Highly Confidential Information with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file materials containing Confidential Information or Highly Confidential Information with the Court or to reference or quote Confidential Information or Highly Confidential Information in any filing, its counsel shall comply with the provisions of Local Civil Rule 6.1 regarding filing information under seal.

23. **No Waiver.** By consenting to this Protective Order, no Party waives any right it may have to dispute any person's designation of Confidential Information or Highly Confidential Information. Further, by declining to challenge the designation of any material as Confidential Information or Highly Confidential Information, no Party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason.

24. **Use at Trial.** Any Party may move this Court for an order that the evidence at trial be received in such a way as to prevent unnecessary disclosure consistent with applicable law. Absent such additional order of this Court, all parties are entitled to use Confidential Information or Highly Confidential Information as evidence during trial or a hearing without restriction. The Parties shall have the right to request that any hearing or portions of any hearing

involving the use or presentation of Confidential Information or Highly Confidential Information be conducted *in camera*.

25. **Conclusion of Litigation.** The ultimate disposition of documents and materials marked Confidential or Highly Confidential shall be subject to a final order of the Court upon the completion of this Litigation.  Absent an order of this Court to the contrary, the Parties shall dispose of such materials that remain in their possession at the conclusion of this Litigation in accordance with this Section.  At the conclusion of this Litigation, copies of any document, pleading, deposition or other material marked Confidential Information or Highly Confidential Information pursuant to the terms of this Protective Order shall be destroyed within sixty calendar days of the disposition or final termination of this case (or if a post-hearing motion or appeal is filed, sixty calendar days after the disposition of those matters).  Counsel for each person who has received Confidential Information or Highly Confidential Information shall certify in writing to the disclosing person that all such information has been destroyed.  The primary objective of this Section is to destroy hard-copies as well as to destroy reasonably accessible electronic copies of material marked Confidential Information or Highly Confidential Information.  Nothing herein shall require any of the signatories or parties to conduct searches within back-up systems for Confidential or Highly Confidential Information for purposes of complying with this Protective Order.  Notwithstanding the foregoing, counsel may retain electronic and hard-copy archival copies of court filings, deposition and trial transcripts, as well as any materials constituting attorney work product containing Confidential Information or Highly Confidential Information, which materials will remain subject to this Protective Order.

14

Case 3:17-cv-00652-KDB-DSC   Document 50   Filed 01/08/19   Page 14 of 18

26. **Survival.** The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this Litigation and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this Litigation, the filing of a notice of appeal, or the filing of any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

27. **Modification or Termination.** The entry of this Protective Order shall be without prejudice to the rights of any person to apply for additional or different protection where it is deemed appropriate. This order is subject to modification or termination by the Court upon showing of good cause.

28. **Notices.** All notices required or permitted to be provided by this Protective Order shall be made by email. In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

SO ORDERED.

Signed: January 8, 2019

David S. Cayer
United States Magistrate Judge

STIPULATED AND AGREED:

/s/Alexander M. Pearce
Jonathan D. Sasser
N.C. State Bar No. 10028
Alexander M. Pearce
N.C. State Bar No. 37208
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
jon.sasser@elliswinters.com
alex.pearce@elliswinters.com


DEBEVOISE & PLIMPTON LLP
David H. Bernstein*
James J. Pastore*
Jared I. Kagan*
Michael C. McGregor*
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*

*admitted *pro hac vice*

/s/Alice C. Richey
Alice C. Richey
N.C. State Bar No.: 13677
ALEXANDER RICKS PLLC
4601 Park Road, Suite 580
Charlotte, North Carolina 28209
Telephone:     (980) 335-0720
Facsimile:     (704) 365-3676
alice@alexanderricks.com


William G. Barber (admitted *pro hac vice*)
David E. Armendariz (admitted *pro hac vice*)
PIRKEY BARBER PLLC
600 Congress Ave.; Suite 2120
Austin, Texas 78701
Telephone: (512) 482-5223
Facsimile: (512) 322-5201
bbarber@pirkeybarber.com
darmendariz@pirkeybarber.com

*Attorneys for Defendant*

16

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:17-CV-00652

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FRITO-LAY NORTH AMERICA, INC., | ) ) ) |
| Defendant. | ) |

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**AGREEMENT CONCERNING PROTECTED INFORMATION**

The undersigned acknowledges that s/he has been given access to certain documents or testimony covered by the Protective Order in this case, that s/he has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, that s/he consents to the jurisdiction of the United States District Court for the Western District of North Carolina, for purposes of enforcing this Protective Order, and that s/he has been designated as an Authorized Person under the terms of this Protective Order. The undersigned further understands that the Protective Order prohibits her/him from disclosing or discussing the contents of any document or other material designated in accordance with the Protective Order to or with any person other than those individuals identified in the Protective Order. The undersigned further understands that her/his use of such documents or material is limited to those uses authorized by the Protective Order.

17

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE

18