# EXHIBIT A

| | | |
|---|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | **Defendant's First Set of Requests for Production** |
| FRITO-LAY NORTH AMERICA, INC., | | |
| Defendant. | | |

### DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendant Frito-Lay North America, Inc., by and through its attorneys, requests that Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC produce for inspection and copying the following documents and other tangible things within their possession, custody, or control. Defendant requests that Plaintiffs make their production, including electronically stored information, in OCR'd .pdf format to Defendant's counsel, Pirkey Barber PLLC, 600 Congress Ave., Suite 2120, Austin, Texas 78701, accompanying service of Plaintiffs' responses to these Requests or as otherwise agreed between the parties.

### DEFINITIONS AND INSTRUCTIONS

The following definitions apply to these Requests:

1. "You," "Your," and "Plaintiffs" includes Snyder's-Lance, Inc. and Princeton Vanguard, LLC, as well as their predecessors in interest, directors, officers, agents, employees, subsidiaries, affiliates, related companies, or any other persons authorized to act for them.

1

2. "Defendant" means Frito-Lay North America, Inc., and its directors, officers, agents, or employees.

3. "Document" means all forms of tangible expression, whether inscribed by human, mechanical, facsimile, electronic, computer, magnetic, digital, video, or other means. The term includes all electronically stored information (ESI), regardless of where and how it is stored. A draft of a document is a separate document. Similarly, a non-identical copy of a document is a separate document. The term "document" should be construed in the broadest sense permitted under the federal rules and this Court's rules

4. "Person" means any natural person, company, corporation, business organization, charitable entity, educational entity, governmental entity, or other non-profit institution.

5. "Identify," when used in reference to a person (as defined above), means to state at a minimum: (a) the person's name; (b) the person's last-known address, telephone number, and work email address; (c) if a natural person, the person's current place of employment and position; and (d) if not a natural person (e.g., a corporation or other business entity), the nature of the entity.

6. "Third party" means any entity who is not Plaintiffs or Defendant (as defined above).

7. "Underlying TTAB proceedings" means Opposition Nos. 91195552 and 91190246 and Cancellation No. 92053001 before the Trademark Trial and Appeal Board.

The following instructions apply to these Requests:

1. You must produce all documents and other things (including ESI) in your "possession custody, or control" within the broadest meaning of the phrase permitted by the Federal Rules of Civil Procedure. This includes documents and ESI in the possession, custody,

or control of any person acting or purporting to act on behalf of you or under your direction or control.

2. Except as otherwise specified, each non-identical copy of a document (whether different from the original because of stamps, indications of receipt, handwritten notes, marks, attachments to different documents, or any other reason) is a separate document to be produced.

3. If any document or thing is withheld from production in this action on the basis of any privilege or exemption from discovery, please produce a privilege log that identifies all withheld documents and things. The privilege log must include, at a minimum, the date, addressee, author, title, subject matter, and the specific ground upon which each withheld document or thing claimed to be privileged or otherwise not subject to discovery in this case.

4. If a responsive document or thing contains information that you claim is privileged, you may redact the privileged portions, but you must still produce the document or thing with the non-privileged portions unredacted.

5. Redactions are appropriate only for privileged information. If you believe that a Request calls for confidential but non-privileged information (e.g., trade secrets), you must still produce the responsive material without any redactions, but you may do so under the provisions of a protective order entered by the Court.

6. If you withhold any responsive documents on the basis of your objections to a Request, your written response must say so. See Fed. R. Civ. P. 34(b)(2)(C). Likewise, if you provide less than a complete production to any Request, your written response must say so. See *id.*

7. If you believe anything in these Requests to be ambiguous or vague, you must identify the specific matter you believe to be ambiguous or vague, respond to the best of your ability, and set forth the construction used in responding.

8. Singular words include the plural form, and vice versa.

9. "Or" is to be construed both disjunctively and conjunctively.

10. Except as otherwise specified, these Requests are not limited as to timeframe. However, you need not produce documents that have already been produced to Defendant in response to prior discovery requests in the underlying TTAB proceedings.

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All search reports, watch service reports, studies, research, surveys, focus group reports, testing, or investigation relating to or referring to marks or other uses consisting of or including the term "crisp," "crisps," "pretzel crisp," or "pretzel crisps."

**REQUEST NO. 2**

All documents relating to alleged unauthorized use of the terms "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" by third parties, including but not limited to all communications (internal or with third parties), demand letters, draft complaints, and draft and final agreements.

**REQUEST NO. 3**

All documents relating to authorized use of the terms "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" by third parties, including but not limited to all communications (internal or with third parties), license agreements, coexistence agreements, letters of consent, undertakings, permissions, and draft and final agreements.

