# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br><br> Defendant. | Case No. 3:17-CV-00652 |

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Snyder's-Lance, Inc. ("Snyder's-Lance") and Princeton Vanguard, LLC, ("Princeton Vanguard") (collectively "Plaintiffs") by and through Plaintiffs' undersigned counsel, hereby respond and object to the First Set of Requests for Production ("Requests") of Defendant Frito-Lay North America, Inc., ("Frito-Lay" or "Defendant") dated November 20, 2018. Subject to the following general and specific objections, and subject to the Court's entry of an appropriate protective order, Plaintiffs will make an initial production in response to the Requests on or before January 4, 2019.

### INTRODUCTORY STATEMENT

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Requests set forth below and have the same force and effect as if fully set forth therein, whether or not expressly incorporated in such specific responses.

Plaintiffs do not concede the relevance, materiality, or admissibility of any information or documents sought in these Requests. Plaintiffs' responses are without waiver or limitation of their right to object on grounds of relevance, privilege, admissibility, or any

1

other ground to the use of any information or documents provided or referred to in these responses, in discovery or in any proceeding, or at the trial of this or any other action. Plaintiffs reserve the right to amend and/or supplement these objections and responses at any time consistent with further investigation and discovery.

**GENERAL OBJECTIONS**

1. Plaintiffs object to these Requests on the ground that they exceed the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited the scope of discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." D.E. 31, ¶ 3. Unless otherwise stated below, in responding to these Requests Plaintiffs have attempted to appropriately narrow individual Requests that fall within this agreed-upon scope. Plaintiff will not produce documents in response to Requests that fall outside this agreed-upon scope.

2. Plaintiffs object to each Request to the extent it seeks information or the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine, and will not produce documents or information subject to either protection. Plaintiffs will serve a privilege log on Defendants within a reasonable time following their production of documents from which such protected documents have been withheld. Plaintiffs will exclude from the privilege log communications regarding this litigation or the underlying TTAB proceedings between Plaintiffs and Debevoise & Plimpton LLP or Ellis and Winters LLP. Any inadvertent disclosure of information or documents protected by the attorney-client privilege or the work product doctrine is not intended and should not be construed to constitute a waiver of such protection. Plaintiffs specifically reserve the right to demand the return of any documents that inadvertently may be produced during discovery.

3. Plaintiffs object to each Request to the extent it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings. Unless otherwise stated below, Plaintiffs will search for and produce responsive, non-privileged documents created after February 28, 2012, the date on which fact discovery closed in the underlying TTAB proceedings.

4. Plaintiffs object to each Request that seeks "all" documents, especially used in conjunction with the terms "relating to," "referring to," or "regarding," on the ground that it is vague, unduly broad, and not proportionate to the needs of the case, and does not comply with the "reasonable particularity" requirement of Rule 34(b)(1). Unless otherwise stated below, Plaintiffs have attempted to appropriately narrow individual Requests to comply with the requirements of Rule 34(b)(1) and the scope of discovery permitted under Rule 26(b)(1).

5. Certain documents responsive to these Requests contain Plaintiffs' proprietary, trade secret, or other confidential business information. Plaintiffs object to producing those documents without an appropriate protective order in place. Plaintiffs are providing a proposed consent protective order contemporaneously with the service of these Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**

All search reports, watch service reports, studies, research, surveys, focus group reports, testing, or investigation relating to or referring to marks or other uses consisting of or including the term "crisp," "crisps," "pretzel crisp," or "pretzel crisps."

**RESPONSE NO. 1**

Plaintiffs object to Request No. 1 on the ground that it is vague, overly broad, unduly burdensome, and does not comply with the "reasonable particularity" requirement of Rule

3

34(b)(1). As written, Request No. 1 seeks the production of any documents and information that fall within vaguely described categories and that "refer to" or "relate to" the listed terms, which could include a tremendous volume of routine business records and correspondence generated in connection with the production, promotion, and sale of Plaintiffs' PRETZEL CRISPS products. Searching for and producing such records and correspondence—even subject to the scope and timing limitations set forth in Plaintiffs' General Objections—would require a time-consuming and expensive search that would generate little, if any, information relevant to the parties' claims or defenses. Such a search is not proportional to the needs of the case. Plaintiffs will accordingly not search for or produce any documents in response to Request No. 1 as currently propounded.

