UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:17-CV-00652 ) |
| FRITO-LAY NORTH AMERICA, INC., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF BRIEFING SCHEDULE REGARDING MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC (collectively, "Snyder's-Lance") respectfully submit this brief in opposition to Defendant Frito-Lay North America, Inc.'s ("Frito-Lay") Motion for Stay of Briefing Schedule Regarding Motions for Summary Judgment [D.E.55] to the extent that Frito-Lay seeks an *indefinite* stay "of all briefing deadlines in connection with the [pending cross-motions for summary judgment]." For the reasons set forth below, Snyder's-Lance respectfully submits that an extension solely for the purpose of resolving the pending motion to compel is appropriate, and that such extension be time limited rather than indefinite.

To the extent the Court denies Frito-Lay's pending motion to compel in its entirety, Frito-Lay's deadline for filing its remaining briefs should be set for 10 days following such order (reflecting the amount of time left on the current briefing schedule when Frito-Lay filed its motion to compel). If there is any other judicial resolution of the discovery motion, the Court should order the parties to submit a revised briefing schedule within 10 days of such resolution.

1

## BACKGROUND

On August 30, 2018, Frito-Lay filed a motion for summary judgment, arguing that "additional discovery and evidence is not necessary – or even appropriate." [D.E. 28-1 at 1]. The parties ultimately agreed in their Rule 26(f) Conference that discovery "will be limited to that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to their respective dispositive motions." [D.E. 31, ¶ 3]. On October 29, 2018, Snyder's-Lance opposed Frito-Lay's motion for summary judgment and affirmatively moved for summary judgment. [D.E. 33; D.E. 34]. Frito-Lay's reply brief in support of its motion for summary judgment, and its opposition to Snyder's-Lance's motion for summary judgment, are currently due on March 1, 2019. [D.E. 52]. Frito-Lay has twice received extensions of time with the consent of Snyder's-Lance. [D.E. 48; D.E. 52]

On November 20, 2018, Frito-Lay issued its First Set of Requests for Production to Snyder's-Lance. [D.E. 54-2]. Snyder's-Lance served its objections and responses to those requests on December 20, 2018. [D.E. 54-3]. On February 19, 2019 Frito-Lay filed a motion to compel responses to three document requests. [D.E. 53].

## ARGUMENT

In light of its motion to compel, Frito-Lay seeks an indefinite stay of the summary judgment briefing schedule. As Snyder's-Lance will set forth in more detail in its opposition to the motion to compel, it has consistently objected to the requests that are the subject of the motion to compel, and those requests seek documents far beyond the parties' agreement that discovery "be limited to that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to their respective dispositive motions." [D.E. 31, ¶ 3].

The decision to issue a stay of briefing or proceedings is within the Court's discretion. *Lowinger Johnston*, No. 3:05CV316-C, 2005 WL 2557401, at *2 (W.D.N.C. Dec. 27, 2005). Where a stay of briefing "will result only in further unnecessary delay," it is proper to deny such a request. *Id.* at *3. Here, Frito-Lay has articulated no reason that an *indefinite* stay of the summary judgment briefing schedule is necessary, and Snyder's-Lance opposes any such stay.

Snyder's-Lance does not, however, oppose an appropriate extension of the summary judgment briefing schedule to allow for the resolution of the pending motion to compel. But Snyder's-Lance respectfully submits that the briefing schedule should be extended solely to resolve that pending motion.

To the extent the Court denies Frito-Lay's motion to compel in its entirety (including if it determines the motion is moot), Snyder's-Lance proposes that Frito-Lay's summary judgment reply and opposition briefs be due 10 days from such decision – the same amount of time that remained for Frito-Lay to file its briefs as of the time it filed its motion to compel. If there is any other judicial resolution of the motion, Snyder's-Lance proposes that the parties present a revised briefing schedule to the Court within 10 days of the Court's resolution of the motion to compel.

Snyder's-Lance respectfully submits that such a tailored extension for the limited purpose of resolving the pending motion to compel will appropriately address the concerns of the parties without unduly delaying the briefing schedule by suspending it indefinitely.

Respectfully submitted this the 20th day of February, 2019.

>ELLIS & WINTERS LLP
>
>/s/ Alexander M. Pearce
>Jonathan D. Sasser
>N.C. State Bar No. 10028
>Alexander M. Pearce
>N.C. State Bar No. 37208
>Post Office Box 33550
>Raleigh, North Carolina 27636
>Telephone: (919) 865-7000
>jon.sasser@elliswinters.com
>alex.pearce@elliswinters.com
>
>DEBEVOISE & PLIMPTON LLP
>David H. Bernstein*
>James J. Pastore*
>Jared I. Kagan*
>Michael C. McGregor*
>919 Third Avenue
>New York, New York 10022
>Telephone: (212) 909-6696
>dhbernstein@debevoise.com
>jjpastore@debevoise.com
>jikagan@debevoise.com
>mcmcgregor@debevoise.com
>
>*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*
>
>*admitted pro hac vice*