# Exhibit 1

| | |
|---|---|
| **From:** | David Armendariz <darmendariz@pirkeybarber.com> |
| **Sent:** | Friday, March 01, 2019 12:15 PM |
| **To:** | Kagan, Jared I. |
| **Cc:** | Bill Barber; Giulio Yaquinto; Diana Rausa; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy |
| **Subject:** | RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc.  (FRIT007C) [DF-AMER.FID1471618] |

Jared,

Thank you for the clarification below.  Your proposal below is acceptable to Frito-Lay as a resolution with respect to Request Nos. 15 and 16.  Do you have a sense yet of the volume and timing for this production?

We appreciate you working with us to get these requests resolved.

Best regards,
David


**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

---

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Thursday, February 28, 2019 4:20 PM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; Giulio Yaquinto <gyaquinto@pirkeybarber.com>; Diana Rausa <drausa@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

Thanks for your email, and it seems we're making good progress.

To clarify, Snyder's-Lance will produce all non-privileged emails sent to or received from its social media agency that hit on "pretzel crisps" and the proposed search terms identified in your February 5 email (the "Search Terms").  Snyder's-Lance will also produce a privilege log, consistent with its objections (e.g., communications about this litigation will be withheld but not logged).

Snyder's-Lance continues to maintain its objections because there are certain documents that hit on the Search Terms that are irrelevant.  For the sake of moving things along, however, we won't withhold them on the basis of the

objections (other than the privilege objection). That way, there won't be any argument Snyder's-Lance inadvertently waived its objections.

Please let us know if this works and of course happy to discuss live if that is easier.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, February 27, 2019 11:11
**To:** Kagan, Jared I.
**Cc:** Bill Barber; Giulio Yaquinto; Diana Rausa; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thank you for your email. We are just a little unclear about what exactly it is that you would be agreeing to do. If you are willing to produce **all** non-privileged emails sent to or received from Plaintiffs' social media agency that hit on "pretzel crisps" and the proposed search terms identified in our February 5 email (and a privilege log for all documents withheld on the basis of privilege), that would likely satisfy us with respect to those requests. However, your offer contains two caveats. First, you agree to produce such documents that meet the conditions above "and that are responsive to Request Nos. 15 and 16." Is it your position that there could be documents that hit on those search terms but that are not responsive? Request No. 15 requests "[d]ocuments related to any 'social media agency hired by Snyder's-Lance' to manage social media with respect to Plaintiffs' claimed "PRETZEL CRISPS" brand and product . . . ," so this caveat struck us as unusual, since the universe of emails you are searching is already responsive.

Second, you said you would agree to produce the documents above "subject to [Snyder's-Lance's] objections served on December 20, 2018." What objections would still apply after limiting the universe of emails to be searched and further limiting those with the proposed search terms? Are there documents that hit on the search terms that you still intend to withhold on the basis of Plaintiffs' objections?

Finally, if we are able to resolve the issues with respect to Request Nos. 15 and 16, we think the parties can simply inform the Court of that in Plaintiffs' response and our reply to the Motion to Compel. We are not willing to withdraw our motion, especially "with prejudice," without seeing what is actually produced and confirming that all responsive documents have been produced as agreed.

2

If your proposal is to produce **all** non-privileged emails sent to or received from Plaintiffs' social media agency that hit on "pretzel crisps" and the proposed search terms identified in our February 5 email, and the only documents hitting on the search terms that would be withheld would be privileged documents (and a privilege log is provided for those), that would be acceptable with respect to Request Nos. 15 and 16. It is not entirely clear from your email that this is what you are willing to do, but please let us know.

Thank you,
David


**David E. Armendariz**
Associate
512-482-5237 (direct)

**Pirkey**Barber PLLC

---

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Monday, February 25, 2019 5:57 PM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; Giulio Yaquinto <gyaquinto@pirkeybarber.com>; Diana Rausa <drausa@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

During our meet and confer call on February 14, and again in my February 15 email, I asked that Frito-Lay articulate the relevance of the search terms it proposed on February 5 regarding Request Nos. 15 and 16 before Snyder's-Lance would undertake a search and review of the 11,377 documents that hit on the term "pretzel crisps" that were sent to or from Snyder's-Lance's social media agency. Rather than respond to my question, Frito-Lay filed a motion to compel.

Snyder's-Lance maintains its position that the proposed search terms are irrelevant and untethered to Frito-Lay's requests seeking documents related to the management of social media (Request No. 15) and search engine optimization practices (Request No. 16). However, in an effort to avoid burdening the Court and to narrow the scope of Frito-Lay's motion to compel, Snyder's-Lance is willing to agree, subject to its objections served on December 20, 2018, to produce non-privileged emails sent to or received from its social media agency that hit on "pretzel crisps" and the proposed search terms identified in your February 5 email, and that are responsive to Request Nos. 15 and 16, if Frito-Lay agrees to withdraw with prejudice its motion to compel with respect to Request Nos. 15 and 16.

Please let us know by noon on Wednesday, February 27 if Frito-Lay will agree to this resolution of the parties' dispute regarding Request Nos. 15 and 16.

Regards,
Jared



**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** Kagan, Jared I.
**Sent:** Friday, February 15, 2019 14:46
**To:** 'David Armendariz'
**Cc:** 'Bill Barber'; 'Giulio Yaquinto'; 'Diana Rausa'; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; 'PB File Copy'
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

Thank you for your email and for yesterday's call.  While the parties continue to have fundamental disagreements regarding Request Nos. 7, 15, and 16 – which I won't reiterate here given that Snyder's-Lance's position has been well articulated in our email exchanges over the last several weeks – during the call, we agreed to:

(1) Ask Snyder's-Lance if it would confirm the nature of consumer communications on its backup system and the volume.

(2) Ask Snyder's-Lance if it would agree to run the search terms identified by Frito-Lay in your February 5th email against the 11,377 emails that hit on the term "pretzel crisps" that were sent to or received from email addresses at our client's social media agency.

With respect to the first question, our client has confirmed that the backup system that I described in my email of February 13th contains over 31,000 email messages (totaling 8 gigabytes of data) to and from the email address info@pretzelcrisps.com between 2006 and the present.  Consistent with its December 20, 2018 objections, Snyder's-Lance does not agree to undertake the burden of reviewing and producing those documents in which consumers use the term "pretzel crisps" (and other terms) in lower case. Any such efforts would, among other things, be duplicative, disproportionate to the needs of the case and not narrowly tailored to directly respond to any of the evidence Snyder's-Lance submitted in its summary judgment papers.

