IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
Civil Action No.: 3:17-CV-00652

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br><br> Defendant. | **DECLARATION OF JEANETTE S. ZIMMER** |

I, Jeanette S. Zimmer, declare as follows:

1. I am a Senior Director–Trademark Counsel for Frito-Lay North America, Inc. ("Frito-Lay"), the Defendant in this action. I have been in this role since 2008. I am responsible for deciding whether to challenge trademark applications and registrations at the United States Patent and Trademark Office on behalf of Frito-Lay.

2. On May 15, 2009, I filed a Notice of Opposition against U.S. Application Serial No. 77/192,054 to register PRETZEL CRISPS (stylized).

3. On July 2, 2010, I authorized the filing of a Notice of Opposition against U.S. Application Serial No. 76/700,802 to register PRETZEL CRISPS.

4. On September 10, 2010, I authorized the filing of a Petition to Cancel U.S. Supplemental Registration No. 2,980,303 for PRETZEL CRISPS.

5. My decision to file these Notices and Petition was based on the genericness of the term "pretzel crisps" and the prospective harm to Frito-Lay and others in the snack-food industry

1

that would result—namely, that registration could hinder others in the industry from using a generic name in connection with their own goods.

6. At the time of filing the Notices and Petition, I was not aware of any discussions between Frito-Lay and any other party regarding potential acquisition of Princeton Vanguard's business or alleged brand. I eventually learned that such discussions occurred later, but on information and belief, such discussions were likely initiated by Princeton or a representative of Princeton as its private equity firm was soliciting potential buyers for the business. Any discussions between business teams responsible for mergers and acquisitions occurred sometime in 2011 or later, well after the filing of the Notices and Petition. In any event, my role is limited to the evaluation and management of trademarks for Frito-Lay, and my decisions regarding the Notices and Petition were not influenced or affected by activities in other departments at Frito-Lay.

7. Plaintiffs statement in their Complaint that Frito-Lay was pursuing the oppositions and cancellation at the TTAB "in an effort to make the brand less attractive to the other companies who were considering the acquisition" is untrue. *See* Doc. 1 ¶ 5.

8. Plaintiffs' statement in their Memorandum of Law in Support of Cross-Motion for Summary Judgment that Frito-Lay was "threatened by the commercial success of the PRETZEL CRISPS brand" is untrue. *See* Doc. 35, at 1.

9. Plaintiffs' statement in their Memorandum of Law in Support of Cross-Motion for Summary Judgment that Frito-Lay "opposed Princeton Vanguard's application" in 2009 "at the same time it was bidding to acquire the PRETZEL CRISPS brand" is untrue. *See* Doc. 35, at 1.

2

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of June, 2019, in Plano, Texas.

_____
Jeanette S. Zimmer

3