IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
Civil Action No.: 3:17-CV-00652

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC.,<br><br>Defendant. | **FRITO-LAY NORTH AMERICA, INC.'S MEMORANDUM ADDRESSING SUBJECT MATTER JURISDICTION** |

On September 27, 2019, the Court directed the parties to file a supplemental memorandum addressing jurisdictional issues, namely, "whether the Plaintiff has waived its right to proceed in District Court by filing the earlier appeal to the Federal Circuit" and whether "Section 1071(b) [can] apply to this action because an appeal was already taken on the same matter to the Federal Circuit." While Defendant ("Frito-Lay") has not located any authority directly addressing the question in the context of appeals from the Trademark Trial and Appeal Board ("TTAB"), analogous case law and statutory authority in the patent context suggests that this Court does not possess subject matter jurisdiction.

Typically, a party dissatisfied with "the decision" of the TTAB has two options for appeal under Section 21 of the Lanham Act, 15 U.S.C. § 1071. The first is to appeal to the United States Court of Appeals for the Federal Circuit on the record before the TTAB, which is the route Plaintiff Princeton Vanguard, LLC ("Princeton") elected after the first TTAB decision in 2014. 15 U.S.C. § 1071(a); Complaint (Doc. 1) ¶ 8. The other option is to appeal by filing a civil action in a United States District Court, which is the route Plaintiffs took after Princeton's second loss at the TTAB, resulting in the present action. *Id.* § 1071(b).

Section 1071 provides in two different subsections that a dissatisfied party's election to appeal to the Federal Circuit constitutes a waiver of its right to appeal to district court. *See id.* § 1071(a)(1) (providing that a party "who is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, may appeal to the United States Court of Appeals for the Federal Circuit *thereby waiving his right to proceed under subsection (b) of this section*" (emphasis added)); *id.* § 1071(b)(1) (providing that a party may have remedy by civil action in district court "*unless appeal has been taken to said United States Court of Appeals for the Federal Circuit*" (emphasis added)). Thus, the relevant question is whether Princeton's decision to appeal the 2014 TTAB decision to the Federal Circuit resulted in a waiver under Section 1071 of its right to appeal the later 2017 TTAB decision in the same case by way of civil action in district court.

The statute itself is not entirely clear on this question. It refers to "the decision" of the TTAB when setting out the options for appeal. *See id.* § 1071(a)(1) & (b)(1) (outlining the appeal options of a party "dissatisfied with the decision" of the TTAB). One reading could suggest that "the" 2014 decision of the TTAB, which was vacated by the Federal Circuit, was a decision entirely distinct from "the" 2017 TTAB decision that Plaintiffs appealed to this Court. Conversely, the portions of Section 1071 on waiver of the right to appeal to district court contain no such reference to "the decision." For example, Section 1071(a)(1) provides that by choosing to appeal to the Federal Circuit, a party "waiv[es] his right to proceed under subsection (b) of this section," with no limitation as to the scope or time limitation of that waiver. Section 1071(b)(1) also states that appeal to district court is not available if "appeal has been taken to said United States Court of Appeals for the Federal Circuit"; the section similarly contains no requirement that the Federal Circuit appeal be of the same decision being appealed to district court to constitute waiver.

Frito-Lay has found no trademark case addressing a situation like the one here, but at least

2

one court has considered an analogous situation in the patent context and determined that it lacked subject matter jurisdiction.[1] In *Beaudet v. Quigg*, Civ. A. No. 86–2876, 1987 WL 16329 (D.D.C. Aug. 14, 1987) (memorandum order), a patent applicant dissatisfied with a decision from the Board of Patent Appeals and Interferences ("Board") first appealed to the Federal Circuit pursuant to 35 U.S.C. § 141, which at the time provided the following:

> An applicant dissatisfied with the decision in an appeal to the Board of Patent Appeals and Interferences under section 134 of this title may appeal the decision to the United States Court of Appeals for the Federal Circuit. *By filing such an appeal the applicant waives his or her right to proceed under section 145 of this title*.

