UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:17-CV-00652-KDB-DSC |
| FRITO-LAY NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

**SUPPLEMENTAL MEMORANDUM ADDRESSING SUBJECT MATTER
JURISDICTION UNDER 15 U.S.C. § 1071**

Plaintiffs Snyder's-Lance, Inc. ("Snyder's-Lance") and Princeton Vanguard, LLC ("Princeton Vanguard"), submit this supplemental memorandum in response to the Court's September 27, 2019 order requesting briefing on "whether the Plaintiff has waived its right to proceed in District Court by filing the earlier appeal to the Federal Circuit and can Section 1071(b) apply to this action because an appeal was already taken on the same matter to the Federal Circuit." Email from Irving Brenner, Law Clerk to Judge Kenneth D. Bell, to counsel.

The Court has jurisdiction pursuant to 15 U.S.C. § 1071(b). Section 1071 affords a party dissatisfied with any particular decision of the Trademark Trial and Appeal Board ("TTAB") the right to file a civil action in federal court or to appeal to the U.S. Court of Appeals for the Federal Circuit. That choice is available as to *each* decision of the TTAB; the path of appeal chosen with respect to one decision does not bind a party with respect to a subsequent decision.

I. **Procedural History**

  A. **The First TTAB Decision and the First Appeal**

In 2005, Princeton Vanguard applied to register the PRETZEL CRISPS trademark with the United States Patent and Trademark Office ("USPTO") by filing U.S. Trademark Application

1

Serial No. 78/405,596.  The USPTO Trademark Examiner ("Trademark Examiner") permitted registration on the Supplemental Register but denied registration on the Principal Register because the mark was descriptive.  (Reg. No. 2,980,303).  In 2009, Princeton Vanguard re-applied for registration on the Principal Register on the basis that PRETZEL CRISPS had acquired secondary meaning.  (Serial No. 76/700,802).  The Trademark Examiner found the mark now merited registration on the Principal Register, and the PRETZEL CRISPS mark was published for opposition on May 4, 2010.  (Serial No. 76/700,802).

On July 2, 2010, Defendant Frito-Lay opposed registration on the grounds that PRETZEL CRISPS was generic or, in the alternative, lacked secondary meaning.  *See Frito-Lay N. Am., Inc. v. Princeton Vanguard, LLC*, 109 U.S.P.Q.2d (BNA) 1949, 1950 (T.T.A.B. 2014).  After a trial on the papers, the TTAB found PRETZEL CRISPS generic, but did not reach the issue of whether the mark had acquired secondary meaning.  *See id.* at 1959.  Plaintiffs appealed that decision to the Federal Circuit pursuant to Section 1071(a).  The Federal Circuit vacated and remanded.  *Princeton Vanguard, LLC v Frito-Lay N. Am., Inc.*, 786 F.3d 960 (Fed. Cir. 2015).

### B.  The Second TTAB Decision and the Present Action

On remand, the TTAB issued a second decision finding PRETZEL CRISPS generic and, in the alternative, concluding that the mark was descriptive and had not acquired secondary meaning.  *Frito-Lay N. Am., Inc. v. Princeton Vanguard, LLC*, 124 U.S.P.Q.2d 1184, 1204–06 (T.T.A.B. 2017).  On November 6, 2017, Plaintiffs filed a civil action in this Court seeking review of that second decision pursuant to Section 1071(b).

### II.   The Court has Subject Matter Jurisdiction Over this Civil Action Concerning the TTAB's Second Decision.

Under Section 1071, a party dissatisfied with a decision of the TTAB may pursue one of two forms of review:  an appeal to the Federal Circuit pursuant to Section 1071(a) or a civil

2

Case 3:17-cv-00652-KDB-DSC   Document 82   Filed 10/10/19   Page 2 of 5

action in district court pursuant to Section 1071(b).  A party's election to pursue review in one forum as to one TTAB decision has no effect on the party's ability to pursue review of a subsequent TTAB decision in a different forum—the TTAB's subsequent decision after remand provides the dissatisfied party with a new and independent opportunity to choose the form of review.  *See Gillette Co. v. '42' Prods. Ltd.,* 435 F.2d 1114, 1118 (9th Cir. 1970).

