UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br><br> Defendant. | Case No. 3:17-CV-00652-KDB-DSC |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this Notice of Supplemental Authority pursuant to Local Civil Rule 7.1(j) in further support of their Cross-Motion for Summary Judgment [D.E. 34] and in opposition to Defendant's Motion for Summary Judgment [D.E. 28]. Since the parties completed summary judgment briefing on or about August 28, 2019, the Supreme Court decided *U.S. Patent and Trademark Office v. Booking.com B.V.*, 140 S. Ct. 2298 (2020), and held that whether a term is generic must be determined by reference to consumers' perception, and rejected a *per se* rule of genericness. Plaintiffs promptly bring this supplemental authority to the Court's attention following the Court's reopening of the case on April 23, 2021. Below are the reasons for the supplemental citation, with corresponding references to the pages of the briefs containing the parties' relevant arguments:

| Reason for Supplemental Citation | Reference to Briefing |
|---|---|
| The Court affirmed the decision of the Court of Appeals for the Fourth Circuit, which affirmed the district court's holding on summary judgment that "booking.com" is not generic. *Id.* at 2308–09. | Pls.' Reply Supp. Summ. J. [D.E. 78] at 3, 5, 6, 7, 8, 10, 11, 14 (references to Fourth Circuit's decision); Pls.' Mem. Supp. Summ. J. [D.E. 35] at 12, 13, 14, 18 (references to district court's decision); Pls.' Mem. Opp'n Summ. J. [D.E. 33] at 8, 9, 12, 13, 15, 22 |

1

| Reason for Supplemental Citation | Reference to Briefing |
|---|---|
| | (references to district court's decision). |
| The Court explained that, "for a compound term, the distinctiveness inquiry trains on the term's meaning as a whole, not its parts in isolation." *Id.* at 2304. | Pls.' Mem. Opp'n. Summ. J. [D.E. 33] at 11-12; Pls.' Mem. Supp. Summ. J. [D.E. 35] at 13–14; Pls.' Reply Supp. Summ. J. [D.E. 78] at 10; Def.'s Mem. Supp. Summ. J. [D.E. 28-1] at 6–7, 17, 20–21. |
| The Court confirmed that "[e]vidence informing that inquiry [on the question of genericness] can include not only consumer surveys, but also dictionaries, usage by consumers and competitors, and any other source of evidence bearing on how consumers perceive a term's meaning." *Id.* at 2307 n.6. | Pls.' Mem. Supp. Summ. J. [D.E. 35] at 14–16 (references to evidence of media usage); Pls.' Mem. Opp'n. Summ. J. [D.E. 33] at 14 (same); Pls.' Mem. Supp. Summ. J. [D.E. 35] at 16–18 (references to industry usage); Pls.' Mem. Supp. Summ. J. [D.E. 35] at 18–20 (references to consumer survey). |
| The Court stated that the the "oft-repeated principle that 'no matter how much money and effort the user of a generic term has poured into promoting the sale of its merchandise . . ., it cannot deprive competing manufacturers of the product of the right to call an article by its name' . . . presupposes that a generic term is at issue." *Id.* at 2306 (citation omitted) (first ellipses in original; second ellipses added). | Def.'s Reply Supp. Summ. J. [D.E. 72] at 20–21, 24. |

Respectfully submitted, this 28th day of April, 2021.

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP<br>David H. Bernstein*<br>James J. Pastore*<br>Jared I. Kagan*<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6696<br>dhbernstein@debevoise.com<br>jjpastore@debevoise.com<br>jikagan@debevoise.com | WYRICK ROBBINS YATES & PONTON LLP<br><br>/s/ Alexander M. Pearce<br>Alexander M. Pearce<br>N.C. State Bar No. 37208<br>4101 Lake Boone Trail, Suite 300<br>Raleigh, North Carolina 27607<br>Telephone: (919) 781-4000<br>apearce@wyrick.com |

*admitted *pro hac vice*

*Counsel for Plaintiffs Snyder's-Lance, Inc. and Princeton Vanguard, LLC*