IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:17-CV-00652

SNYDER'S-LANCE, INC. and PRINCETON VANGUARD, LLC,

    Plaintiffs,

v.

FRITO-LAY NORTH AMERICA, INC.,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(j), Defendant Frito-Lay North America, Inc. submits this Response to Plaintiffs' Notice of Supplemental Authority (Doc. 92), filed on April 28, 2021. This Response is intended to clarify or provide context for Plaintiffs' quotations from *U.S. Patent and Trademark Office v. Booking.com B.V.*, 140 S. Ct. 2298 (2020), where the Supreme Court rejected a *per se* rule that a mark consisting of a generic term combined with a generic top-level domain like ".com" is necessarily generic. Below is a table containing the supplemental citations.

| **Plaintiffs' Citation** | **Responsive Citation** |
|---|---|
| *Id.* at 2308–09. | In affirming the Fourth Circuit's decision, the Court explained that "[t]he PTO challenge[d] the judgment below on a sole ground: It urge[d] that, as a rule, combining a generic term with '.com' yields a generic composite." *Id.* at 2308. The Court "decline[d] a rule of that order, one that would largely disallow registration of 'generic.com' terms." *Id.* By the time the case was at the Supreme Court, "[t]he PTO no longer dispute[d]" the previous courts' |

| | |
|---|---|
| | determination that "[c]onsumers do not in fact perceive the term 'Booking.com'" as referring to a class of services. *Id.* at 2305. |
| *Id.* at 2304. | The Court also confirmed the "principle" that "[a] compound of generic elements is generic if the combination yields no additional meaning *to consumers* capable of distinguishing the goods or services." *Id.* at 2306 (emphasis in original). |
| *Id.* at 2307 n.6 | The Court further explained that "[s]urveys can be helpful evidence of consumer perception but require care in their design and interpretation"; the Court also noted that "such issues are not here entailed, for the PTO does not contest the lower courts' assessment of consumer perception in this case." *Id.* at 2307 n.6. <br><br> In her concurrence, Justice Sotomayor commented that "flaws in a specific survey design, or weaknesses inherent in consumer surveys generally, may limit the probative value of surveys in determining whether a particular mark is descriptive or generic in this context. But I do not read the Court's opinion to suggest that surveys are the be-all and end-all. As the Court notes, sources such as 'dictionaries, usage by consumers and competitors, and any other source of evidence bearing on how consumers perceive a term's meaning' may also inform whether a mark is generic or descriptive." *Id.* at 2309 (Sotomayor, J., concurring). |
| *Id.* at 2306. | The Court immediately added, "[b]ut the PTO's only legal basis for deeming 'generic.com' terms generic is its mistaken reliance on *Goodyear*." *Id.* at 2307. |

This the 30th day of April, 2021.

/s/ *Alice C. Richey*
Alice C. Richey
NC State Bar No. 13677
Nathan A. White
NC State Bar No. 48684
ALEXANDER RICKS PLLC
1420 E. 7th St., Suite 100
Charlotte, North Carolina 28204
Telephone: (704) 365-3656
Facsimile: (704) 365-3676
alice@alexanderricks.com
nathan@alexanderricks.com

William G. Barber*
David E. Armendariz*
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: (512) 322-5200
Facsimile: (512) 322-5201
bbarber@pirkeybarber.com
darmendariz@pirkeybarber.com

*Attorneys for Defendant*

* admitted *pro hac vice*