**REQUEST NO. 4**

All documents regarding, referring to, or relating to Plaintiffs' efforts to police their rights in their claimed "PRETZEL CRISPS" mark.

**REQUEST NO. 5**

All documents regarding, referring to, or relating to Plaintiffs' efforts to police use of the word "crisp" and/or "crisps."

**REQUEST NO. 6**

All documents in which Plaintiffs use the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" in lowercase letters in connection with Plaintiffs' "PRETZEL CRISPS" products.

**REQUEST NO. 7**

All documents in which consumers use the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" in lowercase letters in connection with Plaintiffs' "PRETZEL CRISPS" products.

**REQUEST NO. 8**

All articles published or press releases issued by Plaintiffs since the close of discovery in the underlying TTAB proceedings regarding Plaintiffs' "PRETZEL CRISPS" product, as well as documents sufficient to identify the recipients of such articles and press releases and when they were published or sent.

**REQUEST NO. 9**

All documents related to Plaintiffs' allegations that Defendant was "bidding to acquire the PRETZEL CRISPS brand" in 2009, "at the same time" Defendant "opposed Princeton Vanguard's application to register a new stylized version of the PRETZEL CRISPS trademark," including but

not limited to all communications, solicitation documents, negotiation documents, and draft agreements. (See Snyder's-Lance, Inc. and Princeton Vanguard, LLC's Memorandum of Law in Support of Cross-Motion for Summary Judgment, p. 1).

**REQUEST NO. 10**

All documents related to Plaintiffs' allegations that, "[a]t the same time" Frito-Lay "expressed an interest in acquiring the PRETZEL CRISPS brand," "Frito-Lay was pursuing a campaign to cancel the PRETZEL CRISPS trademark … in an effort to make the brand less attractive to the other companies who were considering the acquisition." (See Complaint, para. 5).

**REQUEST NO. 11**

All communications between Snyder's-Lance and Princeton Vanguard (including Snack Factory) regarding the acquisition of Princeton Vanguard.

**REQUEST NO. 12**

All communications between any Plaintiff and third parties, including potential purchasers, regarding the acquisition of Princeton Vanguard.

**REQUEST NO. 13**

All communications between Snyder's-Lance and Princeton Vanguard regarding the underlying TTAB proceedings.

**REQUEST NO. 14**

All communications between any Plaintiff and third parties regarding the underlying TTAB proceedings.

**REQUEST NO. 15**

Documents related to any "social media agency hired by Snyder's-Lance"[1] to manage social media with respect to Plaintiffs' claimed "PRETZEL CRISPS" brand and product, including

---

[1] See paragraph 10 of the October 29, 2018 Declaration of Rachel M. Sasser.

communications with the agency, policies the agency is required to follow, instructions provided to the agency, and agreements with the agency.

**REQUEST NO. 16**

Documents related to search optimization practices with respect to the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" on any search engine, including Google, including but not limited to policies, strategies, purchases, agreements, and communications regarding same.

| | |
|---|---|
| Dated: November 20, 2018 | PIRKEY BARBER PLLC |
| | *s/ David E. Armendariz* |
| | William G. Barber |
| | David E. Armendariz |
| | 600 Congress Avenue, Suite 2120 |
| | Austin, TX 78701 |
| | 512-322-5200 |
| | bbarber@pirkeybarber.com |
| | darmendariz@pirkeybarber.com |
| | |
| | Alice C. Richey |
| | N.C. Bar No. 13677 |
| | alice@alexanderricks.com |
| | 980-335-0720 |
| | Abigail W. Henderson |
| | N.C. Bar No. 52182 |
| | abbie@alexanderricks.com |
| | 980-498-6105 |
| | ALEXANDER RICKS PLLC |
| | 4601 Park Road, Suite 580 |
| | Charlotte, North Carolina 28209 |
| | Telephone: 704-365-3656 |
| | Facsimile: 704-365-3676 |
| | |
| | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 20, 2018, the foregoing DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION was served via e-mail on the below counsel of record:

David H. Bernstein
James J. Pastore, Jr.
Jared I. Kagan
Michael Compton McGregor
DEBEVOISE & PLIMPTON LLP
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

Alexander Miller Pearce
Jonathan Drew Sasser
ELLIS & WINTERS, LLP
alex.pearce@elliswinters.com
jon.sasser@elliswinter.com

                                        *s/David E. Armendariz*
                                        David E. Armendariz

8

Case 3:17-cv-00652-KDB-DSC   Document 54-2   Filed 02/19/19   Page 9 of 9