**REQUEST NO. 2**

All documents relating to alleged unauthorized use of the terms "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" by third parties, including but not limited to all communications (internal or with third parties), demand letters, draft complaints, and draft and final agreements.

**RESPONSE NO. 2**

Plaintiffs object to Request No. 2 as overly broad and unduly burdensome because it seeks "[a]ll" documents "relating to" alleged unauthorized use of the terms "crisp," and "crisps," and thus seeks the production of any document referencing terms that are not at issue in this action and, to that extent, is not relevant to any party's claims or defenses. Plaintiffs further object to Request No. 2 on the ground that it seeks internal communications, draft complaints, and draft agreements that may be subject to the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs will search for and produce non-privileged communications, demand letters, draft complaints, and draft and final agreements that were created after the close of discovery in the underlying TTAB proceedings and that involve Plaintiffs' identification of third party

4

uses of the PRETZEL CRISPS mark that violated Plaintiffs' rights in that mark, or efforts by Plaintiffs to address those uses.

**REQUEST NO. 3**

All documents relating to authorized use of the terms "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" by third parties, including but not limited to all communications (internal or with third parties), license agreements, coexistence agreements, letters of consent, undertakings, permissions, and draft and final agreements.

**RESPONSE NO. 3**

Plaintiffs object to Request No. 3 as overly broad and unduly burdensome, and not proportionate to the needs of the case because it seeks "[a]ll" documents "relating to" the use of the terms "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps," and thus seeks the production of any document that includes or references any of those terms and involves their use by a third party, regardless of its actual relevance to any party's claim or defense. Plaintiffs further object to Request No. 3 as overly broad and unduly burdensome because it seeks "[a]ll" documents "relating to" alleged authorized use of the terms "crisp," or "crisps," and thus seeks the production of any document referencing terms that are not at issue in this action, and to that extent, is not relevant to any party's claims or defenses. Plaintiffs further object to Request No. 3 on the ground that it seeks internal communications and draft agreements that may be subject to the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs will search for and produce non-privileged communications, license agreements, coexistence agreements, letters of consent, undertakings, permissions, and draft and final agreements that were created after the close of discovery in the underlying TTAB proceedings and that involve authorized uses by third parties of the PRETZEL CRISPS mark and any agreements or arrangements with such third parties pursuant to which Plaintiffs authorized such use.

5

**REQUEST NO. 4**

All documents regarding, referring to, or relating to Plaintiffs' efforts to police their rights in their claimed "PRETZEL CRISPS" mark.

**RESPONSE NO. 4**

Plaintiffs object to Request No. 4 as vague, overly broad, unduly burdensome, and not proportionate to the needs of the case insofar as it seeks "all documents" "referring to" or "relating to" Plaintiffs' efforts to police their rights. Plaintiffs further object to Request No.4 on the ground that it seeks internal communications and other documents that may be subject to the attorney-client privilege or the work product doctrine. Plaintiffs further object to Request No. 4 on the ground that it is duplicative of Request Nos. 2 and 3.

As currently propounded, Plaintiffs do not interpret this request to seek documents beyond those already sought by Request Nos. 2 and 3.

**REQUEST NO. 5**

All documents regarding, referring to, or relating to Plaintiffs' efforts to police use of the word "crisp" and/or "crisps."

**RESPONSE NO. 5**

Plaintiffs object to Request No. 5 as vague, overly broad, and unduly burdensome insofar as it seeks "all documents" "referring to" or "relating to" Plaintiffs' efforts to police use of the listed terms that are not at issue in this action and, to that extent, are not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs state that there are no documents responsive to this request in Plaintiffs' possession, custody or control.