With respect to the second question in connection with Request Nos. 15 and 16, Snyder's-Lance again asks Frito-Lay to articulate the relevance of the proposed search terms before undertaking a search and review of the 11,377 documents.  The search terms do not have any relevance to Request Nos. 15 and 16 and, during our call, you did not explain why terms such as "court," "lawsuit," or "litigat*," among others, are relevant to requests that seek documents related to the management of social media and search optimization practices.

If Frito-Lay wishes to pursue wasteful motion practice, that is its prerogative, but Snyder's-Lance will not agree to a suspension of the briefing schedule on that basis.  Such a suspension would be particularly unwarranted given Frito-Lay's position at the time it moved for summary judgment that the record was complete.

Regards,
Jared

**Debevoise
&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Thursday, February 14, 2019 19:13
**To:** Kagan, Jared I.
**Cc:** Bill Barber; Giulio Yaquinto; Diana Rausa; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce'' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thanks for your time on the phone today.  We are hopeful that we can reach a resolution on the outstanding discovery issues. Our understanding is that you are asking your client to (1) confirm the nature and volume of documents responsive to Request No. 7 that were retained by the backup system mentioned in your email from yesterday, and (2) run the search terms proposed by Frito-Lay on the emails identified as responsive to Request Nos. 15 and 16 to see what turns up.  You also agreed to give us an update on your client's response to these items on Friday.  We look forward to hearing from you.

Given that these discussions are ongoing and are not likely to be resolved before Frito-Lay's current briefing deadline, we will still need an extension of time for filing our Reply and Response briefs.  The exact nature of the required extension (or suspension) will depend on whether we are able to reach a resolution without Court intervention and if so, what that resolution is.

We look forward to hearing from you after you have spoken with your client.  In the meantime, have a nice evening.

Best regards,
David Armendariz

**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Wednesday, February 13, 2019 10:07 PM

**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; Giulio Yaquinto <gyaquinto@pirkeybarber.com>; Diana Rausa <drausa@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

We are available to confer with you tomorrow at 2:00pm Eastern. Please send us a dial-in.

We do not agree that Frito-Lay has discharged its meet and confer obligations because (1) with respect to Request No. 7, it has never articulated why the thousands of consumer communications Snyder's-Lance already has produced are insufficient, and (2) with respect to Request Nos. 15 and 16, Snyder's-Lance completed its production on January 8, 2019 and confirmed that in writing on January 14, 2019; Frito-Lay first proposed search terms seeking additional documents on February 5, 2019 and has yet to articulate how those search terms bear any connection to the Requests.

More specifically, as to Request No. 7:

- On December 20, 2018, Snyder's-Lance unequivocally objected that it "will . . . **not search for or produce** any documents in response to Request No. 7 as currently propounded." (emphasis added). Nothing about that response should have suggested to Frito-Lay that Snyder's-Lance was agreeing to undertake a search for documents in response to Request No. 7.

- Nearly three weeks later, on January 9, 2019, Frito-Lay requested that Snyder's-Lance "instead produce all correspondence to and from consumers regarding Plaintiffs' 'PRETZEL CRISPS' products in the relevant timeframe."

- On January 14, 2019, Snyder's-Lance maintained its objections to Request No. 7, but stated:

  With respect to Request No. 7, our client maintains a consumer relations database that includes communications from consumers dating back to August 2016. Individual documents are not maintained in the database, but spreadsheet reports can be generated that reflect the content of the communications received by our client. **Subject to the objections contained in our December 20, 2018 responses**, our client will agree to produce spreadsheets with communications from the database that hit on the search terms "pretzel crisps" or "pretzel crisp." We expect to produce those documents this week. (emphasis added)

- The documents to which Snyder's-Lance did agree to produce were provided to Frito-Lay on January 18.

- On January 16, 2019, Frito-Lay sought additional information about the communications received from consumers that were reflected in Snyder's-Lance's consumer database. Frito-Lay did not indicate any reason why the communications that Snyder's-Lance had produced were insufficient.

- On January 18, 2019, Snyder's-Lance responded to Frito-Lay's questions and further agreed "to produce [additional] spreadsheets from 2013–2016," which it did on January 29. I also stated in my January 18 email that "[i]dentifying and producing additional documents, if any, reflecting customer communications is unduly burdensome and not proportionate to the needs of the case, particularly given that the parties agreed to

discovery that 'will be limited to that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions.'"

- In response to additional follow-up questions from Frito-Lay, I stated by email on January 22: "For the reasons explained in Snyder's-Lance's objections that were served on December 20, 2018, and in our subsequent communications, ***Snyder's-Lance does not agree to comb through all of its files to uncover every communication it has received from a consumer that contains the words 'pretzel crisps.'***" (emphasis added).

- The information that we provided over the past weeks regarding the normal business practices of Snyder's-Lance's consumer relations team is accurate, and the consumer relations team is not aware of the automated backup system that Snyder's-Lance now has identified. Given Snyder's-Lance's consistent position that it was not agreeing to search for or produce documents in response to Request No. 7, it cannot be surprising that Snyder's-Lance did not identify that system sooner.

- Despite Snyder's-Lance's consistent objections to Request No. 7, we have attempted to accommodate Frito-Lay's request. There is no dispute the documents Snyder's-Lance produced reflect consumer communications in which customers have used the term "pretzel crisps" in lower case letters, and we anticipate producing additional documents this week, as agreed on February 12. At no point (including in your below email of today) has Frito-Lay explained why the thousands of consumer communications contained in the already-produced documents are insufficient to satisfy Request No. 7, why additional documents would be anything other than cumulative, or why imposing a burden on Snyder's-Lance to undertake any additional search and review is proportionate to the needs of this case.

With respect to Request Nos. 15 and 16:

- Snyder's Lance produced responsive documents with its first production on January 8, 2019.

- On January 14, Snyder's-Lance advised Frito-Lay it was not agreeing to produce any additional documents in response to Request Nos. 15 and 16.

- The parties exchanged several emails regarding other requests, none of which mentioned Request Nos. 15 or 16. In light of that, Snyder's-Lance understood Frito-Lay was not seeking further documents in response to Request Nos. 15 and 16.

- Nearly two weeks later, on January 25, 2019, Frito-Lay indicated it was continuing to seek documents under Request Nos. 15 and 16.

- It was not until February 5, 2019, that Frito-Lay proposed search terms, but with no explanation of how those terms related to the Requests.

At no time during this process has Frito-Lay requested a call to confer about its requests. Any discovery motion that Frito-Lay wished to make could have been made weeks ago, including at the time Frito-Lay requested an extension of time until March 1 to file its summary judgment briefs. Given this history, Snyder's-Lance cannot agree to suspend the summary judgment briefing schedule.