*Id.* at *1 (emphasis added). The Federal Circuit remanded for the Board to clarify whether it had considered certain evidence. After the Board issued a new decision pursuant to the Federal Circuit's instructions, the applicant appealed to the district court alleging jurisdiction under 35 U.S.C. § 145, which at the time provided:

> An applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134 of this title may *unless appeal has been taken to the United States Court of Appeals for the Federal Circuit*, have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia if commenced within such time after the decision, not less than sixty days, as the Commissioner appoints.

*Id.* (emphasis added).

The court began its analysis by describing a party's decision between appeal to the Federal Circuit and appeal to district court as a "binding election," and it rejected the applicant's contention that the Board's remand decision was "a second, distinct decision" that would allow him "to avoid the binding effect of his prior resort to direct appeal." *Id.* The court explained that the Federal

---

[1] The patent parallels to Section 1071 are found in 35 U.S.C. §§ 141 (appeal to Federal Circuit) and 145 (appeal to district court), and they are generally interpreted to operate similarly to Section 1071, including in the Fourth Circuit. *See Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 155–56 (4th Cir. 2014) (applying Supreme Court precedent interpreting the patent parallels to Section 1071 trademark appeal).

Circuit merely asked the Board for clarification and that "the Board did not 'redecide' the case, or even reconsider its earlier decision." *Id.* The court also noted that the Federal Circuit expressed its intention to reach the merits of the appeal, and thus found that the Federal Circuit did not surrender its appellate jurisdiction over the matter. *Id.* & n.3. Nevertheless, the court provided an explanation regarding whether the appellant could ever elect a different route of appeal after remand:

> Indeed, the statutory language involved casts doubt on whether, under any circumstances, there can be multiple 'decisions' on an applicant's appeal of the rejection of a particular application. Both 35 U.S.C. § 141 and 35 U.S.C.A. § 145 refer to 'the decision of the Board' rather than 'a' decision of the Board, suggesting that the Board's initial affirmance of an examiner's decision (reversals will not be appealed further), as well as any subsequent reconsideration, *should be considered a single decision of the Board*. Such an interpretation yields the entirely reasonable rule that when the Federal Circuit reverses a decision of the Board and remands for further proceedings, *any subsequent appeals must be directed to the court which has already developed the 'law of the case.'*

*Id.* n.2 (emphasis added). Accordingly, the court dismissed the case for lack of subject matter jurisdiction. *Id.* at *2.

The logic applied by the *Beaudet* court applies to Plaintiffs' appeal of the 2017 TTAB decision here, especially considering that many courts, including the Fourth Circuit, interpret Section 1071 similarly to its patent analogues. *Swatch*, 739 F.3d at 155–56. The *Beaudet* court's expression of the "entirely reasonable rule" that subsequent appeals by a party[2] in a case should go back to the court that remanded it makes particular sense here considering the nature of Plaintiffs' claims in this Court. In their Complaint, Plaintiffs do not attack the 2017 TTAB decision

---

[2] Some courts have held that one party's election to appeal to the Federal Circuit does not necessarily foreclose *the adverse party's* appeal of a subsequent decision to district court when that adverse party loses for the first time on remand. *See, e.g., Gillette Co. v. '42' Prods. Ltd.*, 435 F.2d 1114, 1117 (9th Cir. 1970) ("In the first appeal, [applicant] was the prevailing party below and saw no need to invoke the special processes of the district court as opposed to appeal before the C.C.P.A. It had no way of knowing that it required a hearing in a civil action until it became the loser in the second decision."); *Tibbets Indus., Inc. v. Knowles Elecs., Inc.*, 386 F.2d 209 (7th Cir. 1967) (holding similarly under similar factual circumstances in a patent appeal). However, those cases are inapposite here where the same party filed both appeals.