The Ninth Circuit's decision in *Gillette* is directly on point, and Plaintiffs are aware of no authority to the contrary.  In *Gillette*, '42' Products Limited ("42 Products") filed an application to register the mark EXECUTIVE, and Gillette Co. ("Gillette") opposed the application before the TTAB.  435 F.2d at 1115.  The TTAB dismissed the opposition, and Gillette appealed to the Court of Customs and Patent Appeals ("CCPA"), the predecessor to the Federal Circuit.  *Id.*  Pursuant to Section 1071(a)(1), 42 Products was entitled to elect that the appeal proceed in the form of a civil action in district court, but it chose not to exercise that option.  *Id.*  The CCPA subsequently concluded that the TTAB had erred on the merits and remanded the case to the TTAB.  On remand, the TTAB ruled for Gillette and sustained the opposition in a second decision.  *Id.*  42 Products then filed a civil action pursuant to Section 1071(b) seeking review of that second decision.  *Id.*  In that civil action, Gillette argued that, because 42 Products had not previously elected to proceed under Section 1071(b), 42 Products permanently waived its right to bring a civil action as to the second decision.  *Id.*  The District Court disagreed and found 42 Products did not waive the right to file a civil action.  *Id.*  Gillette appealed to the Ninth Circuit. *Id.*

The Ninth Circuit affirmed and held that the "waiver of a civil suit in the federal district court as to the first [TTAB] decision does not constitute a waiver as to the second [TTAB] decision as well."  *Id.* at 1116.  The court noted that the text of Section 1071 supported the

3

proposition that a party's earlier decision was binding only as to the appeal from the *first* TTAB decision. Although, the court explained, it is true that "[o]nce the dissatisfied party has chosen a path of appeal from a particular decision, he cannot seek to pursue the other," the word "decision" refers to each independent adjudication made by the TTAB. *Id.*; *see Tibbetts Indus. Inc. v. Knowles Elecs., Inc.*, 386 F.2d 209, 212 (7th Cir. 1967) (observing that "[n]o violence is done to [a parallel provision under the Patent Act] by reading the word 'decision' to refer to every independent adjudication made by the Board"); *see also William T. Burnett & Co. v. Gen. Tire & Rubber Co.*, 454 F. Supp. 794 (D. Md. 1978) ("Either party can require the other to accept *de novo* review in district court, rather than review by the Court of Customs and Patent Appeals." (citing *Tibbetts*, 386 F.2d at 209)).[1]

The Ninth Circuit further noted that legislative history supported its holding: "[W]hen [Congress] changed these two methods of appeal from successive to alternate remedies, [it] retained both" because each offers unique advantages for a litigant. *Id.* at 1117. The choice between the two available fora depends upon the status of the litigant's case and "[t]here is no reason to deny the benefits of that choice when conditions have changed and the entire decision-making process has begun again" after a subsequent TTAB decision. *Id.* at 1118 (quoting *Tibbetts*, 386 F.2d at 213).

Finally, the court observed that Gillette had "no case law squarely in its favor," and rejected its reliance on "implied policies of judicial economy and 'mandate.'" *Id.* at 1116-17. As the court explained, "[b]y allowing an appeal from a second decision to a different reviewing

---

[1] The Ninth Circuit in *Gillette* relied on *Tibbetts* in reaching its decision. *Gillette*, 435 F.2d at 1117. Courts have long recognized the parallels between the review procedure provisions in the Patent Act and Lanham Act. *See id.* at 1116 ("we have noted, the remedies in trademark cases have generally followed review provisions in patent statutes"); *see also Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 155–56 (4th Cir. 2014) (construing review procedures under trademark law consistently with patent law).

body [42 Products] is getting an appeal in only one forum as Congress intended." *Id.* at 1117.

The leading trademark treatise further confirms Plaintiffs' reading of Section 1071. It explains that "[a]n election to go to the Federal Circuit does not bind a party through all subsequent decisions of the USPTO . . . . [T]he choice of the forum on review need only be made per decision, not per case." 3 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 21:20 (5th ed.); *see also* 15B Fed. Proc. Forms § 64:421 (same).

Here, Plaintiffs appealed the first TTAB decision to the Federal Circuit. The Federal Circuit vacated the TTAB's decision and remanded. Following the TTAB's second decision, Plaintiffs, as the dissatisfied parties, were entitled to pursue either an appeal to the Federal Circuit or a civil action. *See Gillette,* 435 F.2d at 1116–17. As was their right, Plaintiffs elected to seek review of that second decision in this forum.

For the reasons set forth above, Plaintiffs did not waive their right to proceed in this Court pursuant to section 1071(b), and the Court has subject-matter jurisdiction over this case.

Respectfully submitted this 10th day of October, 2019.

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP<br>David H. Bernstein*<br>James J. Pastore*<br>Jared I. Kagan*<br>Jeremy C. Beutler*<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6696<br>dhbernstein@debevoise.com<br>jjpastore@debevoise.com<br>jikagan@debevoise.com<br>jcbeutler@debevoise.com | WYRICK ROBBINS YATES & PONTON LLP<br><br>/s/ Alexander M. Pearce<br>Alexander M. Pearce<br>N.C. State Bar No. 37208<br>4101 Lake Boone Trail, Suite 300<br>Raleigh, North Carolina 27607<br>Telephone: (919) 781-4000<br>apearce@wyrick.com |

*admitted *pro hac vice*

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*