**REQUEST NO. 6**

All documents in which Plaintiffs use the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" in lowercase letters in connection with Plaintiffs' "PRETZEL CRISPS" products.

**RESPONSE NO. 6**

Plaintiffs object to Request No. 6 on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case. As written, Request No. 6 seeks the production of any documents and information that use any of the listed terms in connection with Plaintiffs' PRETZEL CRISPS products, which could include a tremendous volume of routine internal business records and correspondence generated in connection with Plaintiffs' PRETZEL CRISPS products. Searching for and producing such records and correspondence—even subject to the scope and timing limitations set forth in Plaintiffs' General Objections—would require a time-consuming and expensive search that would generate little if any information relevant to the claims or defenses in this matter. Such a search is not proportional to the needs of the case.

Plaintiffs will accordingly not search for or produce any documents in response to Request No. 6 as currently propounded.

**REQUEST NO. 7**

All documents in which consumers use the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" in lowercase letters in connection with Plaintiffs' "PRETZEL CRISPS" products.

**RESPONSE NO. 7**

Plaintiffs object to Request No. 7 on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case. As written, Request No. 7 seeks the production of any documents and information that use any of the listed terms in connection with Plaintiffs' PRETZEL CRISPS products, which could include a large volume of communications and correspondence relating to Plaintiffs' PRETZEL CRISPS products. Searching for and producing such correspondence—even subject to the scope and timing limitations set forth in Plaintiffs' General Objections—would require a time-consuming and

expensive search that would generate little if any information relevant to the claims or defenses in this matter. Such a search is not proportional to the needs of the case.

Plaintiffs will accordingly not search for or produce any documents in response to Request No. 7 as currently propounded.

**REQUEST NO. 8**

All articles published or press releases issued by Plaintiffs since the close of discovery in the underlying TTAB proceedings regarding Plaintiffs' "PRETZEL CRISPS" product, as well as documents sufficient to identify the recipients of such articles and press releases and when they were published or sent.

**RESPONSE NO. 8**

Plaintiffs object to Request No. 8 on the ground that it is overbroad, unduly burdensome and seeks production of documents that are not relevant to the instant proceeding and not proportional to the needs of the case because it seeks "[a]ll" articles or press releases issued by Plaintiffs regarding PRETZEL CRISPS products and all recipients of those articles or press releases, regardless of the documents' or information's relevance to any party's claims or defenses. The Marlo Marketing agency has issued press releases on Plaintiffs' behalf since 2014. Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs state they do not publish articles but will provide press releases that were published or issued from 2014 to the present by the Marlo Marketing agency on behalf of Plaintiffs regarding Plaintiffs' PRETZEL CRISPS product. Press releases have been distributed via national wire service or to the recipients listed in the footnote.[1]

---

[1] ChowHound, Coastal Living, Cooking Light, Cosmopolitan, Country Living, Delish, EatingWell, Elite Daily, Esquire, Family Circle Online, Family Fun, First for Women, Food Network Magazine, Food Republic, Food & Wine, Glamour, Good Housekeeping, Good Morning America, GQ.com, Greatist.com, Health Online, Healthyish, HuffPost, Hungry Girl Magazine, Martha Stewart Living Online, Martha Stewart Living, Men's Health, Metro Boston, Metro New York, MUNCHIES - Vice, O, The Oprah Magazine, Oprah.com, Parade, Parents / Parents Latina, People, Prevention, POPSUGAR, PureWow, Reader's Digest, Real Simple, Redbook, Refinery29, San Diego Union Tribune, Star Magazine, SELF.com, Serious Eats, Seventeen, SHAPE.com, Southern

8

**REQUEST NO. 9**

All documents related to Plaintiffs' allegations that Defendant was "bidding to acquire the PRETZEL CRISPS brand" in 2009, "at the same time" Defendant "opposed Princeton Vanguard's application to register a new stylized version of the PRETZEL CRISPS trademark," including but not limited to all communications, solicitation documents, negotiation documents, and draft agreements. (See Snyder's-Lance, Inc. and Princeton Vanguard, LLC's Memorandum of Law in Support of Cross-Motion for Summary Judgment, p. 1).