We look forward to speaking with you tomorrow.

Regards,
Jared



**Debevoise**
**&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

---

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, February 13, 2019 2:31 PM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; Giulio Yaquinto; Diana Rausa; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; "Alex Pearce" (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thanks for your email.  We have been conferring for weeks now regarding the discovery requests at issue as required by Local Rule 7.1(b).  Our conversations have led us to two conclusions: (1) documents responsive to Request No. 7 were not retained, and (2) Plaintiffs will not agree to produce documents responsive to Request Nos. 15 and 16, even with limiting search terms proposed by Frito-Lay.

Regarding Request No. 7, you informed us numerous times that underlying consumer communications were not retained.  For example, in your email on January 25, you indicated that since January 2017, "[t]o the extent the consumer relations department receives emails or letters from consumers, its normal business practice is to copy and paste the verbatim communications into the database, ***without retaining the underlying written communication***."  You also explained that "from 2014 until the consumer relations database was implemented in January 2017, Snyder's-Lance's normal business practice was to log all consumer communications in a Microsoft SharePoint site, ***without retaining the underlying communication***."  Finally, you explained that "[i]n 2013, Snyder's-Lance's normal business practice was to track consumer ***complaints and coupon requests*** in a spreadsheet, ***without retaining the underlying written communication***."

Now today, for the first time, you inform us that "Snyder's-Lance's additional investigation has revealed that it maintains an automated backup system that [you] believe preserved all communications to and from the email address info@pretzelcrisps.com, and other related email addresses, during the relevant time period," and that Plaintiffs refuse to review and produce any of those documents.  We are curious as to why this "investigation" and the results therefrom are only coming to light now after Plaintiffs learned of our intention to seek spoliation sanctions, but in any event you can hardly blame Frito-Lay for operating on the assumption that relevant evidence was destroyed when that has been your representation all along.

Request No. 7 was for "[a]ll documents in which consumers use the term 'crisp,' 'crisps,' 'pretzel crisp,' and/or 'pretzel crisps' in lowercase letters in connection with Plaintiffs' 'PRETZEL CRISPS' products."  In the spirit of cooperation, and in an attempt to address Plaintiffs' concern that the request as worded "would require a time-consuming and expensive search," Frito-Lay amended its request to include "all correspondence to and from consumers regarding Plaintiffs' 'PRETZEL CRISPS' products in the relevant timeframe" so that Frito-Lay itself could undertake the search that Plaintiffs complained was too burdensome.  But as of today, Frito-Lay has not received a single actual communication from a

consumer.   Instead, Plaintiffs produced spreadsheets and reports purporting to reflect consumer communications.  This is not what was requested in Request No. 7 as originally worded or as amended, and while you claim it goes "beyond" the documents sought by Request No. 7, whatever that might mean, these are not the documents sought by Request No. 7.  Further, our understanding was not that producing these spreadsheets and reports was an accommodation of Frito-Lay's request, but rather that it was a purported substitute for the information sought because actual consumer communications were destroyed.

Finally, your representation of Frito-Lay's "apparent position" regarding the retention of relevant evidence is inaccurate, but it is also beside the point.  Whether or not the law required Plaintiffs to retain "every letter, postcard, email, or other communication that might possibly have been received from a customer" or to issue a litigation hold on "every single employee for the duration of litigation" is irrelevant when your position has always been that for the vast majority of the relevant timeframe, underlying written communications from consumers were not retained at all.  Additionally, this is a case involving the genericness of Plaintiffs' purported brand name, and as such, communications from Plaintiffs' own consumers are highly relevant to the question of how consumers use and perceive the term.  Even if as you say the law does not require a litigation hold on "every single employee" or retention of "every letter, postcard, email, or other communication that might possibly have been received from a customer," the law does require a reasonable litigation hold on potentially relevant evidence, and it does not appear that any such hold was issued or followed with respect to these documents.

Regarding Request Nos. 15 and 16, Frito-Lay did narrow its requests significantly, again in the spirit of attempting to reach a compromise with Plaintiffs, by suggesting some limiting search terms that could be applied to a universe of documents that Plaintiffs have already identified.  This accommodation was refused entirely.  Additionally, you did not offer any counterproposal, just a restatement of Plaintiffs' position, which indicates to us that Plaintiffs were ending the conversation about these documents.

We are confident that after weeks of discussion over the disputed documents, we have more than satisfied the meet and confer requirements of Local Rule 7.1.  However, if you like, we are willing to have a phone call with you to discuss the remaining differences regarding these documents and make one final attempt to resolve them.  Please let us know your availability tomorrow for such a call.   We are available tomorrow after 11am and before 5pm, Eastern Time.

Best regards,
David


**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Wednesday, February 13, 2019 9:30 AM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; Giulio Yaquinto <gyaquinto@pirkeybarber.com>; Diana Rausa <drausa@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Dear David,

Thank you for your email of yesterday. That email is the first time that Frito-Lay has mentioned a motion for sanctions, or to compel production of documents. Given that Local Rule 7.1(b) requires counsel to "confer[..]" and "attempt[...] in good faith to resolve areas of disagreement" prior to filing a motion, any motion by Frito-Lay at this point would be, at best, premature.

More to the point, a spoliation motion would be baseless. Since December 20, 2018, Snyder's-Lance's has maintained its objection to producing any documents in response to Request No. 7, which sought only documents in which consumers used certain terms, including "pretzel crisps," in lower case letters. Notwithstanding that, Snyder's-Lance has accommodated Frito-Lay's overbroad and disproportionate request by agreeing to produce the following documents, which go even beyond the documents sought by Request No. 7:

- A spreadsheet from 2013 in which Snyder's-Lance entered reports of consumer complaints and coupon requests.
- Spreadsheets of consumer communications, including many verbatim statements, that were logged into Snyder's-Lance's SharePoint site from 2014 to 2016.
- Consumer communications that were automatically and manually logged in Snyder's-Lance's consumer relations database from 2016 through 2018.

These productions include more than 2,000 communications from consumers that show whether consumers use "pretzel crisps" in upper case or lower case.

Second, Snyder's-Lance appropriately preserved documents from Darla Misier, the custodian from whom Snyder's-Lance agreed to produce representative customer communications during the TTAB proceedings. As noted in my email yesterday, we expect to produce those documents this week.