4

solely on its own merits, but also as an allegedly incorrect implementation of the Federal Circuit's decision, referring in several places to what they allege are failures to follow the Federal Circuit's "direction(s)" or "instructions."  *See* Complaint [Doc. 1] at ¶¶ 10, 32, 35.  Plaintiffs similarly attack the 2017 TTAB decision in their summary judgment briefs in this Court.  *See* Doc. 33 at 8 (alleging that the TTAB did not comply with the Federal Circuit's "expectations"); *id.* at 27 (referring to the TTAB's allegedly "erroneous legal position" that Plaintiffs' claim "disregard[s] the Federal Circuit's direction"); *see also* Doc. 35 at 9 (criticizing the TTAB's analysis as contrary to "the Federal Circuit's instructions"); *id.* at 25 (alleging that the TTAB did not follow "the Federal Circuit's direction").[3]

While the jurisdictional question presented by the Court appears to be one of first impression in the trademark context, analogous case law in the patent context shows that a dissatisfied party that has already appealed to the Federal Circuit must take future appeals following remand back to the Federal Circuit and has waived its right to appeal to a district court. Because the trademark and patent appeal statutes are generally interpreted to operate similarly, the same principle should apply here. Accordingly, this Court should dismiss Plaintiffs' appeal of the 2017 TTAB decision.

---

[3] As the Court noted, Plaintiffs also alleged in their summary judgment papers that the Federal Circuit's decision established some "law of the case" that the TTAB, and even this Court, is bound to follow. Although Frito-Lay disagrees (*see* Doc. 72 at 9 n.5), Plaintiffs' allegations further demonstrate why their appeal should properly have been brought in the Federal Circuit so that court could apply any "law of the case" it supposedly created.

5

Case 3:17-cv-00652-KDB-DSC   Document 81   Filed 10/10/19   Page 5 of 6

solely on its own merits, but also as an allegedly incorrect implementation of the Federal Circuit's decision, referring in several places to what they allege are failures to follow the Federal Circuit's "direction(s)" or "instructions."  *See* Complaint [Doc. 1] at ¶¶ 10, 32, 35.  Plaintiffs similarly attack the 2017 TTAB decision in their summary judgment briefs in this Court.  *See* Doc. 33 at 8 (alleging that the TTAB did not comply with the Federal Circuit's "expectations"); *id.* at 27 (referring to the TTAB's allegedly "erroneous legal position" that Plaintiffs' claim "disregard[s] the Federal Circuit's direction"); *see also* Doc. 35 at 9 (criticizing the TTAB's analysis as contrary to "the Federal Circuit's instructions"); *id.* at 25 (alleging that the TTAB did not follow "the Federal Circuit's direction").[3]

While the jurisdictional question presented by the Court appears to be one of first impression in the trademark context, analogous case law in the patent context shows that a dissatisfied party that has already appealed to the Federal Circuit must take future appeals following remand back to the Federal Circuit and has waived its right to appeal to a district court. Because the trademark and patent appeal statutes are generally interpreted to operate similarly, the same principle should apply here. Accordingly, this Court should dismiss Plaintiffs' appeal of the 2017 TTAB decision.

---

[3] As the Court noted, Plaintiffs also alleged in their summary judgment papers that the Federal Circuit's decision established some "law of the case" that the TTAB, and even this Court, is bound to follow. Although Frito-Lay disagrees (*see* Doc. 72 at 9 n.5), Plaintiffs' allegations further demonstrate why their appeal should properly have been brought in the Federal Circuit so that court could apply any "law of the case" it supposedly created.

This the 10th day of October 2019.     Respectfully submitted,


   /s/ Alice C. Richey
Alice C. Richey
N.C. State Bar No.: 13677
Nathan A. White
N.C. State Bar No.: 48684
ALEXANDER RICKS PLLC
1420 East 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone:     (980) 335-0720
Facsimile:     (704) 365-3676
alice@alexanderricks.com
nathan@alexanderricks.com

William G. Barber (admitted *pro hac vice)*
David E. Armendariz (admitted *pro hac vice*)
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: (512) 482-5223
Facsimile: (512) 322-5201
bbarber@pirkeybarber.com
darmendariz@pirkeybarber.com