**RESPONSE NO. 9**

Plaintiffs object to Request No. 9 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." D.E. 31, ¶ 3. Plaintiffs further object to Request No. 9 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings. Plaintiffs further object to Request No. 9 on the ground that it calls for the production of documents not within the possession, custody or control of Plaintiffs. Information and documents relating to Frito-Lay's bid are within the possession, custody and control of Frito-Lay.

---

Living, Spoon University, the Kitchn, The TODAY Show, The Washington Post, Thrillist, US Weekly, USA Today, Well + Good, Woman's Day, Women's Health, Woman's World, Yahoo! Food, Baking & Snack, Candy & Snack Today, Fancy Food & Culinary Products, Food Business News, Food Navigator USA, Food Processing, Food Trade News, Griffin Report, Prepared Foods, Progressive Grocer, Project Nosh, Shelby Report, Snack Food & Wholesale Bakery, Specialty Food Magazine, Supermarket News, The Gourmet Retailer/Gourmet News, The Produce News, Today's Grocer, Whole Foods Magazine, and Winsight Grocery Business.

9

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs state that there are no documents responsive to this request in Plaintiffs' possession, custody or control.

**REQUEST NO. 10**

All documents related to Plaintiffs' allegations that, "[a]t the same time" Frito-Lay "expressed an interest in acquiring the PRETZEL CRISPS brand," "Frito-Lay was pursuing a campaign to cancel the PRETZEL CRISPS trademark … in an effort to make the brand less attractive to the other companies who were considering the acquisition." (See Complaint, para. 5).

**RESPONSE NO. 10**

Plaintiffs object to Request No. 10 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." D.E. 31, ¶ 3. Plaintiffs further object to Request No. 10 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings. Plaintiffs further object to Request No. 10 on the ground that it calls for the production of documents not within the possession, custody or control of Plaintiffs. Information and documents relating to Frito-Lay's bid are within the possession, custody and control of Frito-Lay.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs state that there are no documents responsive to this request in Plaintiffs' possession, custody or control.

**REQUEST NO. 11**

All communications between Snyder's-Lance and Princeton Vanguard (including Snack Factory) regarding the acquisition of Princeton Vanguard.

10

**RESPONSE NO. 11**

Plaintiffs object to Request No. 11 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." D.E. 31, ¶ 3. Plaintiffs further object to Request No. 11 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings.

Plaintiffs will accordingly not produce any documents in response to Request No. 11.

**REQUEST NO. 12**

All communications between any Plaintiff and third parties, including potential purchasers, regarding the acquisition of Princeton Vanguard.

**RESPONSE NO. 12**

Plaintiffs object to Request No. 12 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." D.E. 31, ¶ 3. Plaintiffs further object to Request No. 12 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings.

Plaintiffs will accordingly not produce any documents in response to Request No. 12.

**REQUEST NO. 13**

All communications between Snyder's-Lance and Princeton Vanguard regarding the underlying TTAB proceedings.

**RESPONSE NO. 13**

Plaintiffs object to Request No. 13 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." [D.E. 31, ¶ 3]. Plaintiffs further object to Request No. 13 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings.

Plaintiffs will accordingly not produce any documents in response to Request No. 13.

**REQUEST NO. 14**

All communications between any Plaintiff and third parties regarding the underlying TTAB proceedings.

**RESPONSE NO. 14**

Plaintiffs object to Request No. 14 on the ground that it is outside the scope of discovery agreed to by the parties in the Initial Attorneys' Conference Report, which limited discovery in this action to "that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." [D.E. 31, ¶ 3]. Plaintiffs further object to Request No. 14 on the ground that it calls for the production of documents created prior to the close of discovery in the underlying TTAB proceedings on the ground that such Requests are overly broad, unduly burdensome, and not

proportional to the needs of the case in light of the extensive discovery already conducted by the parties in the underlying TTAB proceedings.

Plaintiffs will accordingly not produce any documents in response to Request No. 14.