Third, Snyder's-Lance has agreed to go beyond what it produced in the TTAB proceedings and included in its productions a broader swath of consumer communications that were maintained centrally at the company. Frito-Lay's complaint appears to be that the original communications were not preserved. Not only does Frito-Lay fail to provide any support for its position that the documents that were produced "are not adequate substitutes" for the original communications, but we doubt that the law supports Frito-Lay's apparent position that every letter, postcard, email, or other communication that might possibly have been received from a customer was required to be preserved during the course of a decade-old litigation. Indeed, were the law otherwise, companies would be required to institute litigation holds on every single employee for the duration of litigation that, as this case makes plain, can last for years.

Fourth, Snyder's-Lance's additional investigation has revealed that it maintains an automated backup system that we believe preserved all communications to and from the email address info@pretzelcrisps.com, and other related email addresses, during the relevant time period. Consistent with its December 20, 2018 objection, Snyder's-Lance does not agree to undertake the burden of reviewing and producing any of those documents in which consumers use the term "pretzel crisps" (and other terms) in lower case. Such efforts would, among other things, be disproportionate to the needs of the case and is not narrowly tailored to directly respond to any of the evidence Snyder's-Lance submitted with its motion papers. Simply put, Snyder's-Lance's production of thousands of consumer communications spanning over six years more than discharges its discovery obligations.

Any additional documents that Snyder's-Lance might produce in response to Request No. 7 would add nothing to the documents already produced, showing that consumer have used the term "pretzel crisps" in both upper and lower case letters. At this point – and in light of Frito-Lay's failure to articulate any prejudice from the alleged spoliation much less confer on ways that any alleged prejudice could be redressed without motion practice — it appears Frito-Lay's true intention is to manufacture a needless discovery dispute that will burden the court and the parties.

With respect to Request Nos. 15 and 16, Snyder's-Lance already has produced documents in response to those requests and consistent with its objections. Frito-Lay has not (i) addressed any of the issues identified in my February 6 email

regarding the relevance of Frito-Lay's proposed search terms, (ii) addressed the other objections Snyder's-Lance raised in response to those requests, (iii) nor has Frito-Lay attempted to meaningfully narrow the requests or identify the types of documents it believes it needs in response to Request Nos. 15 and 16 in order to oppose Snyder's-Lance's motion for summary judgment or prepare its reply on its own motion.

Again, given the failure of Frito-Lay to meaningfully confer regarding these requests, any motion it filed would not comply with Local Rule 7.1.

To date, Snyder's-Lance has accommodated multiple extension requests that enlarged Frito-Lay's time on the summary judgment briefing by more than three months. Frito-Lay now seeks a further extension to address objections that Snyder's-Lance first lodged on December 20, 2018. If there were particular documents that Frito-Lay believed it needed to file its opposition and reply briefs, it was incumbent upon Frito-Lay not to wait until mid-February, after it already had obtained two extensions with our consent, to attempt to manufacture a discovery dispute to obtain yet more time. Accordingly, Snyder's-Lance opposes Frito-Lay's proposed suspension of the briefing schedule.

Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Tuesday, February 12, 2019 1:20 PM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; Giulio Yaquinto; Diana Rausa; 'Alice Richey'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; "Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thank you, we look forward to receiving the responsive documents from Darla Misier.

Regarding the consumer communications responsive to Request No. 7 that were not retained, we intend to file a motion with the court to provide appropriate sanctions for Plaintiffs' spoliation of evidence. Emails and letters from consumers are highly relevant to the issues in this matter and should have been retained while litigation was ongoing, and the records and summaries that Plaintiffs produced are not adequate substitutes for that information.

Additionally, it appears that we are at an impasse with respect to documents responsive to Frito-Lay's Requests for Production Nos. 15 and 16, which Plaintiffs have refused to produce even with search term limitations. As such, we plan to file a motion to compel production of documents responsive to Request Nos. 15 and 16. Because we are approaching yet another deadline for Frito-Lay's summary judgment reply and response briefs, we also intend to ask the Court to

suspend the briefing deadlines in the case at least until the motion to compel is resolved and any required documents have been produced.

Based on our previous conversations, we assume that Plaintiffs are opposed to the motions described above, but please let us know if that is not the case (particularly with respect to the suspension of briefing deadlines). We intend to file our motions later this week.

Best regards,
David

**David E. Armendariz**
Associate
512-482-5237 (direct)

**Pirkey Barber** PLLC

---

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Tuesday, February 12, 2019 10:07 AM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

I provided a detailed explanation regarding Request No. 7 in my email of January 25. If there is something about that explanation you do not understand, please let me know and I will try to clarify it.

Although our client maintains its previously asserted objections to Request No. 7, subject to and without waiving those objections, Snyder's-Lance will produce documents from Darla Misier that are responsive to Request No. 7. We expect to produce those documents before the end of this week.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, February 06, 2019 4:31 PM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; 'Alice Richey'; Diana Rausa; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

We write to confirm our understanding with respect to the documents responsive to our Request No. 7, specifically consumer communications (including letters, emails, and online submissions) referencing "pretzel crisp(s)" or "crisp(s)" during the time periods specified below:

- Close of discovery at the TTAB until 2013: Original communications from consumers were retained and are in the possession of custodian Darla Misier.
- 2013 to 2014: Employees entered reports of consumer complaints and coupon requests (but not all consumer communications) into a spreadsheet, and Plaintiffs did not retain underlying communications.
- 2014 through 2016: Employees entered reports of consumer communications into a Microsoft Sharepoint site, and Plaintiffs did not retain underlying communications.
- 2017 to present: Consumer comment submissions entered through Snyder's-Lance's online submission form are automatically transferred into a consumer relations database. To the extent Plaintiffs received emails and letters during this time, employees reported the communications into the database, and Plaintiffs did not retain the underlying emails and letters.

If our understanding is incorrect, please let us know. As for the documents from custodian Darla Misier, please let us know as soon as possible whether Plaintiffs will agree to produce those documents and, if so, when you expect that production to be completed.

Best regards,
David Armendariz


**David E. Armendariz**
Associate
512-482-5237 (direct)

**Pirkey**Barber PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Wednesday, February 06, 2019 6:33 AM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

Our client has confirmed that the documents of Darla Misier – the custodian who was identified during the TTAB proceedings as being responsible for monitoring consumer communications for the Pretzel Crisps brand – have been retained. We are working on determining the volume and discussing with our client whether it will waive its objections to Request No. 7 and produce those documents. As you know, Snyder's-Lance objected to Request No. 7 – which sought "documents in which consumers use the term 'crisp,' 'crisps,' 'pretzel crisp,' and/or 'pretzel crisps' in lowercase letters" – in its entirety. Among other objections, those documents are not "***directly related*** to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions." Nevertheless, in an effort to accommodate Frito-Lay's request, Snyder's-Lance already has produced documents reflecting thousands of consumer communications from 2013 through 2018. Frito-Lay also has the documents that Snyder's-Lance produced in the TTAB from before discovery ended in or around February 2012. The documents that Snyder's-Lance already produced reflect that consumers have used both lowercase and uppercase letters when referencing the Pretzel Crisps brand. There is no reason to believe that documents from Ms. Misier from nearly seven years ago would reflect anything different.