**REQUEST NO. 15**

Documents related to any "social media agency hired by Snyder's-Lance" to manage social media with respect to Plaintiffs' claimed "PRETZEL CRISPS" brand and product, including communications with the agency, policies the agency is required to follow, instructions provided to the agency, and agreements with the agency.

**RESPONSE NO. 15**

Plaintiffs object to Request No. 15 as vague, overly broad, and unduly burdensome, and not proportionate to the needs of the case insofar as it seeks "all documents" "referring to" or "relating to" the social media agency. As written, Request No. 15 could extend to documents that tangentially "relate" to the social media agency regardless of their relevance to any party's claims or defenses, and could require an extensive and time consuming search of employees and departments that have no involvement in Snyder's-Lance's dealings or relationship with the agency.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs will search for and produce non-privileged documents possessed by Plaintiffs' marketing team that were created since the close of discovery in the underlying TTAB proceedings and that involve policies and instructions provided to and agreements entered into with the social media agency hired by Snyder's-Lance as stated in the October 29, 2018 Declaration of Rachel M. Sasser. Plaintiffs' investigation into the volume of communications with the social media agency is continuing. Plaintiffs may amend or supplement this response based on the outcome of such investigation.

**REQUEST NO. 16**

Documents related to search optimization practices with respect to the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps" on any search engine, including Google,

including but not limited to policies, strategies, purchases, agreements, and communications regarding same.

**<u>RESPONSE NO. 16</u>**

Plaintiffs object to Request No. 16 as vague, overly broad, and unduly burdensome, and not proportionate to the needs of the case insofar as it seeks "all documents" "referring to" or "relating to" search optimization practices with respect to the listed terms. As written, Request No. 16 could extend to documents that tangentially "relate" to those practices, regardless of their relevance to any party's claims or defenses, and could require an extensive and time consuming search of employees and departments that have no involvement in those practices.

Subject to and without waiving the foregoing Specific and General Objections, Plaintiffs will search for and produce non-privileged documents possessed by Plaintiffs' marketing team that were created after the close of discovery in the underlying TTAB proceedings and that involve policies, strategies, purchases, and agreements about Plaintiffs' search optimization practices with respect to the term "crisp," "crisps," "pretzel crisp," and/or "pretzel crisps." Plaintiffs' investigation into the volume of communications regarding search optimization practices is continuing. Plaintiffs may amend or supplement this response based on the outcome of such investigation.

Dated: December 20, 2018.

          ELLIS & WINTERS LLP

          /s/ Alexander M. Pearce

          Jonathan D. Sasser
          N.C. State Bar No. 10028
          Alexander M. Pearce
          N.C. State Bar No. 37208
          Post Office Box 33550
          Raleigh, North Carolina 27636
          Telephone: (919) 865-7000
          jon.sasser@elliswinters.com
          alex.pearce@elliswinters.com

DEBEVOISE & PLIMPTON LLP
David H. Bernstein*
James J. Pastore*
Jared I. Kagan*
Michael C. McGregor*
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com
mcmcgregor@debevoise.com

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*

\*admitted *pro hac vice*

CERTIFICATE OF SERVICE

I do certify that the foregoing document was served upon the individuals listed below by email addressed to:

    Alice C. Richey
    Alexander Ricks PLLC
    4601 Park Road
    Suite 580
    Charlotte, NC 28209
    alice@alexanderricks.com


    David E. Armendariz
    William G. Barber
    Pirkey Barber PLLC
    600 Congress Ave., Suite 2120
    Austin. TX 78701
    darmendariz@pirkeybarber.com
    bbarber@pirkeybarber.com


    This 20th day of December, 2017.


    /s/ Alexander M. Pearce
    Alexander M. Pearce
    N.C. State Bar No. 37208
    Post Office Box 33550
    Raleigh, North Carolina 27636
    Telephone: (919) 865-7000
    alex.pearce@elliswinters.com

16

Case 3:17-cv-00652-KDB-DSC   Document 54-3   Filed 02/19/19   Page 17 of 17