With respect to Request Nos. 15 and 16, my January 14, 2019 email stated that Snyder's-Lance maintained its objections to those Requests and Snyder's-Lance did not agree to search the 11,377 emails that hit on the term "pretzel crisps" that were sent to or received from email addresses at our client's social media agency (which also handles search engine optimization for our client).  The search terms identified in your latest email have no apparent relevance to Request Nos. 15 (which seeks documents related to the management of social media) or 16 (which seeks documents related to search optimization practices). Rather, the search terms appear targeted specifically towards documents related to this litigation, including potentially privileged documents, untethered to Request Nos. 15 or 16. The search terms also do not address Snyder's-Lances objections to overbreadth, and they do not satisfy the particularity requirement of Federal Rule of Civil Procedure 34(b)(1)(a). Snyder's-Lance maintains its objections to Request Nos. 15 and 16.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Tuesday, February 05, 2019 12:15
**To:** Kagan, Jared I.
**Cc:** Bill Barber; 'Alice Richey'; Diana Rausa; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@ellswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Hi Jared,

I just wanted to follow up on my email below regarding consumer communications prior to 2013 (responsive to RFP No. 7).  Can you tell me if those documents were retained and will be produced?

As for RFP Nos. 15 and 16, we propose that you apply the following search terms to the 11,377 emails you have already identified as responsive to those requests (with "*" representing a wildcard operator) and produce any documents that hit on those terms:

- **Frito**
- **court**
- **lawsuit**
- **litigat***
- **oppos***
- **cancel***
- **eviden***
- **"secondary meaning"**
- **distinctive***
- **generic***

Let us know if you want to discuss these search terms. If they are acceptable, please let us know when you think you can produce responsive documents.

Thank you,
David

**David E. Armendariz**
Associate
512-482-5237 (direct)

**Pirkey**Barber PLLC

---

**From:** David Armendariz
**Sent:** Tuesday, January 29, 2019 12:22 PM
**To:** 'Kagan, Jared I.' <jikagan@debevoise.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thank you for the explanations below. You indicated that "Prior to 2013, and during the TTAB proceedings, one custodian was identified as being responsible for monitoring consumer communications for the Pretzel Crisps brand." Communications from that custodian from the period from the close of discovery to the change in practice in 2013 are responsive to our request—were these documents retained, and will you be producing them?

Thanks,
David

**David E. Armendariz**
Associate
512-482-5237 (direct)

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Friday, January 25, 2019 10:30 AM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

In response to your questions regarding Request No. 7, as you note, Snyder's-Lance kept track of certain consumer communications in the normal course of business.  In January 2017, Snyder's-Lance launched a webpage with an online submission form that served as the primary means for consumers to communicate with Snyder's-Lance.  Since January 2017, website submissions are automatically logged in a consumer relations database.  Around January 2017, Snyder's-Lance stopped publicly displaying an email address as a way for customers to contact Snyder's-Lance.  Accordingly, although Snyder's-Lance continues to receive occasional emails from customers, the vast majority of consumer communications since January 2017 have come through the website or telephone calls.  Consumer affairs specialists manually log telephone calls in the database.  There are no underlying documents for these forms of communication.  To the extent the consumer relations department receives emails or letters from consumers, its normal business practice is to copy and paste the verbatim communications into the database, without retaining the underlying written communication.

Previously, from 2014 until the consumer relations database was implemented in January 2017, Snyder's-Lance's normal business practice was to log all consumer communications in a Microsoft SharePoint site, without retaining the underlying communication. As part of the migration to the consumer relations database, consumer communications from January 2016 to December 2016 were migrated to the database. In 2013, Snyder's-Lance's normal business practice was to track consumer complaints and coupon requests in a spreadsheet, without retaining the underlying written communication.  Prior to 2013, and during the TTAB proceedings, one custodian was identified as being responsible for monitoring consumer communications for the Pretzel Crisps brand.  Since then, the company has moved to the more centralized systems described herein for tracking consumer communications relating to many of Snyder's-Lance's brands.

Let us know if you have any additional questions.

Thanks,
Jared



**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** Kagan, Jared I.
**Sent:** Wednesday, January 23, 2019 6:57 PM
**To:** 'David Armendariz'
**Cc:** 'Bill Barber'; 'Alice Richey'; 'Diana Rausa'; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; 'PB File Copy'
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

David,

Thank you for following up. With respect to your questions regarding Request No. 7, I expect to be back to you tomorrow.

In regard to the requested extension, respectfully, the fact that the deadline is a week and a half away without Frito-Lay having received all of the documents is a result of Frito-Lay's own delay. Frito-Lay waited nearly three weeks before questioning Snyder's-Lance's objections to Request No. 7 that were served on December 20. Before the February 1 deadline was agreed upon, Frito-Lay was well aware of the time that it had to serve requests, obtain documents, and file its briefs.

We also agree that the discovery process in this case is a bit unusual, which is due largely to Frito-Lay's decision to move for summary judgment without first having a schedule set in the case and without first consulting with us to discuss a reasonable schedule for summary judgment briefing. Of course, that was Frito-Lay's prerogative, but it is the reason we find ourselves in this unusual posture.

All of that said, Snyder's-Lance has no desire to engage in disputes over extensions. We have two concerns, however, with the proposed extension. First, as you know, the Court already has set oral argument for March 7 on the pending motions (which would occur before Snyder's-Lance's time to file a reply brief), and we are reluctant to ask the Court to reschedule the argument date that it set. Second, in November when we consented to Frito-Lay's request to extend the current deadline to February 1, Frito-Lay agreed that if Snyder's-Lance needed a reasonable extension of its deadline to file a reply, Frito-Lay would agree to such a reasonable extension. Although we have not yet seen Frito-Lay's opposition brief, given that by March 1 Frito-Lay will have had over three months to prepare its brief, we expect that Snyder's-Lance will need more than the one week permitted under the rules to file its reply. How would you propose teeing this up for the Court?

Regards,
Jared

**Debevoise & Plimpton**

**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, January 23, 2019 5:02 PM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; 'Alice Richey'; Diana Rausa; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Hi Jared,

I just wanted to follow up with you on our request for an extension. We are planning to file the motion tomorrow, so please let us know by 12pm (Eastern Time) if your clients will consent to the motion.

Best regards,
David Armendariz


**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

---

**From:** David Armendariz
**Sent:** Tuesday, January 22, 2019 4:55 PM
**To:** 'Kagan, Jared I.' <jikagan@debevoise.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Jared,

Thank you for your email. With respect to Request No. 7, we expected that consumer communications were something that Snyder's-Lance and its affiliates would keep track of in the normal course of business, and we did not expect that Snyder's-Lance would have to "comb through all of its files" to find communications from consumers. Indeed, as you indicate, they have kept some sort of record of consumer communications going back to 2016, and it looks like they have kept records of some, though perhaps not all, records going back to 2013. As I said before, we appreciate you agreeing to produce these spreadsheets, but what we still don't understand is what happened to the actual consumer communications since the close of discovery at the TTAB, and whether such communications were destroyed. We still don't think we have received a straightforward answer on this. If the documents simply no longer exist, then there is no point in arguing over relevance and proportionality here, but we would like an explanation as to why they were not preserved.

As to your point regarding Frito-Lay's position on the relevance of additional discovery and Frito-Lay's opportunity to take discovery before filing its MSJ, it is true that Frito-Lay took the position in its Motion that the genericness question should be decided on the TTAB record. But in response to the Motion, Plaintiffs filed thousands of pages of additional evidence that they claim is relevant to Frito-Lay's Motion. The information we seek is directly related to evidence submitted by Plaintiffs and necessary to confront it should the Court disagree with us on its relevance.

As for the requested extension, we are only a week and a half away from our deadline, and as you note, we are still discussing documents responsive to Request No. 7. Additionally, we have not yet received all of the documents you have agreed to produce with respect to Request No. 7, and we do not currently know when we can expect those documents or what the volume and content will look like. I don't mention this as a criticism of the speed with which you are producing—we appreciate your cooperation in this regard so far, and we have no reason to believe that you are not working diligently to produce them. But given the fact that we will need to review what you eventually produce, as well as complete our ongoing review of the 2,000+ documents produced last Friday and resolve the outstanding issues with respect to Request No. 7, we would rather not wait until the last minute to seek an extension. The discovery process in this case is a bit unusual to say the least, and we think it is reasonable to expect that some flexibility might be required to accommodate it. That said, we have no interest in delaying this case, and if we are able to file before March 1 to keep this case moving along we certainly intend to do so.

We are hopeful that Plaintiffs will agree to the requested extension, so please let us know their answer as soon as possible so we can get the motion on file with enough time. In the meantime, we look forward to receiving the spreadsheets you have agreed to produce, as well as the explanation regarding the remaining documents responsive to Request No. 7.

Thank you,
David

**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Tuesday, January 22, 2019 2:19 PM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>; PB File Copy <filecopy@pirkeybarber.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C) [DF-AMER.FID1471618]

Dear David,

In response to your question regarding the consumer communications, as I stated in my January 18 email, that practice began in 2016. Communications received by email, telephone, online submission and letter were and are logged in the database.

For the reasons explained in Snyder's-Lance's objections that were served on December 20, 2018, and in our subsequent communications, Snyder's-Lance does not agree to comb through all of its files to uncover every communication it has received from a consumer that contains the words "pretzel crisps." Snyder's-Lance did not agree to undertake such a search in the proceedings before the TTAB. Rather, in response to Request 17 of Frito-Lay's First Request for Production in the TTAB for "all documents that contain or refer to communications or comments from consumers regarding Applicant's PRETZEL CRISPS Mark or products or services offered or planned to be offered under the mark," Snyder's-Lance agreed to produce "representative documents . . . reasonably responsive to Request No. 17, and which specifically involve consumer communications regarding the branding of Applicant's PRETZEL CRISPS product."

The scope of the documents Snyder's-Lance now has agreed to produce in response to Request No. 7 – which requested only documents in which consumers use certain terms in lowercase letters – is broader than what Snyder's-Lance agreed to produce at the TTAB. The production you received on Friday includes over 2,000 verbatim communications from consumers regarding "Pretzel Crisps" (in both upper and lower case) that Snyder's-Lance's consumer relations department received. The spreadsheets from 2013-2016 which we agreed this past Friday to produce will contain additional communications.

Although we are trying to be accommodating to reach a compromise, we reject the assertion that the documents that Frito-Lay is seeking through Request No. 7 are directly related to, and necessary to evaluate, the evidence that Snyder's-Lance submitted in support of its motion for summary judgment and in its opposition to Frito-Lay's motion. Consumer perception always has been a central issue in this case. Frito-Lay had the opportunity to seek discovery on this issue before filing its motion for summary judgment, but took the position that "additional discovery and evidence [was] not necessary," and that the record was complete. [D.E. 28-1 at 1]. In light of the 2,000 communications you already have received and the additional communications we have agreed to produce, it is difficult to see how the burden of searching for and producing any additional documents in response to Request No. 7 is proportional to any marginal probative value of those documents, or how such additional documents are specifically needed to rebut the statements submitted by Snyder's-Lance's declarants.

In light of the above, we would like to understand the reason for the request for a 1-month extension of the February 1 deadline. When we originally agreed to the extension from November 12 to February 1, the possibility of additional discovery was contemplated and accounted for in the schedule. Snyder's-Lance timely served its responses and objections to Frito-Lay's document requests on December 20 and at that time objected to Request No. 7 – the only request we are continuing to discuss – in its entirety. Frito-Lay did not raise any questions about that objection until nearly three weeks later on January 9. Since then, we have promptly addressed your questions and have produced additional documents.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Monday, January 21, 2019 11:08 AM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; 'Alice Richey'; Diana Rausa; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael; Beutler, Jeremy C.; PB File Copy
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. (FRIT007C)

Jared,

We have a few questions and concerns about the information in your email below. First, you indicated that in 2016, Snyder's-Lance "began logging Pretzel Crisps consumer communications in the Snyder's-Lance consumer relations database." We are not clear on what this means. When exactly did this practice begin? Does this "database" consist only of comments submitted through the online form at the "Email Us" section of the Snyders-Lance website? What happened to any correspondence from consumers sent by mail, email (including to info@pretzelcrisps.com), or any other methods, before and after this change? If such correspondence is no longer in Plaintiffs' possession, please explain why it was not preserved.

Next, you indicated that "[b]etween 2013 and 2016, summary records of customer complaints regarding Pretzel Crisps were maintained in spreadsheets," and you agreed to produce those spreadsheets. While we appreciate this, our request encompasses all consumer communications, not just complaints, and not summary records. Accordingly, we must insist that Plaintiffs produce all consumer correspondence from the relevant timeframe as requested (except that as discussed previously, Plaintiffs need not limit their search and production based on capitalization). If such documents existed previously but are no longer in Plaintiffs' possession, we again request an explanation as to why they were not preserved while litigation was ongoing. We also note the records promised from this timeframe in your email below do not appear to have been produced on Friday, so we assume those documents are still forthcoming.

Finally, we respectfully disagree with your assertion that "identifying and producing additional documents, if any, reflecting customer communications is unduly burdensome and not proportionate to the needs of the case." This request is nearly identical to documents requested and produced during the TTAB proceeding. Further, it is difficult to see how you could claim these documents are not proportionate to the needs of the case when Plaintiffs themselves have argued that "[t]he controlling legal standard requires the [C]ourt . . . to assess *the purchasing public's perception*" of the term "pretzel crisps." *See* Plaintiffs' Memorandum of Law in Opposition to Frito-Lay's Motion for Summary Judgment at 11. We also disagree with your interpretation of the limiting nature of the Parties' IAC report with respect to discovery, but even if discovery were so limited, Plaintiffs submitted a great deal of evidence purporting to reflect consumer comments and perceptions regarding the term "pretzel crisps" since the close of discovery in the TTAB proceedings (*see, e.g.*, Plaintiffs' Memorandum of Law in Opposition to Frito-Lay's Motion for Summary Judgement at 7 ("The new evidence Plaintiffs submit includes media and industry usage of PRETZEL CRISPS as a brand name"); Declaration of Elliot Beaver (assessing "a recent sample of consumer references to Pretzel Crisps" in Twitter results); Declaration of Christopher Lauzau (including exhibits containing consumer comments in blogs, product reviews, etc.); Declaration of Rachel M. Sasser ("Snyder's-Lance's field marketing teams have traveled the country interacting with consumers to promote the PRETZEL CRISPS brand"); Declaration of John O'Donnell (claiming that "consumers seek out Pretzel Crisps and use the name to refer exclusively to Snyder's-Lance's pretzel cracker products"); Declaration of Mark Finocchio (claiming "customers and retailers do not use the term 'pretzel crisps' to describe a category of foods"); Declaration of Salvatore D'Agostino (claiming that "consumers refer to the category of products to which Pretzel Crisps belong as 'crackers,' or more generally, 'deli snacks'")). Based on this evidence, Plaintiffs claim that "PRETZEL CRISPS" "is understood by the relevant public as a trademark" (see Plaintiffs' Cross-Motion for Summary Judgment at 1) and that "consumers recognize PRETZEL CRISPS as a brand name" (see Plaintiffs' Memorandum of Law at 6). The documents we seek are directly related to, and necessary to evaluate and impeach, that type of evidence and arguments.

Please let us know as soon as possible whether Plaintiffs will agree to produce all documents responsive to Request No. 7, and if so when we can expect the remainder of those documents. Also, if there are responsive documents that no longer exist or are no longer in Plaintiffs' possession, please provide an explanation regarding such documents.

Additionally, Frito-Lay's deadline to file its reply in support of its MSJ and its response to Plaintiffs' MSJ is fast approaching on February 1. Frito-Lay would appreciate your clients' consent to an extension of that deadline to March 1, 2019. As noted above, it sounds like some documents that Plaintiffs have agreed to produce are still forthcoming, and we will need some time to review those documents and the ones produced last Friday. We will also need time to review any other documents produced in response to Request No. 7. Please let us know if Plaintiffs will consent to this extension.

Best regards,
David Armendariz

**David E. Armendariz**
Associate
512-482-5237 (direct)

**Pirkey Barber** PLLC

---

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Friday, January 18, 2019 5:19 PM
**To:** David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; Diana Rausa <drausa@pirkeybarber.com>; Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>; Beutler, Jeremy C. <jcbeutler@debevoise.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc.

Dear David,

We will agree to remove the "Confidential" designations from the documents you have identified, and will re-produce new versions of those documents in our production today.

In addition, with respect to your questions regarding Request No. 7, in 2016 after Snyder's-Lance consolidated certain of its brand operations, it began logging Pretzel Crisps consumer communications in the Snyder's-Lance consumer relations database. Between 2013 and 2016, summary records of customer complaints regarding Pretzel Crisps were maintained in spreadsheets.  In addition to the reports Snyder's-Lance has agreed to produce dating back to August 2016, it will agree to produce the spreadsheets from 2013–2016.  Identifying and producing additional documents, if any, reflecting customer communications is unduly burdensome and not proportionate to the needs of the case, particularly given that the parties agreed to discovery that "will be limited to that which is directly related to, and necessary to evaluate, any declarations and accompanying exhibits to [the parties'] respective dispositive motions."

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, January 16, 2019 1:06 PM
**To:** Kagan, Jared I.
**Cc:** Bill Barber; 'Alice Richey'; Diana Rausa; Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Thanks, Jared.

With respect to Request No. 7, where are the actual documents and emails that include communications from consumers regarding Plaintiffs' "pretzel crisps" products? Were they destroyed? Also, why does the database only go back to August 2016? Were records created between the close of discovery at the TTAB and August 2016 destroyed? If so, can you please explain why these documents and records were not preserved while litigation was ongoing in this matter?

Additionally, documents Bates-labeled SLPC_00000001-00000006; 00000026-00000038; 00000057-00000074; 00000076-00000078; 00000080-00000088; and 00000090-00000092 have been marked "Confidential." Many of these documents are very similar, and in some cases identical, to materials submitted by Plaintiffs in support of their opposition to Frito-Lay's Motion for Summary Judgment and their own Motion for Summary Judgment (See, e.g., Exhibits 5, 6, and 7 to the Declaration of Rachel Sasser). As such, pursuant to Section 18 of the Protective Order entered by the Court, we object to the designation of these materials as "Confidential." Can you please let us know if you will agree to remove the "Confidential" designations with respect to these materials, or alternatively let us know which of these materials are in fact confidential and why.

We look forward to hearing from you.

Thanks,
David


**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Monday, January 14, 2019 5:31 PM
**To:** David Armendariz <darmendariz@pirkeybarber.com>; Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>
**Cc:** Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Dear David,

With respect to Request No. 7, our client maintains a consumer relations database that includes communications from consumers dating back to August 2016. Individual documents are not maintained in the database, but spreadsheet reports can be generated that reflect the content of the communications received by our client. Subject to the objections contained in our December 20, 2018 responses, our client will agree to produce spreadsheets with

communications from the database that hit on the search terms "pretzel crisps" or "pretzel crisp." We expect to produce those documents this week.

Our client is confirming whether any additional documents are responsive to Request Nos. 2 and/or 3. If such additional documents do exist, we do not anticipate them being more than a handful.

Aside from the documents referenced above, we do not anticipate making any further productions.

With respect to the investigation of the communications referenced in our responses and objections to Request Nos. 15 and 16, there are 11,377 emails that hit on the term "pretzel crisps" that were sent to or received from an email address at our client's social media agency (which also handles search engine optimization for our client). Our client maintains its objections to Request Nos. 15 and 16, and does not agree to produce any additional documents in response to those requests.

Please let us know if you have any questions.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**
jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Wednesday, January 09, 2019 3:17 PM
**To:** Kagan, Jared I.; Bill Barber; 'Alice Richey'
**Cc:** Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'; Li, Michael
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Jared,

Thank you, we received the documents referenced below.

I wanted to follow up with you about your clients' responses and objections to our document requests (attached). In particular, in Request No. 7, we requested "[a]ll documents in which consumers use the term 'crisp,' 'crisps,' 'pretzel crisp,' and/or 'pretzel crisps' in lowercase letters in connection with Plaintiffs' 'PRETZEL CRISPS' products." Plaintiffs objected and refused to search for or produce responsive documents, in part because "producing such correspondence . . . would require a time-consuming and expensive search . . . ." In light of that position, we request that Plaintiffs instead produce all correspondence to and from consumers regarding Plaintiffs' "PRETZEL CRISPS" products in the relevant timeframe, and we are happy to search through it ourselves. Your client has produced this class of information before in the TTAB proceeding, so we trust this will not be an issue.

Additionally, your client's responses and objections to our requests reference an "initial" production that was to occur once the protective order has been filed. Additionally, in response to some of the requests, Plaintiffs have indicated that their investigation is continuing. Does that mean that more documents will be produced on a rolling basis? If so, do you have an estimate as to when Plaintiffs expect to complete their investigations and make their final production (including the consumer correspondence referenced above)?

Best regards,
David Armendariz



**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

---

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Tuesday, January 08, 2019 11:23 AM
**To:** David Armendariz <darmendariz@pirkeybarber.com>; Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>
**Cc:** Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>; Li, Michael <mli@debevoise.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Counsel,

Shortly you will receive a secure file transfer with documents bearing production numbers SLPC_00000001 - SLPC_00000100. You will receive one email creating an account for you to access the platform, and a second email when the documents have been transferred. At that time you can download them. The password for the encrypted document file is REDACTED(this is in addition to the separate password you will need to set up to access the file-sharing platform).

Please note the file contains documents designated either Confidential or Highly Confidential pursuant to the Protective Order entered by the Court on January 8, 2019. Snyder's-Lance, Inc. and Princeton Vanguard LLC reserve the right to amend the confidentiality designation of these documents.

Please let us know if you have any trouble accessing the documents.

Regards,
Jared

**Debevoise**
**&Plimpton**

**Jared I. Kagan**

jikagan@debevoise.com
+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** David Armendariz [mailto:darmendariz@pirkeybarber.com]
**Sent:** Friday, January 04, 2019 9:26 PM
**To:** Kagan, Jared I.; Bill Barber; 'Alice Richey'
**Cc:** Bernstein, David H.; Pastore, James J.; McGregor, Michael C.; 'Jon Sasser'; 'Sarah Kaufman'; ''Alex Pearce' (Alex.Pearce@elliswinters.com)'
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Hi Jared,

Happy New Year.  Apologies for the delay.  We are ok with the protective order, so please feel free to file it (Monday is fine at this point, of course).  Have a nice weekend.

Thanks,
David


**David E. Armendariz**
Associate
512-482-5237 (direct)

**PirkeyBarber** PLLC

**From:** Kagan, Jared I. [mailto:jikagan@debevoise.com]
**Sent:** Friday, January 04, 2019 10:20 AM
**To:** Bill Barber <bbarber@pirkeybarber.com>; 'Alice Richey' <alice@alexanderricks.com>; David Armendariz <darmendariz@pirkeybarber.com>
**Cc:** Bernstein, David H. <dhbernstein@debevoise.com>; Pastore, James J. <jjpastore@debevoise.com>; McGregor, Michael C. <mcmcgregor@debevoise.com>; 'Jon Sasser' <Jon.Sasser@elliswinters.com>; 'Sarah Kaufman' <Sarah.Kaufman@elliswinters.com>; ''Alex Pearce' (Alex.Pearce@elliswinters.com)' <Alex.Pearce@elliswinters.com>
**Subject:** RE: Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc. [DF-AMER.FID1471618]

Alice, Bill, and David,

I hope you all had a wonderful holiday season and that the new year is off to a great start.

I am writing to follow up on the draft of the stipulated protective order. We are preparing a production to send once the protective order is entered by the Court. If you agree to the protective order that we circulated on December 20 and the filing of the joint motion and stipulated order with Alice's electronic signature, we can go ahead and get that on file today.

Thanks,
Jared



**Jared I. Kagan**
jikagan@debevoise.com

+1 212 909 6598 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

**From:** Alex Pearce [mailto:Alex.Pearce@elliswinters.com]
**Sent:** Thursday, December 20, 2018 2:35 PM
**To:** Bill Barber; 'Alice Richey'; David Armendariz
**Cc:** Bernstein, David H.; Pastore, James J.; Kagan, Jared I.; McGregor, Michael C.; Jon Sasser; Sarah Kaufman
**Subject:** Snyder's-Lance, Inc. et al v. Frito-Lay North America, Inc.

Alice, Bill, and David,

Attached for service on Frito-Lay are Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production

I've also attached a proposed stipulated protective order, along with a proposed joint motion seeking its entry by the Court. Please let us know if you agree to the protective order and to our filing of the joint motion on the parties' behalf, in which case we'll get it on file with the Court.

Hope you all have a wonderful holiday.

Best regards,
Alex

**Alex Pearce**
alex.pearce@elliswinters.com
P 919.865.7019 | F 919.865.7010



4131 Parklake Avenue, Suite 400 | Raleigh, NC 27612
P.O. Box 33550 | Raleigh, NC 27636
bio | elliswinters.com | map

CONFIDENTIALITY NOTICE: This electronic mail message contains confidential information intended only for the person(s) named. Any use, distribution, copying, or disclosure by another person is strictly prohibited.